1  William M. Audet (SBN 117456)
     waudet@audetlaw.com
2  "David" Ling Y. Kuang (SBN 296873)
     lkuang@audetlaw.com
3  Kurt D. Kessler (SBN 327334)
     kkessler@audetlaw.com
4  **AUDET & PARTNERS, LLP**
   711 Van Ness Avenue, Suite 500
5  San Francisco, CA 94102-3275
   Telephone:  (415) 568-2555
6  Facsimile:   (415) 568-2556

7  *Attorneys for Plaintiff Elliott Lam, on behalf of himself and all others similarly situated*
8
9  [Additional Counsel on Signature Block]

10                     **UNITED STATES DISTRICT COURT**

11                     **NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of other members of the general public similarly situated, | |
| Plaintiff, | |
| v. | **Case No. 3:22−CV−07336−JSC** |
| SAM BANKMAN-FRIED, CAROLINE ELLISON, and GOLDEN STATE WARRIORS, LLC, | **ADMINISTRATIVE L.R. 7-11 MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED** |
| Defendants. | |
| | [N. D. CAL. CIVIL L.R. 3-12] |
| THIS DOCUMENT RELATES TO: | |
| | Judge:  Jacqueline Scott Corley |
| *Pierce v. Bankman-Fried et al.,* Case No. 3:22−cv−07444−JSW | Trial Date:    None set |
| *Hawkins v. Bankman-Fried et al.,* Case No. 3:22−cv−007620−TSH | Action Filed:  November 20, 2022 |
| *Jessup v. Bankman-Fried, et al.,* Case No. 4:22-cv-07666-DMR | |

TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD, **PLEASE TAKE NOTICE** that pursuant to Civil Local Rules ("L.R.") 3-12 and 7-11, Plaintiff Elliot Lam, in this instant matter, *Lam v. Bankman-Fried et al.*, No. 3:22-cv-07336-JSC, hereby respectfully moves this Court to consider whether the recently filed cases should be related to this action, the lowest numbered case, filed on November 20, 2022. Plaintiff Lam seeks an order to relate the below cases (*see* Section I, *infra*), because all identified cases (1) involve the same or similar parties, property, transactions, or events; (2) call for determination of the same or substantially related questions of law and therefore may result in conflicting rulings before different Judges; and (3) entail unduly burdensome duplication of labor and expense. *See generally*, Civil L.R. 3-12.

## I. RELEVANT FACTUAL BACKGROUND

In November 2022, the general public witnessed an unprecedented collapse of a leading cryptocurrency exchange, known as Futures Exchange, Ltd. ("FTX"). FTX was run by Defendant Bankman-Fried and, as alleged, involve improper conduct by Defendant Caroline Ellison through related cryptocurrency trading firm Alameda Research, LLC ("Alameda"). The Defendants made assurances regarding the safety and efficacy of FTX as an investment platform, assurances that were plainly false. Plaintiff investors like Plaintiff Lam suffered harm and thereafter filed lawsuits alleging that the conduct surrounding the promotion and operation of FTX induced individuals into investing and resulted in the loss of invested money.

Many actions recently filed in this District relate to these events in and around November 2022. Plaintiff Lam identifies the below list of cases filed in this District that should be related pursuant to Civil L.R. 3-12 for the reasons discussed herein.

|   | Case Name | Case No. | Date Filed |
|---|---|---|---|
| 1 | *Lam v. Bankman Fried et al.* | 3:22-cv-07336-JSC | Nov. 20, 2022 |
| 2 | *Pierce. v. Bankman-Fried et al.* | 4:22-cv-07444-JSW | Nov. 23, 2022 |
| 3 | *Hawkins v. Bankman-Fried, et al.* | 3:22-cv-07620-TSH | Dec. 2, 2022 |
| 4 | *Jessup v. Bankman-Fried, et al.* | 4:22-cv-07666-DMR | Dec. 5, 2022 |

## II. LEGAL STANDARD FOR RELATING CASES

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in the District as defined in Civil L.R. 3-12(a), the party must *promptly* file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b) (emphasis added). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

### III.  THE ACTIONS SHOULD BE RELATED

The *Lam* action involves substantially the same subject matter as, and overlaps defendants with, the *Pierce, Hawkins, and Jessup* cases. Under the Civil L.R. 3-12(a)'s standard, the listed cases should be related.

**Same Event:** The promotion and collapse of FTX

The cases all arise from the same common operative facts – the actions taken by Bankman-Fried and other named Defendants to promote FTX to investors and consumers, as well as the eventual collapse of FTX as a result of Defendants' actions. Every complaint contains these same factual allegations describing or alluding to the real-life narrative about the intense promotion of FTX and its eventual collapse. *Compare*, Declaration of Kurt Kessler ("Kessler Decl.") Ex. 1 ("*Lam* Compl.") at ¶¶ 22-37, Ex. 2 ("*Pierce* Compl.") at ¶¶ 33-57, Ex. 3 ("*Hawkins* Compl.") at ¶¶ 28-45, Ex. 4 ("*Jessup* Compl.") at ¶¶ 47-53. Thus, these matters clearly satisfy Civil L.R. 3-12(a)(1) to be related, as they indisputably concern the same event and operative facts – the actions taken by defendants and the subsequent shutdown of the FTX platform that began in November 2022.

**Substantially Same Parties:** Sam Bankman-Fried and Caroline Ellison

The listed cases have the same or overlapping defendants: Sam Bankman-Fried and Caroline Ellison are present as Defendants in all three cases. *See Lam* Compl.; *see also Pierce* Compl.; *Hawkins* Compl.; *Jessup* Compl. Each complaint challenges the conduct Bankman-Fried and Caroline Ellison in relation to the promotion and operation of FTX and Alameda. *See Lam* Compl. at ¶¶ 41-42; *see also Pierce* Compl. at ¶¶ 85-86; *Hawkins* Compl. at ¶ 42; *Jessup* Compl at ¶ 33.

Moreover, each named plaintiff seeks to certify a similar class of investors generally defined as those who deposited and invested money with FTX in the U.S. and/or internationally and thus were damaged as a result of the collapse. *See Lam* Compl. ¶ 59; *see also Pierce* Compl. ¶ 136; *Hawkins* Compl. ¶ 46; *Jessup* Compl. ¶ 59. Thus, these matters further satisfy Civil L.R. 3-12(a)(1) and should be related because they concern the same operative Defendants and overlapping class members.

**Same or Similar Claims:** Raising Common Questions of Law and Overlapping Discovery

All the actions allege claims involving conspiracy or fraud among the Defendants related to the promotion and operation of FTX – with three alleging conspiracy and three alleging fraud or fraudulent concealment. *Lam* Compl. ¶¶ 91-106, *Pierce* Compl. ¶¶ 130-134; *Hawkins* Compl ¶¶ 68-85, *Jessup* Compl. ¶¶ 66-77. Additionally, two actions allege California statutory violations under the Unfair Competition Law and the False Advertising Law. *Lam* Compl. ¶¶ 91-106; *Hawkins* Compl ¶¶ 68-85.

In these matters, there is an obvious focus on causes of actions that relate to the compensation for consumers and investors as a result of the alleged misconduct of Defendants Bankman-Fried, Ellison, other executives at FTX and associated individuals and entities. Similar legal questions will therefore arise, for example, over whether Defendants' individually and collectively defrauded investors; whether Defendants violated consumer protection statutes; and whether Defendants' actions amounted to fraud and/or conspiracy.

Moreover, because the underlying facts surrounding the cases are the same, most (if not all) of the discovery sought in these cases will overlap in regard to the common named Defendants, particularly Bankman-Fried and Ellison, and the common actions taken during the same narrow period of time (FTX was only founded in mid-2019). Accordingly, Plaintiffs in these related actions likely will seek the same or similar discovery from Defendants and non-parties, and the Defendants likely will proffer common factual and legal defenses and expert witnesses in each of the cases, thus rendering separate actions before different courts unduly duplicative, burdensome, and likely to result in conflicting results should they continue before different judges. Specifically, without relation, there is a risk of inconsistent rulings that may relate to the applicability of contractual clauses or the legality of Defendants' conduct.

Thus, Civil L.R. 3-12(a)(2) necessitates the relating of these cases because otherwise the overlapping questions of law and discovery will impose an unduly burdensome duplication of labor and

expense upon Plaintiffs and Defendants, or worse yet, conflicting rulings and results if the cases are conducted before different Judges. Further, these cases should be related because doing so will significantly advance the interests of judicial economy; this Court faces the prospect of 4 (and likely more in the future) separate class actions related to the exact same set of facts. These related matters satisfy Civil L.R. 3-12(a)(2).

## IV.   CONCLUSION

A simple reading of the initial factual allegations of every complaint provides a clear rationale for relating these cases together – every single complaint seeks to advocate for FTX's users, in the face of Defendants Bankman-Fried, Ellison, and other named defendants acting or conspiring to defraud and harm investors on the FTX platform. Every single complaint seeks to represent a wide ranging and broad class in an effort to vindicate their rights and restore what Defendants took from them. Every single complaint names Bankman-Fried and Ellison as Defendants. Every single complaint focuses on the events of November 2022. These cases represent no longer just a risk, but the extreme likelihood of burdensome duplication of labor and expense and potential inconsistent judicial determinations regarding the same issues. For the foregoing reasons, Plaintiff Lam respectfully requests that the Court order these cases identified herein related to *Lam v. Bankman-Fried et al.*, No. 3:22-cv-07336-JSC, the lowest numbered case.

Dated:  December 12, 2022             Respectfully submitted,

By: *s/ William M. Audet*

William M. Audet (CA SBN 117456)
Ling Y. Kuang (CA SBN 296873)
Kurt D. Kessler (CA SBN 327334)
   waudet@audetlaw.com
   lkuang@audetlaw.com
   kkessler@audetlaw.com
AUDET & PARTNERS, LLP
   711 Van Ness Avenue, Suite 500
   San Francisco, CA 94102-3275
   Telephone:    (415) 568-2555
   Facsimile:     (415) 568-2556

Robert L. Lieff (CA SBN 037568)
   rlieff@lieff.com
   P.O. Drawer A
   Rutherford, California 94573

Edward LEHMAN (IL SBN 6194489)*
  elehman@lehmanlaw.com
Jacob BLACKLOCK (TX SBN 24079835)*
  jblacklock@lehmanlaw.com
LEHMAN, LEE & XU LLC (Saipan #25977-001-1)
  c/o LEHMAN, LEE & XU
  Suite 3313, Tower One, Times Square
  1 Matheson Street, Causeway Bay, Hong Kong
  Telephone:   (852) 3588-2127
  Facsimile:    (852) 3588-2088

*Pro hac vice forthcoming*

*Counsel for Plaintiff Elliott Lam, individually and on behalf of all others similarly situated*