| | |
|---|---|
| 1 | |
| 2 | |
| ... | |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM BANKMAN-FRIED, CAROLINE ELLISON, and GOLDEN STATE WARRIORS, LLC,<br><br>Defendants. | Case No. 3:22-cv-07336-JSC<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL LOCAL RULES 3-12 AND 7-11**<br><br>Judge:   Jacqueline Scott Corley<br><br>Trial Date:    None set<br>Action Filed:  November 20, 2022 |
| THIS DOCUMENT RELATES TO:<br><br>*Pierce v. Bankman-Fried et al.*,<br>Case No. 4:22-cv-07444-JSC<br><br>*Hawkins v. Bankman-Fried et al.*,<br>Case No. 3:22-cv-07620-JSC<br><br>*Jessup v. Bankman-Fried et al.,*<br>Case No. 4:22-cv-07666-JSC<br><br>*Papadakis v. Bankman-Fried, et al.*,<br>Case No. 3:23-cv-00024-JSW | |

Plaintiff Julie Chon Papadakis has filed an Administrative Motion Pursuant to Consider Whether Cases Should be Related Pursuant to Civil Local Rules 3-12 and 7-11 (the "Motion"). The time for filing an opposition or statement of support to the Motion has passed.

The Court finds that *Papadakis v. Bankman-Fried et al.*, Case No. 3:23-cv-00024-JSW (the "*Papadakis* Action") is related to the first four above-captioned actions that the Court previously ordered related in ECF No. 10 in *Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC (the "*Lam* Action"). Accordingly, having considered the Motion, as well as the pleadings on file, and good cause appearing, the Court hereby **GRANTS** the Motion.

The Court further **ORDERS** the Clerk to relate the *Papadakis* Action to the first four above-captioned actions that were previously ordered related pursuant to ECF No. 10 in the *Lam* Action. Accordingly, the following actions are ordered related pursuant to Civil L.R. 3-12(a):

1. *Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC (filed November 20, 2022);
2. *Pierce v. Bankman-Fried et al.*, Case No. 4:22-cv-07444-JSC (filed November 23, 2022);
3. *Hawkins v. Bankman-Fried et al.,* Case No. 3:22-cv-07620-JSC (filed December 2, 2022);
4. *Jessup v. Bankman-Fried et al.*, Case No. 4:22-cv-07666-JSC (filed December 5, 2022); and
5. *Papadakis v. Bankman-Fried et al.*, Case No. 3:23-cv-00024-JSW (filed January 3, 2023).

The *Papadakis* Action shall be reassigned to this Court and the docket shall reflect the action as *Papadakis v. Bankman-Fried et al.*, Case No. 3:23-cv-00024-JSC for all future filings.

Specifically, the parties are instructed that all future filings in any reassigned case are to bear the initials of the newly assigned judge immediately after the case number. Any case management conference in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the conference, disclosures and report required by Federal Rules of Civil Procedure 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge;

any deadlines set by the ADR Local Rules remain in effect; and any deadlines established in a case management order continue to govern, except dates for appearance in court, which will be rescheduled by the newly assigned judge.

**IT IS SO ORDERED.**

DATED: _____

_____
Honorable Jacqueline Scott Corley
United States District Judge