1   Yaman Salahi (SBN 288752)
    **EDELSON PC**
2   150 California Street, 18th Floor
    San Francisco, California 94111
3   Telephone:  (415) 212-9300
    Facsimile:  (415) 373-0943
4   Email: *ysalahi@edelson.com*

5   Laurence D. King (SBN 206423)
    **KAPLAN FOX & KILSHEIMER LLP**
6   1999 Harrison Street, Suite 1560
    Oakland, CA  94612
7   Telephone: (415) 772-4700
    Facsimile:  (415) 772-4707
8   Email: *lking@kaplanfox.com*

9   Jennifer Pafiti (SBN 282790)
    **POMERANTZ LLP**
10  1100 Glendon Avenue, 15th Floor
    Los Angeles, CA 90024
11  Telephone:  (310) 405-7190
    Email: *jpafiti@pomlaw.com*

12

13  *Proposed Interim Co-Lead Counsel*

14  [Additional counsel on signature page]

William M. Audet (SBN 117456)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3229
Telephone:  (415) 568-2555
Facsimile:  (415) 568-2556
Email: *waudet@audetlaw.com*

*Proposed Liaison Counsel and Chair of
Executive Committee*

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| ELLIOT LAM, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-07336-JSC <br> <u>**Class Action**</u> |
| Plaintiff, | |
| v. | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO CONSOLIDATE, TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE** |
| SAM BANKMAN-FRIED, CAROLINE ELLISON, and GOLDEN STATE WARRIORS, LLC, | |
| Defendants. | |
| | **Honorable Jacqueline Scott-Corley** |
| STEPHEN PIERCE, individually and on behalf of all others similarly situated, | Case No. 3:22-cv-07444-JSC |
| Plaintiff, | |
| v. | |
| SAMUEL BANKMAN-FRIED, CAROLINE ELLISON, ZIXIAO "GARY" WANG, NISHAD SINGH, ARMANINO, LLP, and PRAGER METIS CPAS, LLC, | |
| Defendants. | |

*[caption continues on following page]*

| | |
|---|---|
| RUSSELL HAWKINS, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>SAMUEL BANKMAN-FRIED, CAROLINE ELLISON, ZIXIAO "GARY" WANG, NISHAD SINGH, ARMANINO, LLP, and PRAGER METIS CPAS, LLC,<br><br>                     Defendants. | Case No. 3:22-cv-07620-JSC |
| MICHAEL ELLIOTT JESSUP, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>SAMUEL BANKMAN-FRIED, an individual, CAROLINE ELLISON, an individual, NISHAD SINGH, an individual, GARY WANG, an individual, and SAM TRABUCCO, an individual,<br><br>                     Defendants. | Case No. 3:22-cv-07666-JSC |
| JULIE PAPADAKIS, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br><br>v.<br><br>SAMUEL BANKMAN-FRIED, an individual, CAROLINE ELLISON, an individual, NISHAD SINGH, an individual, GARY WANG, an individual, and SAM TRABUCCO, an individual,<br><br>                     Defendants. | Case No. 3:23-00024-JSC |

# TABLE OF CONTENTS

Page

I.      INTRODUCTION.................................................................................................4

II.     LEGAL STANDARD ..........................................................................................6

III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS .......................7

        A.    The Related Actions Involve Many Common Questions of Law and Fact ............7

        B.    Consolidation Will Promote Efficiency and Judicial Economy by
              Preventing Duplicative Discovery, Briefings, and Hearings ................................8

        C.    Granting this Motion Will Not Unduly Prejudice Defendants, Because
              Consolidation will Reduce Their Litigation Burden ............................................9

IV.     THE COURT SHOULD APPOINT THE PROPOSED LEADERSHIP COUNSEL
        AS INTERIM LEADERSHIP ...............................................................................9

        A.    Interim Leadership Would Benefit These Cases. ...............................................10

              1.    Interim Co-Lead Counsel ......................................................................11

                    a.    Edelson PC..................................................................................11

                    b.    Kaplan Fox & Kilsheimer LLP ....................................................11

                    c.    Pomerantz LLP............................................................................12

              2.    Executive Committee Chair and Liaison Counsel ...................................13

                    a.    Audet & Partners LLP .................................................................13

              3.    Executive Committee Members..............................................................14

                    a.    The Hoda Law Firm, PLLC ........................................................14

                    b.    Wites Law Firm...........................................................................15

                    c.    Bronstein, Gewirtz & Grossman, LLC ........................................15

        B.    The Court Should Appoint Interim Liaison and Co-Lead Counsel.....................16

              1.    The work counsel has done in identifying or investigating potential
                    claims in the action...............................................................................16

              2.    Counsel's experience in handling class actions, other complex
                    litigation, and the types of claims asserted in the action. .........................17

                    b.    Kaplan Fox & Kilsheimer LLP (proposed co-lead counsel).........19

                    c.    Pomerantz LLP (proposed co-lead counsel) ................................20

Mot. to Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members

**TABLE OF CONTENTS (cont'd.)**

3. Counsel's knowledge of the applicable law. ...........................................22

4. The resources that counsel will commit to representing the class. ...........23

V. CONCLUSION .............................................................................................................23

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Gallagher v. Bayer AG*,
No. 14-CV-04601-WHO, 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015) ...................... 16

*Imran v. Vital Pharms., Inc.*,
No. 18-CV-05758-JST, 2019 WL 1509180 (N.D. Cal. Apr. 5, 2019) .............................. 7

*In re Google Inc. Cookie Placement Consumer Priv. Litig.*,
No. MDL CIV. 12-2358-SLR, 2012 WL 5833604 (D. Del. Nov. 16, 2012) ................. 23

*In re Google Play Developer Antitrust Litig.*,
No. 3:20-cv-05792, ECF No. 79 at 1 (N.D. Cal. Dec. 11, 2020)...................................... 7

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*,
282 F.R.D. 486 (C.D. Cal. 2012) ............................................................................... 6, 8

*In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*,
No. 20-CV-03184-HSG, 2020 WL 6081722 (N.D. Cal. Oct. 15, 2020)........................... 7

*Mullen v. Wells Fargo & Co.*,
No. C 20-07674 WHA, 2021 WL 965344 (N.D. Cal. Mar. 15, 2021)......................... 6, 8

*Ramirez v. HB USA Holdings, Inc.*,
No. CV 20-9748-JGB(SHKX), 2021 WL 840353 (C.D. Cal. Jan. 15, 2021). ................. 9

**RULES**

Federal Rules of Civil Procedure
Rule 23 Advisory Committee's Notes to 2003 Amendment .............................................. 7
Rule 23(g) ............................................................................................................ 4, 5, 6, 16
Rule 23(g)(1)................................................................................................................... 16
Rule 23(g)(1)(A) ............................................................................................................... 7
Rule 23(g)(1)(B)................................................................................................................ 7
Rule 23(g)(4)..................................................................................................................... 7
Rule 42(a) ............................................................................................................... 4, 6, 7, 8

**OTHER AUTHORITIES**

9A Charles Alan Wright et al.,
Federal Practice and Procedure § 2382 (3d ed.) ............................................................ 7

Manual for Complex Litig.
§ 21.11 (4th ed. 2022).................................................................................................. 7, 9

{00536428;1 }                                  - iv -                    Case No. 3:22-cv-07336-JSC

Mot. to Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members

1

**NOTICE OF MOTION AND MOTION**

2

      **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE**

3

**NOTICE THAT** on March 9, 2023, at 10:00 am, or as soon thereafter as the matter may be heard,

4

in the courtroom of the Honorable Jacqueline Scott Corley, United States District Judge, Northern

5

District of California, Courtroom 8, 19th Floor, 450 Golden Gate Ave., San Francisco, CA 94102,

6

Plaintiffs Michael Elliott Jessup, Elliott Lam, Russell Hawkins, Stephen Pierce, and Julie Papadakis

7

("Plaintiffs"), will, and hereby do, move the Court for an order consolidating the above-captioned

8

cases pursuant to Federal Rule of Civil Procedure 42, and appointing Interim Co-Lead Counsel,

9

Liaison Counsel, and a Plaintiffs' Executive Committee pursuant to Federal Rule of Civil Procedure

10

23. This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

11

Points and Authorities, the concurrently-filed Declaration of William M. Audet and supporting

12

exhibits, the pleadings in the above-captioned matters, oral argument of counsel, and any other

13

materials and argument that may be presented in connection with the hearing of this motion.

14

                             Respectfully submitted,

15

  DATED: February 2, 2023          **AUDET & PARTNERS, LLP**

16

                             By: ___*/s/ William M. Audet*_____
17
                                 William M. Audet

18

                            William M. Audet
                            Ling Yue Kuang
19
                            Kurt David Kessler
                            711 Van Ness Avenue, Suite 500
20
                            San Francisco, CA 94102-3275
                            Telephone: (415) 568-2555
21
                            Email: *waudet@audetlaw.com*
22
                                *lkuang@audetlaw.com*
                                *kkessler@audetlaw.com*
23
                            *Counsel for Plaintiff Lam, and Proposed Liaison*
                            *Counsel and Chair of Executive Committee*

24

  DATED: February 2, 2023          **POMERANTZ LLP**

25

                             By: ___*/s/ Jennifer Pafiti*_____
26
                               Jennifer Pafiti

27

                            1100 Glendon Avenue, 15th Floor
                            Los Angeles, CA 90024
28
                            Telephone: 405-7190
                            Email: *jpafiti@pomlaw.com*

Joshua B. Silverman (*pro hac vice* to be filed)
Christopher Tourek (*pro hac vice* to be filed)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email:  jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Counsel for Plaintiff Hawkins, and Proposed Interim Co-Lead Counsel*

DATED: February 2, 2023

**EDELSON PC**

By:  ___*/s/ Yaman Salahi*_____
      Yaman Salahi

Todd M. Logan (SBN 305912)
Yaman Salahi (SBN 288752)
P. Solange Hilfinger-Pardo (SBN 320055)
Edelson PC
150 California Street, 18th Floor
San Francisco, CA  94111
Telephone: (415) 212-9300
tlogan@edelson.com
ysalahi@edelson.com
shilfingerpardo@edelson.com

Amy Hausmann (*pro hac vice* forthcoming)
Hannah Hilligoss (*pro hac vice* forthcoming)
Edelson PC
350 N La Salle St., 15th Floor
Chicago, IL 60654
Telephone: (312) 589-6370
ahausmann@edelson.com
hhilligoss@edelson.com

*Counsel for Plaintiff Jessup, and Proposed Interim Co-Lead Counsel*

**KAPLAN FOX & KILSHEIMER LLP**

DATED: February 2, 2023

By:  _*/s/ Laurence D. King*_____
      Laurence D. King

Laurence D. King
Kathleen A. Herkenhoff
Blair E. Reed
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  (415) 772-4700
Email: lking@kaplanfox.com
          kherkenhoff@kaplanfox.com
          breed@kaplanfox.com

1                                        Frederic S. Fox (*pro hac vice* filed)

Joel B. Strauss (*pro hac vice* filed)

2                                        Jeffrey P. Campisi (*pro hac vice* filed)

850 Third Avenue, 14th Floor

3                                        New York, NY 10022

Telephone:  212-687-1980

4                                        Email: *ffox@kaplanfox.com*

                                             *jstrauss@kaplanfox.com*

5                                           *jcampisi@kaplanfox.com*

6                                        *Counsel for Plaintiff Papadakis, and Proposed*

                                        *Interim Co-Lead Counsel*

7

8                                        **WITES LAW FIRM**

Marc A. Wites (*pro hac vice* to be filed)

9                                        4400 North Federal Highway

Lighthouse Point, FL 33064

10                                      Telephone: (866) 558-9631

Email: *mwites@witeslaw.com*

11                                      *Counsel for Plaintiff Papadakis, and Proposed*

                                        *Executive Committee Member*

12

13                                      **THE HODA LAW FIRM, PLLC**

Marshal Hoda

14                                      12333 Sowden Road, Suite B, PMB 51811

Houston, TX 77080

15                                      Telephone:  (832) 848-0036

Email: *marshal@thehodalawfirm.com*

16                                      *Counsel for Plaintiff Pierce, and Proposed Executive*

                                        *Committee Member*

17

18                                      **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**

Peretz Bronstein (*pro hac vice* to be filed)

19                                      Eitan Kimelman (*pro hac vice* to be filed)

60 E. 42nd Street, Suite 4600

20                                      New York, NY 10165

Telephone: (212) 697-6484

21                                      Email: *peretz@bgandg.com*

                                        *eitank@bgandg.com*

22                                      *Counsel for Plaintiff Hawkins, and Proposed*

                                        *Executive Committee Member*

23

24

25

26

27

28

{00536428;1 }          - 3 -          Case No. 3:22-cv-07336-JSC

Mот. то Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members

1  **I.      INTRODUCTION**

2          Pursuant to Federal Rules of Civil Procedure 42(a) and 23(g), Plaintiffs Michael Elliott

3  Jessup, Elliott Lam, Russell Hawkins, Stephen Pierce, and Julie Papadakis (collectively,

4  "Plaintiffs") respectfully move to consolidate their respective cases:

5          1.      *Jessup v. Bankman-Fried, et al.*, Case No. 3:22-cv-07666-JSC;

6          2.      *Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC;

7          3.      *Hawkins v. Bankman-Fried, et al.*, Case No. 3:22-cv-07620-JSC;

8          4.      *Pierce. v. Bankman-Fried et al.*, Case No. 3:22-cv-07444-JSC; and

9          5.      *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC (collectively, the

10                  "Related Actions").

11         Plaintiffs collectively bring various causes of action against Defendants revolving around

12 the collapse of the FTX cryptocurrency exchange. In sum, the allegations challenge the scheme

13 spearheaded by Defendant Samuel Bankman-Fried ("Bankman-Fried") and other top-level

14 executives at the FTX exchange and Alameda Research, LLC ("Alameda") to misappropriate FTX

15 deposits and assets and subsequently gamble the money away through risky bet-making or outright

16 theft. The cases include claims against the founders of FTX and Alameda, high-level executives at

17 these and related companies, the outside auditors who reviewed FTX and FTX.US financials

18 (Armanino LLP and Prager Metis CPAs, LLC) and other endorsers or co-conspirators that

19 perpetrated the fraud.

20         While the Related Actions in this District bring a wide-ranging set of claims, they all revolve

21 around the collapse of the FTX exchange and seek redress for the billions of dollars of losses

22 incurred by unsuspecting consumers and investors who were tricked by Mr. Bankman-Fried and the

23 other Defendants into storing their money or assets on the FTX exchange. Given the commonality

24 of factual and legal issues among these cases, consolidation is appropriate here.

25         Plaintiffs also request that this Court enter an order appointing:

26         1.      Edelson PC ("Edelson"), Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and

27                  Pomerantz LLP ("Pomerantz") as Interim Co-Lead Class and Trial Counsel;

28

MOT. TO CONSOLIDATE ACTIONS, APPOINT INTERIM CO-LEAD, LIAISON AND PLTFS' EXEC. COMM. MEMBERS

2.    Audet & Partners LLP ("Audet") as Interim Liaison Counsel and Executive Committee Chair; and

3.    an Executive Committee, including The Hoda Law Firm, PLLC ("Hoda Law"), Wites Law Firm ("Wites"); and Bronstein, Gewirtz & Grossman, LLC ("BG&G") (collectively, the "Proposed Leadership").[1]

This request is joined by the Plaintiffs in the cases captioned *Jessup v. Bankman-Fried, et al.*, Case No. 22-cv-07666-JSC; *Lam v. Bankman Fried et al.*, Case No. 22-cv-07336-JSC; *Hawkins v. Bankman-Fried, et al.*, Case No. 22-cv-07620; *Pierce. v. Bankman-Fried et al.*, Case No. 22-cv-07444; and *Papadakis v. Bankman-Fried, et al.*, Case No. 23-cv-00024-JSC.

The structure of the Proposed Leadership satisfies all of the criteria under Rule 23(g). First, each of the aforementioned firms has already performed substantial work to identify, research and investigate the potential claims in this action, including filing complaints shortly after the precipitating events. Additionally, the Proposed Leadership has extensive experience in handling class actions, mass actions, and complex litigation, including complex litigation against accounting firms and entities in the cryptocurrency landscape. The Proposed Leadership will devote significant resources to thoroughly and efficiently prosecuting this matter on behalf of the class, against several well-funded and sophisticated defendants. The Proposed Leadership firms have also designated experienced attorneys to prosecute these cases, and these firms have served as lead class counsel in dozens of class actions across the country.

Appointing an interim leadership structure will allow the Court to more efficiently adjudicate these Related Actions. Plaintiffs and the proposed Class will benefit as well by facilitating effective coordination between different groups of lawyers, thus making clear to Class Members and Defendants alike who speaks for the proposed Class. A clearly defined leadership structure is particularly appropriate here due to the credible risk, given the current position of the Defendants, that funds could be disbursed through malfeasance. There is also a pending bankruptcy case for FTX

---

[1] Firm resumes for the Proposed Leadership firms are attached as Exhibits 1-7 to the accompanying Declaration of William M. Audet ("Audet Decl.").

in the District of Delaware and liquidation proceedings in the Bahamas, which may present competing claims for many of the funds at issue in the cases before the Court here. *See*, *e.g.*, *In re: FTX Trading Ltd., et al.*, No. 22-11068-JTD (Bankr. D. Del.). It will be necessary for the Proposed Leadership to monitor those proceedings and interface with counsel therein, along with counsel involved in ongoing criminal proceedings against Bankman-Fried and other Defendants, to ensure that the interests of proposed Class Members are protected. To that end, the Proposed Leadership includes a Liaison Counsel that serves more than the typical function of acting as a liaison for the Court, but also crucially for other ancillary proceedings involving the same Defendants.  The Court's adoption of the Proposed Leadership will enable effective coordination and greater efficiency that is necessary at this early stage, so that Plaintiffs can swiftly pursue redress for wronged Class Members and protect their rights.

Finally, Plaintiffs request that this Court enter the [Proposed] Order concurrently filed herewith. Entering the [Proposed] Order will promote orderly litigation and solidify the gains in judicial economy that will be achieved through consolidation and appointment of Interim Co-Lead and Trial Counsel, Interim Liaison Counsel, and members of the Executive Committee.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 42(a) allows the consolidation, including for pretrial purposes, of actions that involve a common question of law or fact. The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Mullen v. Wells Fargo & Co.*, No. C 20-07674 WHA, 2021 WL 965344, at *2 (N.D. Cal. Mar. 15, 2021) (quotation omitted). The ultimate purpose behind consolidation is efficiency, which does not depend on perfectly identical complaints, parties, or legal theories. *Id.*, at *2 (noting complaints need not be "identical for the purposes of consolidation"). "[T]ypically, consolidation is favored." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012).

Rule 23(g)(3) of the Federal Rules of Civil Procedure permits the Court to designate interim class counsel and the "designation of interim [lead] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions,

{00536428;1 }                                         - 6 -                        Case No. 3:22-cv-07336-JSC

Mot. to Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members

1   conducting any necessary discovery, moving for class certification, and negotiating settlement."

2   Manual for Complex Litig. § 21.11 (4th ed. 2022) (hereafter *"Manual"*). "A court should 'designate

3   interim counsel during the pre-certification period if necessary to protect the interests of the putative

4   class.'" *In re S.C. Johnson & Son, Inc. Windex Non-Toxic Litig.*, No. 20-CV-03184-HSG, 2020 WL

5   6081722, at *1 (N.D. Cal. Oct. 15, 2020) (quotation omitted). The "typical situation requiring

6   appointment of interim class counsel is one where a large number of putative class actions have

7   been consolidated or otherwise are pending in a single court." *Imran v. Vital Pharms., Inc.*, No. 18-

8   CV-05758-JST, 2019 WL 1509180, at *10 (N.D. Cal. Apr. 5, 2019) (quotation omitted).

9   In considering a motion to appoint interim lead counsel, a court looks to the factors outlined

10  in Rule 23(g)(1)(A), including: (1) the work proposed interim lead counsel has performed in

11  identifying or investigating the potential claims; (2) counsel's experience with claims of the type

12  asserted in the action; (3) counsel's knowledge of applicable law; and (4) the resources counsel will

13  commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A) (i)-(iv). No single factor is

14  determinative. Fed. R. Civ. P. 23 advisory committee's notes to 2003 amendment. The Court may

15  also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the

16  interests of the class," Fed. R. Civ. P. 23(g)(1)(B), and class counsel must "fairly and adequately

17  represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Courts in this District have also stressed

18  the importance of "making lead counsel opportunities available to a diverse slate of law firms and

19  attorneys." *In re Google Play Developer Antitrust Litig.*, No. 3:20-cv-05792, ECF No. 79 at 1 (N.D.

20  Cal. Dec. 11, 2020).

21  **III.    THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS**

22          **A.  The Related Actions Involve Many Common Questions of Law and Fact**

23          All of the Related Actions share questions of law and fact and are therefore particularly well-

24  suited for consolidation. Fed. R. Civ. P. 42(a); *see also* 9A Charles Alan Wright et al., Federal

25  Practice and Procedure § 2382 (3d ed.) ("[T]he existence of a common question by itself is enough

26  to permit consolidation under Rule 42(a)."). As the previously filed Motions to Relate indicate (Dkt.

27  Nos. 9, 17), the Related Actions arise out of the same events—the November 2022 downfall of FTX

28  and the fraudulent activities that led to the collapse and involve overlapping Defendants in these

{00536428;1 }                                    - 7 -                        Case No. 3:22-cv-07336-JSC

Mot. to Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members

1  actions, people and entities believed to be tied to the fraudulent conduct that caused the exchange

2  to go bankrupt, as well as those who helped conceal the precarity of FTX's financial situation for

3  months, if not years.

4        While these cases allege various claims under several different statutes as well as common

5  law, all of them ultimately sound in fraud or conspiracy to commit fraud. The *Jessup* and *Papadakis*

6  cases both include common law fraud as a cause of action, s*ee Jessup* Dkt. 1, ¶¶ 66-77; *Papadakis*

7  Dkt .13, ¶¶ 159-69, while *Lam* includes a claim for Fraudulent Concealment, and a California Unfair

8  Competition Law claim based, in part, on fraud. *See Lam* Dkt. 1, ¶¶ 79, 83, 91-100. Additionally,

9  *Pierce* and *Lam* both include allegations of conspiracy. *See Pierce* Dkt. 1, ¶¶ 130-34; Lam Dkt. 1,

10  ¶¶ 101-106. Thus, while the cases may rely on different statutes and causes of action, consolidation

11  is still appropriate as the Court will have to make similar factual and legal determinations across the

12  board. *See Mullen*, 2021 WL 965344, at *2 (noting that complaints that are not identical may still

13  be consolidated where there are common questions of fact and law).

14        The Court will ultimately have to determine (a) whether a fraud occurred, and (b) the extent

15  of the involvement of the various actors, including (1) FTX's endorsers; (2) the auditors who gave

16  FTX a clean bill of health, even when all signs pointed to ongoing fraudulent behavior; (3) the

17  individuals comprising Bankman-Fried's inner circle and other executives at his companies; and of

18  course (4) Bankman-Fried himself. *See, e.g.*, *Lam* Dkt. 1; *Hawkins* Dkt. 1; *Pierce* Dkt. 1; *Papadakis*

19  Dkt. 13. Given that the Court's inquiry will necessarily involve determination of factual and legal

20  issues common to all of the Related Actions, consolidation is plainly appropriate here.

21        **B.  Consolidation Will Promote Efficiency and Judicial Economy by Preventing**

22               **Duplicative Discovery, Briefings, and Hearings**

23        Consolidation under Rule 42(a) will preserve judicial economy, avoid waste, and prevent

24  delay.  "[C]onsolidation serves the interests of judicial economy by promoting efficiency and saving

25  time for purposes of pretrial discovery and motion practice." *In re Oreck Corp. Halo Vacuum & Air*

26  *Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012). Because Plaintiffs'

27  allegations and causes of action are largely common across the Related Actions, discovery would

28  be substantially duplicative if conducted separately in each case. As addressed *supra* at Section

1  II.A., many of the key factual and legal issues the Court will address in rulings on motions to dismiss,

2  motions for class certification, and motions for summary judgment will be substantially common

3  across the Related Actions.  Duplicative discovery, briefing, and hearings would thus waste judicial

4  resources by requiring the Court to preside over and resolve essentially identical questions for each

5  individual action.[2]

6            **C.  Granting this Motion Will Not Unduly Prejudice Defendants, Because**

7                 **Consolidation will Reduce Their Litigation Burden**

8            Defendants would benefit from consolidation, as they would be able to focus their litigation

9  efforts in one place. Rather than having to coordinate across multiple dockets and appear in multiple

10  cases, Defendants would be able to simply focus their litigation efforts in a single consolidated

11  action. Additionally, being able to conduct discovery in one action, rather than respond to discovery

12  requests in five separate cases, would save considerable time and expense for the Defendants. Thus,

13  Defendants would not be unduly prejudiced by consolidation.

14  **IV.    THE COURT SHOULD APPOINT THE PROPOSED LEADERSHIP COUNSEL**

15        **AS INTERIM LEADERSHIP**

16            Appointing interim leadership is the best way to ensure that the Related Actions will be

17  litigated efficiently and to "foster and sustain good working relations among fellow counsel and

18  with the court." Manual § 10.21. The Proposed Leadership team features a diverse set of attorneys

19  (including in terms of gender, ethnicity, geographic diversity, and years of overall experience) that

20  are dedicated to working collaboratively and cooperatively. This will translate to the effective

21

22

23  ────────────────

       [2] None of the factors that weigh against consolidation present in these cases. As with

24  *Ramirez v. HB USA Holdings, Inc.*, "factors that counsel against consolidation, such as differing

25  trial dates or stages of discovery, are not present here." No. CV 20-9748-JGB(SHKX), 2021 WL
     840353, at *2 (C.D. Cal. Jan. 15, 2021).  These cases were all filed within three months of each

26  other, and none have begun discovery, nor have any trial dates been set. In fact, consolidating these
     cases would allow the Court to ensure that these cases do not end up on wildly different schedules,

27  thus allowing the Court to deal with issues in lockstep, rather than duplicating its analysis multiple
     times.

28

1   representation of the various claims alleged in the Bankman-Fried cases and will allow the Court to

2   more efficiently adjudicate these matters.

3          **A.  Interim Leadership Would Benefit These Cases.**

4        The Proposed Leadership Structure brings together the experience and resources of several

5   firms in a two-tiered structure that is commonly approved by courts in complex cases with multiple

6   defendants.  Under the proposal, the law firms **Edelson**, **Kaplan Fox**, and **Pomerantz** will serve as

7   Interim Co-Lead and Trial Counsel.  The law firm of **Audet** will serve as Executive Committee

8   Chair and Liaison Counsel.  The Executive Committee will consist of **Hoda Law, Wites,** and

9   **BG&G**.  As explained below, these firms' experience and expertise complement one another to the

10   benefit of the proposed Class.

11        Appointing Interim Co-Lead Counsel will enable Plaintiffs to coordinate litigation

12   efficiently, including any efforts at resolving the matter or eventually litigating through trial.

13   Plaintiffs' Interim Co-Lead Counsel would promote the orderly and efficient conduct of this

14   litigation and avoid unnecessary duplication and unproductive efforts. This would also allow the

15   Court to hear Plaintiffs' requests from a coordinated plaintiffs' leadership group, rather than having

16   to juggle multiple, potentially competing, requests from Plaintiffs throughout the litigation.

17   Additionally, the appointment of leadership will facilitate cooperation with Defense Counsel here

18   and counsel in other proceedings, as the Proposed Leadership will be authorized to enter into

19   stipulations in order to facilitate efficient motion and discovery practice.

20        Given the number of firms already involved in litigation on these issues, appointing an

21   Executive Committee will also facilitate the efficient litigation of the consolidated cases. The

22   Executive Committee, and specifically the Chair of the Executive Committee, will facilitate

23   coordination and cooperation among all Plaintiffs' counsel, and will support litigation efforts as

24   needed at the direction of Interim Co-Lead Counsel. The Chair will also provide a point of contact

25   for the Court to communicate with the Executive Committee and Interim Co-Lead Counsel. The

26   Chair will also serve as liaison to the matters outside of these proceedings that are not susceptible

27   to consolidation and in order to monitor and advocate for Class Members interests in those

28   proceedings.

1

## 1.  Interim Co-Lead Counsel

2

### a.  Edelson PC

3

Edelson PC is a nationally recognized law firm concentrating on high stakes plaintiffs' work,

4

including class, mass, and government actions with offices in Chicago, San Francisco, Boulder, and

5

Washington, D.C.  The firm is best known for its work in complex technology cases because of its

6

in-house forensics lab staffed with computer forensic investigators and lawyers with technology

7

backgrounds. This in-house expertise has allowed Edelson and its clients to bring cutting-edge

8

technology cases and has been instrumental in recovering billions of dollars in settlements and

9

verdicts for its clients, including the largest consumer recoveries in first-of-their-kind internet

10

gambling cases that have settled—collectively—for more than $651 in the last two years. Edelson

11

and its team bring deeply relevant experience, resources, and perspective here. In addition to efforts

12

focused on reforming and improving the plaintiffs' bar, Edelson has undertaken efforts to promote

13

diversity within the bar and the firm, including by creating an executive level position within the

14

firm focused on the firm's recruitment practices. Presently, 40% of the firm's attorneys are women,

15

and 25% come from communities of color. The Edelson team will consist of Partners **Yaman**

16

**Salahi** and **Todd Logan**, and Associates **Solange Hilfinger-Pardo**, **Amy Hausman**, and **Hannah**

17

**Hilligoss,** and that team will be overseen by the firm's managing partner **Rafey Balabanian,** as well

18

as its founder, **Jay Edelson**. The Edelson firm is committed to ensuring that all attorneys on the

19

team have meaningful litigation and hearing opportunities, particularly attorneys with fewer years

20

of experience. *See* Audet Decl. Ex. 2 ("Edelson Firm Resume").

21

### b.  Kaplan Fox & Kilsheimer LLP

22

Kaplan Fox is a national law firm which for nearly 50 years has focused its litigation practice

23

on class actions and other complex matters. Headquartered in New York, the firm has maintained a

24

thriving presence in the Bay Area for more than 20 years, led by the head of its consumer protection

25

practice, Laurence King.  In addition to Mr. King and as set forth below, the firm has assembled a

26

diverse team of attorneys well-suited to the prosecution of this case.

27

Kaplan Fox diligently prepares every case as if it is going to trial, and as a result has obtained

28

some of the largest recoveries in the areas in which it practices, which include securities and antitrust

litigation in addition to consumer protection. The following are examples of some of the firm's most significant recoveries:

(1) *In re Bank of America Corp. Sec. Deriv., & ERISA Litig*., No. 1:09-md-020508-PKC (S.D.N.Y.). As co-lead counsel, Kaplan Fox recovered $2.425 billion for investors just weeks before trial. The result is one of the largest recoveries in the history of securities class actions, and the single largest in a case brought under Section 14(a) of the Securities Exchange Act of 1934.

(2) *In re Air Cargo Shipping Servs., Antitrust Litig*., No. 06-md-1775 (JG) (VVP) (E.D.N.Y.). As co-lead counsel representing direct purchasers alleging violations of antitrust laws, Kaplan Fox has recovered more than $1.25 billion in settlements.

(3) *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD (N.D. Cal.). As co-lead counsel, Kaplan Fox recovered $310 million for purchasers of iPhones who claimed their devices' performance was unlawfully degraded (pending reapproval on remand from Ninth Circuit). This recovery represents the largest every obtained under the computer intrusion statutes at the heart of the litigation.

In addition, a Kaplan Fox partner, Hae Sung Nam, currently serves as one of Court-appointed interim co-lead counsel in the consumer antitrust case pending against Google LLC in this District: *In re Google Play Consumer Antitrust Litigation*, Case No. 3:20-cv-05761-JD, in which a class has recently been certified and the parties are preparing for trial.

In obtaining these results for the clients and classes it has represented, Kaplan Fox has consistently demonstrated its commitment to fight through lengthy, protracted litigation against well-represented and well-resourced defendants. Through these results and many others, Kaplan Fox has shown all of the skills and experience to achieve a successful result in this case. *See* Audet Decl. Ex. 3 (Kaplan Fox Firm Resume).

### c.   Pomerantz LLP

Pomerantz is the oldest law firm in the United States dedicated to representing investors.  In *In re Petrobras Sec. Litig.*, 1:14-cv-09662-JSR (S.D.N.Y.), the firm achieved an historic $3 billion class action settlement with the Brazilian energy giant, Petróleo Brasileiro S.A.—Petrobras, arising

from the alleged concealment of a decades-long kickback scheme.  The Petrobras settlement is the largest class action settlement in a decade, the largest settlement ever in a class action involving a foreign issuer and the largest settlement ever not involving a restatement of financials.  At the hearing for preliminary approval of the Petrobras settlement, Judge Jed Rakoff stated: "[T]he lawyers in this case [are] some of the best lawyers in the United States, if not the world."  In recent years, Pomerantz has also secured significant settlements on behalf of investors in *In re Yahoo! Inc. Sec. Litig.*, 5:17-cv-LHK (N.D. Cal.) *(*$80 million), *Pirnik v. Fiat Chrysler Automobiles N.V.*, 1:15-cv-07199-JMF (S.D.N.Y) ($110 million), and *Klein v. Altria Group, Inc.*, 3:20-cv-00075-DJN (E.D. Va.) ($90 million).

Pomerantz has a strong track record of pursuing innovative claims on behalf of its clients. In *Roofer's Pension Fund v. Papa*, 2:16-cv-02805-MCA-LDW, an action on behalf of investors in the securities of Perrigo Company Plc ("Perrigo"), Pomerantz set a historic precedent for global investors in November 2019, when the court certified parallel classes of investors that purchased Perrigo shares in the United States on the New York Stock Exchange and in Israel on the Tel Aviv Stock Exchange.  The ruling was the first to certify a foreign purchaser class since the Supreme Court's landmark ruling in *Morrison v. National Australia Bank, Ltd*, 561 U.S. 247 (2010). Likewise, in individual lawsuits on behalf of BP plc ("BP") investors arising from BP's 2010 Gulf of Mexico oil spill, Pomerantz successfully sustained "holder claims," a theory barred under U.S. federal securities laws, in what is believed to be the first ruling by a U.S. court sustaining the theory under English common law. *See* Audet Decl. Ex. 4 ("Pomerantz Firm Resume").

### 2. Executive Committee Chair and Liaison Counsel

### a. Audet & Partners LLP

Audet, based in San Francisco and a block away from the federal courthouse, works with affiliated counsel located throughout the United States to achieve consistent results for its individual clients and represented classes. The attorneys at Audet have focused their practice on the prosecution of complex cases with tremendous success for those it represents including recent cases such as:

(1) *Andrews, et al. v. Plains All American Pipeline, LP, et al.*, No. 2:15-cv-04113-PSG-JEM (C.D. Cal.). As co-lead counsel, Audet & Partners recovered $230 million for fishermen and

property owners devasted by one of the largest oil spills along the California coast in recent years. This significant result represents nearly 8-years of dedication, including multiple arguments on the appellate level, to ensure class members were compensated for the harm they suffered.

(2) *In re: Toll Roads Litig.*, No. 8:16-cv-00262-ODW-ADS (C.D. Cal.). As class counsel representing toll-tag users, Audet & Partners has achieved a settlement worth $216 million (inclusive of $175 million in penalty waivers) for alleged violations of privacy and inappropriate conduct by tolling agencies and businesses.

(3) *In re: Navistar Maxxforce Engines Mktg., Sales Practices and Prods. Liab. Litig.*, No. 1:14-cv-10318 (N.D. Ill.) As co-lead counsel, Audet & Partners provided $135 million relief to owners and leases of trucks with defective emission systems. The litigation involved protracted discovery disputes and use of cutting edge legal technology systems like TAR and AI-assisted document review.

Additionally, in recognition of their commitment to the legal profession and outstanding results for their clients, the firm and its attorneys have been appointed to leadership positions in numerous other class cases and over the years and have been received accolades by peers and the legal community, including having Mr. William M. Audet named as 'Advocate of the Year' by The Bar Association of San Francisco. *See* Audet Decl. Ex. 1 ("Audet Firm Resume").

### 3. Executive Committee Members

#### a. The Hoda Law Firm, PLLC

The Hoda Law Firm is a Houston, Texas-based firm focused on internet-related law and litigation. Marshal Hoda, the founder of the Hoda Firm, is deeply knowledgeable about the cryptocurrency and "Web3" ecosystems from which FTX emerged. He is a graduate of the University of California, Berkeley, School of Law, where he was named a "Boalt Scholar" in recognition of his top-three class rank, and served as a law clerk for Hon. Amul R. Thapar of the United States Court of Appeals for the Sixth Circuit. Mr. Hoda is experienced in complex and aggregate litigation, including serving as lead counsel to a putative class of consumers in *Doe v. Meta*, Case No. 22-cv-07557 (N.D. Cal.), a case alleging misappropriation of consumers' sensitive

1  tax information by Facebook's tracking tools. In addition to representing the putative plaintiff class

2  in the *Pierce* matter before the Court, Mr. Hoda recently represented several objectors to the

3  appointment of Sullivan & Cromwell, LLP as the FTX Group debtors' counsel in the FTX

4  bankruptcy proceeding in Delaware. *See* Audet Decl. Ex. 5 ("Hoda Firm Resume").

5  **b. Wites Law Firm**

6  Marc A. Wites directs Wites Law Firm's class action practice. He has worked on class

7  actions since 1994, starting as a defense lawyer, and then limiting his practice to the representation

8  of plaintiff classes in 2001. Notably, Marc has served has co-lead counsel in two cryptocurrency

9  class actions, both of which resulted in recoveries for the class; *Leidel v. Project Investors, Inc. d/b/a*

10  *Cryptsy, Paul Vernon*, *et al.*, U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:16-cv-80060-MARRA; *Leidel*

11  *v. Coinbase, Inc.*, U.S. Dist. Ct. - S.D. Fla. -- Case No. 9:16-cv-81992-MARRA. Marc's class action

12  experience also includes federal and state court class actions throughout the country involving

13  automobile defects, commodities, securities, consumer protection statutes, real estate issues, and

14  other consumer claims. In recent years he also has litigated individual arbitration cases against some

15  of the world's largest cryptocurrency exchanges. *See* Audet Decl. Ex. 6, ("Wites Firm Resume").

16  **c. Bronstein, Gewirtz & Grossman, LLC**

17  Peretz Bronstein is the founding member of BG&G and has significant experience litigating

18  complex securities and consumer class actions.  Mr. Bronstein serves on the Plaintiffs' Executive

19  Committee in the Flint, Michigan Water Crisis litigation (*In re Flint Water Cases*, 5:16-cv-10444

20  (E.D. Mich.)), which recently settled against the government defendants for $600 million.  He was

21  also co-lead counsel in the consumer class action *Lerman v. Apple Inc.*, 1:15-cv-07381 (E.D.N.Y.)

22  ($20 million settlement) and in the securities class action *Duncan v. Joy Global Inc.*, 2:16-cv-01229-

23  PP (E.D. Wis.) ($20 million settlement).  BG&G, under Mr. Bronstein's leadership, is currently co-

24  lead or co-counsel in a number of other securities and consumer class actions. *See* Audet Decl. Ex.

25  7 ("BG&G Firm Resume").

26

27

28

**B.  The Court Should Appoint Interim Liaison and Co-Lead Counsel.**

Courts in this District rely on the factors set forth in 23(g)(1) when appointing interim counsel. *Gallagher v. Bayer AG*, No. 14-CV-04601-WHO, 2015 WL 4932292, at \*7 (N.D. Cal. Aug. 18, 2015) (citation omitted).  These include:

> (i)     the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)    the resources that counsel will commit to representing the class.

Each of the factors are readily satisfied by the leadership structure, attorneys, and law firms proposed here.

### 1.  The work counsel has done in identifying or investigating potential claims in the action.

As the complaints filed by the various Plaintiffs indicate, proposed Interim Co-Lead Counsel and the Interim Liaison Counsel have worked diligently to investigate and identify potential claims against Bankman-Fried and his associates, as well as the wide-ranging network of endorsers and outside auditors who helped enable the fraud. This work involved extensive, fast-paced research and investigation into a murky network of fraudsters, from which details are continuing to emerge. By conducting rapid and thorough research at the very outset of FTX's collapse, Plaintiffs' counsel have been able to identify a wide range of claims that are amenable to class-wide resolution.  This is reflected in the complaints now pending before the Court, which allege both statutory and common law claims arising from the underlying fraud perpetrated by the various Defendants. For the purposes of Rule 23(g), this body of work handily demonstrates the work counsel have done in identifying and investigating potential claims for these actions.

1
2

**2. Counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action.**

3  In terms of the second and third considerations, the group of attorneys proposed here from
4  each firm brings significant experience in leading and litigating complex class actions of the sort
5  presented here.

6  **a. Edelson PC (proposed co-lead counsel)**

7  **Yaman Salahi** is a Partner at Edelson PC with broad-ranging litigation experience in
8  consumer protection, antitrust, civil rights, and administrative law claims, including in complex
9  class action proceedings and multidistrict litigation. Mr. Salahi devised the legal strategy and was
10  the lead brief writer in a successful class action lawsuit against the Internal Revenue Service which
11  obtained over $465 million in economic stimulus assistance for incarcerated persons under the
12  federal CARES Act.  *See Scholl v. Mnuchin*, No. 20-cv-5309-PJH (N.D. Cal. 2020).  He was a
13  member of litigation teams representing workers in antitrust class action litigation challenging no-
14  poach agreements in academia and the railway equipment industry that successfully recovered over
15  $120 million. *See* Edelson Firm Resume at 41. At Edelson, he heads ongoing consumer protection
16  litigation against California bail bond companies, antitrust litigation on behalf of workers against
17  two prominent rideshare companies, privacy litigation against government agencies and money
18  transfer businesses, and numerous other matters. He successfully briefed and argued an appeal in
19  the Eleventh Circuit, establishing the first appellate precedent that franchisors and their franchisees
20  are capable of conspiracy within the meaning of Section 1 of the Sherman Act, and regularly appears
21  for oral argument in this and other district courts. *See Arrington v. Burger King Worldwide, Inc.*, 47
22  F. 4th 1247 (11th Cir. 2022). He is actively involved in the local community and has litigated pro
23  bono cases before this Court. *See Omar v. Kerry*, No. 15-cv-01760-JSC, 2015 WL 5964901 (N.D.
24  Cal. Oct. 13, 2015) (argued and won motion for preliminary injunction returning passport to
25  Yemeni-American man); *Medina v. Expeditors Int'l of Wash. Inc.*, No. 19-cv-00950-JSC, Dkt. 27
26  (N.D. Cal. Aug. 1, 2019) (appointed pro bono settlement counsel for plaintiff in employment
27  discrimination case). Mr. Salahi is a graduate of Yale Law School, and he clerked for the Honorable
28  Edward M. Chen. *See* Edelson Firm Resume at 41.

**Todd Logan** is a partner at Edelson PC, where he leads a team of attorneys focused on high-stake class actions and mass torts. Todd is routinely appointed by courts nationwide to serve as class counsel in major class action litigation. In just the past two years alone, Mr. Logan has been appointed as class counsel or settlement class counsel in five first-of-their-kind cases, where Edelson established—for the first time—that online apps can constitute illegal gambling under Washington law, ultimately obtaining settlements exceeding $650 million in total. *Kater v. Churchill Downs Inc.*, 2:15-cv-612 (W.D. Wash.); *Wilson v. Playtika*, No. 3:18-cv-5277 (W.D. Wash.); *Wilson v. Huge, Inc.*, No. 3:18-cv-05276 (W.D. Wash.); *Reed v. Scientific Games*, No. 3:18-cv-565 (W.D. Wash.); *Ferrando v. Zynga*, No. 22-cv-214 (W.D. Wash.); *Benson v. DoubleDown Interactive, LLC*, No. 18-cv-525 (W.D. Wash.). Mr. Logan is a graduate of Harvard Law School, and he clerked here in the Northern District of California for the Honorable James Donato. *See* Edelson Firm Resume at 36.

The team will also include Edelson associates **Solange Hilfinger-Pardo**, **Amy Hausman**, and **Hannah Hilligoss**. **Ms. Hilfinger-Pardo** has extensive trial experience and a background in consumer protection. As an Enforcement Attorney at the Consumer Financial Protection Bureau, Ms. Hilfinger-Pardo worked on matters that secured over $425 million in monetary relief to consumers and over $100 million in civil penalties, earning her the Director's Mission Achievement Award and Exceptional Accomplishment Award. Ms. Hilfinger-Pardo also previously worked as a public defender, where she solo chaired 15 jury trials and ran an extensive motions practice. She is a graduate of Yale Law School. *See* Edelson Firm Resume at 48.

**Ms. Hausmann** litigates consumer protection class actions, mass torts, and public corruption cases. She has been appointed to serve as class counsel in a number of proceedings on behalf of consumers harmed by online social casinos, which have returned hundreds of millions of dollars to class members. She also represents the proposed classes in three MDLs alleging that Facebook, Apple, and Google illegally profited from social casino games. In addition, Ms. Hausmann served as counsel in an evidentiary hearing and ongoing litigation that unraveled decades of alleged fraud and misappropriation of client funds by the now defunct law firm Girardi Keese. She is a graduate

MOT. TO CONSOLIDATE ACTIONS, APPOINT INTERIM CO-LEAD, LIAISON AND PLTFS' EXEC. COMM. MEMBERS

of Yale Law School, and she clerked for the Honorable Michael P. Shea of the United States District Court for the District of Connecticut. *See* Edelson Firm Resume at 33.

**Ms. Hilligoss**'s practice focuses on litigating mass torts and class actions. In addition to litigating the firm's internet casino matters on behalf of consumer classes, she represents former NCAA football players suffering the harmful effects of concussions in mass tort actions against the NCAA and its member institutions. She is a graduate of Harvard Law School. *See* Edelson Firm Resume at 49.

The Edelson attorneys above will also benefit from strategic guidance and supervision from the firm's principals, **Jay Edelson** and **Rafey Balabanian**. Mr. Edelson is the firm's founder and CEO, with nearly 25 years of experience in complex litigation. He is regularly appointed class counsel in matters across the country, and has been described by Law360 as a "Titan of the Plaintiff's Bar" and by Fast Company as one of the "Most Creative People in Business 2022." Mr. Balabanian is the managing partner of the firm, and has also regularly been appointed class counsel in matters across the country, including as lead counsel in three MDLs pending before Judge Davila (*In re Facebook Simulated Casino Gambling*, *In re Google Simulated Casino Gambling*, and *In re Apple Simulated Casino Gambling*.) In keeping with the firm's philosophy of creating opportunities for a new generation of attorneys, they will participate mainly to support the efforts of the Edelson attorneys above. *See* Edelson Firm Resume at 23, 25.

### b.   Kaplan Fox & Kilsheimer LLP (proposed co-lead counsel)

**Laurence D. King** is the Managing Partner of Kaplan Fox's California offices and the head of its consumer protection practice. Mr. King has been appointed lead or co-lead counsel by courts across the country in numerous consumer protection and securities class actions.  Mr. King has had a substantial role in some of the largest recoveries obtained by Kaplan Fox in this District and elsewhere, including  *In re Bank of America Corp. Sec. Deriv., & ERISA Litig*., No. 1:09-md-020508-PKC (S.D.N.Y.)($2.425billion recovered); *In re Apple Inc. Device Performance Litig.*, No. 18-md-02827-EJD (N.D. Cal.)(Mr. King appointed as co-lead counsel; $310 million recovered; pending reapproval after remand from Ninth Circuit); *In re 3Com Securities Litigation,* No. C-97-21083-EAI (N.D. Ca.)($259 million recovered), *In re Informix Securities Litigation*, No. C-97-129-

CRB (N.D. Ca.)($136.5 million recovered); and *Providian Credit Card Cases* (Ca. Sup. Ct., S.F. Cty.)($105 million recovered). Prior to joining Kaplan Fox, Mr. King was an Assistant District Attorney at the Manhattan (New York County) District Attorney's Office, where he tried numerous felony prosecutions to jury verdict. *See* Kaplan Fox Firm Resume at 17.

**Frederic S. Fox** is a Senior Partner of the firm Mr. Fox has been a lead or co-lead counsel in many major securities class action cases, including *In re Bank of America Corp. Securities, ERISA, & Derivative Litigation*, No. 09-MDL-2058 (S.D.N.Y.)($2.425 billion recovered) and *In re Merrill Lynch & Co., Inc. Securities, Derivative, & ERISA Litigation*, No. 07-cv-9633 (S.D.N.Y.)($475 million recovered), and has successfully prosecuted numerous cases with major accounting firms as defendants. *See* Kaplan Fox Firm Resume at 12

The Kaplan Fox litigation team for this case will also include **Kathleen Herkenhoff**, who is a 30+ year veteran of consumer and securities class actions at major law firms, and also previously worked at the U.S. Securities & Exchange Commission, **Joel Strauss** and **Jeffrey Campisi**, partners in the firm with significant securities litigation experience (Mr. Strauss is also a Certified Public Account), and **Blair Reed**, an associate with significant experience in consumer class actions both at Kaplan Fox and another respected Bay Area law firm. See Kaplan Fox Firm Resume at 40, 18, 24, and 33.

### c. Pomerantz LLP (proposed co-lead counsel)

**Joshua B. Silverman** is a Partner at Pomerantz who specializes in class action securities litigation and has focused on class and complex actions for more than two decades. Mr. Silverman was Lead Counsel in *In re Groupon, Inc. Securities Litigation*, achieving a $45 million settlement, one of the highest percentage recoveries in the Seventh Circuit. He was also Lead or Co-Lead Counsel in *In re MannKind Corp. Securities Litigation* ($23 million settlement), *In re AVEO Pharmaceuticals, Inc. Securities Litigation* ($18 million settlement, more than four times larger than the SEC's fair fund recovery in parallel litigation), *New Mexico State Investment Council v. Countrywide Financial Corp.* (very favorable confidential settlement), and *New Mexico State Investment Council v. Cheslock Bakker & Associates* (summary judgment award in excess of $30 million).

Pomerantz's team will also include associate **Christopher Tourek**, who has successfully litigated securities fraud, antitrust violations, and consumer protection violations on behalf of plaintiffs in state and federal court. Mr. Tourek was previously an associate at a prominent complex-litigation firm, where he specialized in consumer protection, antitrust, and securities litigation.

In short, the attorneys proposed for Interim Co-Lead Counsel positions in the Related Actions have substantial experience in prosecuting similarly high-profile and high-stakes cases and in securing significant recoveries on behalf of the respective classes. That experience—and demonstrated ability to self-organize and work cooperatively—make them well-suited to lead these cases to a successful conclusion.

### d.   Audet & Partners, LLP (*Proposed Liaison Counsel and Chair of Executive Committee*)

**William Audet** has prosecuted almost exclusively complex litigation and class actions for nearly four decades and has helmed cases that have collectively achieved billions of dollars in relief during these years. Having clerked for multiple federal district judges and for the Ninth Circuit, and after experience at prestigious class action firms throughout the Bay Area, Mr. Audet founded his practice Audet & Partners, LLP with the goal of undertaking novel and first-of-its-kind cases. Some of Mr. Audet's achievements, and especially relevant herein due to the international nature of Defendants, includes filing the first-ever class action in Mexico (after the nation adopted its first collective action statutory scheme), filing the class action case in the United States asserting violation of Chinese Constitution against Chinese based pet food manufacturer, and promulgating creative solutions to difficult problems (Mr. Audet successfully sought under Maritime law the arrest and seizure of the *Cosco Busan*, the ship responsible for colliding with the San Francisco Bay Bridge). Mr. Audet is routinely appointed to leadership positions in complex classes throughout the United States, and most recently as Discovery Chairperson for another highly-publicized class action (*In Re: Philips Recalled CPAP, Bi-Level PAP, And Mechanical Ventilator Prods. Litig.*, No. 21-mc-1230 (W.D. Pa.)), where after competing applications for leadership, saw the appointment of 33 attorneys and law firms to serve as plaintiffs' leadership given the complexity of the case. *See* Audet Firm Resume.

The team at Audet & Partners will include **Ling Kuang**, the managing associate at Audet & Partners, LLP, where he has significant experience in complex cases that involve consumer protection, antitrust, privacy rights, multidistrict litigation and especially in matters against defendants in technology-laden complex litigation. Mr. Kuang was recently appointed as the youngest member of the Plaintiffs' Steering Committee in *In re: Deere & Co. Repair Servs. Antitrust Litig.*, MDL 3030, No. 3:22-cv-50188 (N.D. Ill.), an expansive MDL alleging nationwide monopolization of repair software technology. Mr. Kuang also successfully presented oral arguments at preliminary and final approval for a nationwide settlement affecting purchasers of fraudulently labeled consumer products in this District. *Morrison v. Ross Stores, Inc.*, No. 4:18-cv-02671-YGR (N.D. Cal.). *See* Audet Firm Resume.

The Audet team will also include **Kurt D. Kessler**, an associate with extensive experience and background in consumer protection, with a focus on representing classes of consumers in the face of unfair business practices by corporations. Mr. Kessler led the briefing in opposition to numerous motions to dismiss, demurrers, motions for summary judgment, as well as in support of motions for the approval of class settlements as well as class certification. Mr. Kessler has additionally spearheaded discovery efforts in several cases, including recently managing a team tasked with the discovery for a defendant and key third-party in *In Re: Philips Recalled CPAP, Bi-Level PAP, And Mechanical Ventilator Prods. Litig.*, No. 21-mc-1230 (W.D. Pa.). *See* Audet Firm Resume.

### 3.   Counsel's knowledge of the applicable law.

Edelson has brought cases against other cryptocurrency exchanges that fraudulently deprived consumers of their fiat and cryptocurrency. *See In Re: Mt. Gox Bitcoin Exchange Litigation*, MDL No. 2829. Edelson has also brought many fraud cases more broadly challenging companies that have taken advantage of consumers, and in recent years has gained experience investigating and prosecuting the alleged fraud, misappropriation of client funds, and Ponzi scheme perpetrated for decades by the now-defunct law firm Girardi Keese. And beyond Edelson's substantive knowledge, the proposed leadership slate has significant experience in complex consumer class actions. Kaplan Fox has successfully prosecuted class actions on behalf of aggrieved

investors and consumers nationwide for nearly 50 years.  The *Apple, Bank of America* and *Air Cargo* cases noted above are just three examples of the many significant recoveries Kaplan Fox has obtained for its client over the years, which are set forth in Kaplan Fox's firm resume.  Pomerantz, for its part, has more than 85 years of institutional experience in litigating complex class actions arising from securities fraud and corporate malfeasance, as well as significant experience in class action litigation on behalf of consumers. In additional to achieving billions of dollars in relief over the years, Audet has litigated cases successfully against some the most well-known technology companies in the Bay Area with a focus on prosecuting consumer protection class actions. The Court should thus have every confidence in this team's ability to leverage their knowledge and experience to the effective and efficient resolution of these actions.

### 4.  The resources that counsel will commit to representing the class.

Given their experience in cases of this magnitude, all of Plaintiffs' counsel fully understand prosecuting these actions will require substantial resources. There are already several cases brought against Defendant Bankman-Fried and his associates, which assert a number of federal and state law claims. The total number of Class Members is unknown at this time but is expected to number in the hundreds of thousands, with damages likely in the billions of dollars. Litigating these actions will take a considerable amount of discovery, particularly to uncover how Bankman-Fried and his associates used their ties between FTX and Alameda Research's executives to perpetrate the fraud. And as other courts have recognized in cases where—as here—the harm is astronomical, the "magnitude of the [actions] justifies the pooling of resources and experience."  *In re Google Inc. Cookie Placement Consumer Priv. Litig*., No. MDL CIV. 12-2358-SLR, 2012 WL 5833604, at *1 (D. Del. Nov. 16, 2012) (citation omitted).

Here, based on their experience in other similarly sized class and mass actions, the Proposed Leadership firms understand and are ready to commit the substantial resources, including personnel, time, facilities, and funding, needed to litigate these cases from start to finish.

## V.   CONCLUSION

For the above reasons, Plaintiffs respectfully request that the Court enter the attached [Proposed] Order consolidating the Related Actions and appointing the Proposed Leadership.

Respectfully submitted,

DATED: February 2, 2023     **AUDET & PARTNERS, LLP**

By: ____/s/ William M. Audet_____
        William M. Audet

William M. Audet
Ling Yue Kuang
Kurt David Kessler
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3275
Telephone:  (415) 568-2555
Email: *waudet@audetlaw.com*
          *lkuang@audetlaw.com*
          *kkessler@audetlaw.com*

*Counsel for Plaintiff Lam, and Proposed Liaison Counsel and Chair of Executive Committee*

DATED: February 2, 2023     **POMERANTZ LLP**

By: ___/s/ Jennifer Pafiti_____
        Jennifer Pafiti

1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone:  405-7190
Email: *jpafiti@pomlaw.com*

Joshua B. Silverman (*pro hac vice* to be filed)
Christopher Tourek (*pro hac vice* to be filed)
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Email:  jbsilverman@pomlaw.com
ctourek@pomlaw.com

*Counsel for Plaintiff Hawkins, and Proposed Interim Co-Lead Counsel*

DATED: February 2, 2023     **EDELSON PC**

By: ____/s/ Yaman Salahi_____
        Yaman Salahi

Todd M. Logan (SBN 305912)
Yaman Salahi (SBN 288752)
P. Solange Hilfinger-Pardo (SBN 320055)
Edelson PC
150 California Street, 18th Floor
San Francisco, CA  94111
Telephone: (415) 212-9300
tlogan@edelson.com
ysalahi@edelson.com
shilfingerpardo@edelson.com

| | |
|---|---|
| 1 | |
| 2 | Amy Hausmann (*pro hac vice* forthcoming)<br>Hannah Hilligoss (*pro hac vice* forthcoming) |
| 3 | Edelson PC<br>350 N La Salle St., 15th Floor<br>Chicago, IL 60654 |
| 4 | Telephone: (312) 589-6370<br>ahausmann@edelson.com |
| 5 | hhilligoss@edelson.com |
| 6 | *Counsel for Plaintiff Jessup, and Proposed Interim*<br>*Co-Lead Counsel* |
| 7 | DATED: February 2, 2023 |

DATED: February 2, 2023       **KAPLAN FOX & KILSHEIMER LLP**

By:   */s/ Laurence D. King*
          Laurence D. King

Laurence D. King
Kathleen A. Herkenhoff
Blair E. Reed
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone:  (415) 772-4700
Email: *lking@kaplanfox.com*
        *kherkenhoff@kaplanfox.com*
        *breed@kaplanfox.com*

Frederic S. Fox (*pro hac vice* filed)
Joel B. Strauss (*pro hac vice* filed)
Jeffrey P. Campisi (*pro hac vice* filed)
850 Third Avenue, 14th Floor
New York, NY 10022
Telephone:  212-687-1980
Email: *ffox@kaplanfox.com*
        *jstrauss@kaplanfox.com*
        *jcampisi@kaplanfox.com*

*Counsel for Plaintiff Papadakis, and Proposed*
*Interim Co-Lead Counsel*

**WITES LAW FIRM**
Marc A. Wites (*pro hac vice* to be filed)
4400 North Federal Highway
Lighthouse Point, FL 33064
Telephone: (866) 558-9631
Email: *mwites@witeslaw.com*

*Counsel for Plaintiff Papadakis, and Proposed*
*Executive Committee Member*

**THE HODA LAW FIRM, PLLC**
Marshal Hoda
12333 Sowden Road, Suite B, PMB 51811
Houston, TX 77080
Telephone:  (832) 848-0036

MOT. TO CONSOLIDATE ACTIONS, APPOINT INTERIM CO-LEAD, LIAISON AND PLTFS' EXEC. COMM. MEMBERS

1    Email: *marshal@thehodalawfirm.com*

2    *Counsel for Plaintiff Pierce, and Proposed Executive*
     *Committee Member*

3

4    **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
     Peretz Bronstein (*pro hac vice* to be filed)
     Eitan Kimelman (*pro hac vice* to be filed)

5    60 E. 42nd Street, Suite 4600
     New York, NY 10165

6    Telephone: (212) 697-6484
     Email: *peretz@bgandg.com*

7           *eitank@bgandg.com*

8    *Counsel for Plaintiff Hawkins, and Proposed*
     *Executive Committee Member*

9

10   **LIEFF GLOBAL**
     Robert L. Lieff (CA SBN 037568)
        rlieff@lieff.com

11      P.O. Drawer A
        Rutherford, California 94573

12
     *Counsel for Plaintiff Lam*

13

14   **LEHMAN, LEE & XU LLC**
     (Saipan #25977-001-1)
        **c/o LEHMAN, LEE & XU**

15   Edward Lehman (IL SBN 6194489)*
        elehman@lehmanlaw.com

16   Jacob Blacklock (TX SBN 24079835)*
        jblacklock@lehmanlaw.com

17      Suite 3313, Tower One, Times Square
        1 Matheson Street, Causeway Bay, Hong Kong

18   Telephone:   (852) 3588-2127
     Facsimile:   (852) 3588-2088

19
     *Counsel for Plaintiff Lam*

20

21

22

23

24

25

26

27

28

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(h)(3)**

2       I, Laurence D. King, attest that concurrence in the filing of this document has been obtained

3  from the other signatories.

4       I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct.  Executed this 2nd day of February, 2023, at Orinda, California..

6

7                     *By:  /s/ Laurence D. King*

8                        Laurence D. King

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

{00536428;1 }            - 27 -           Case No. 3:22-cv-07336-JSC

Mot. to Consolidate Actions, Appoint Interim Co-Lead, Liaison and Pltfs' Exec. Comm. members