UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *IN RE: FTX CUSTOMER DEPOSITS AND ASSETS LITIG.*<br><br>**This document relates to:**<br><br>*Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC<br><br>*Pierce v. Bankman-Fried et al.*, Case No. 3:22-cv-07444-JSC<br><br>*Hawkins v. Bankman-Fried, et al.*, Case No. 3:22-cv-07620-JSC<br><br>*Jessup v. Bankman-Fried, et al.*, Case No. 3:22-cv-07666-JSC<br><br>*Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC | Case No. 3:22−cv−07336−JSC<br><br>**[PROPOSED] ORDER CONSOLIDATING THE RELATED ACTIONS AND APPOINTING INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE**<br><br>Judge:  Jacqueline Scott Corley<br><br>Trial Date:     None set |

There are five related proposed class actions currently pending in the Northern District of California:

    a. *Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC;

    b. *Pierce v. Bankman-Fried et al.*, Case No. 3:22-cv-07444-JSC;

    c. *Hawkins v. Bankman-Fried, et al.*, Case No. 3:22-cv-07620-JSC;

    d. *Jessup v. Bankman-Fried, et al.*, Case No. 3:22-cv-07666-JSC; and

    e. *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC (collectively, the "Related Actions").

Plaintiffs in the Related Actions, by and through their respective counsel, move for consolidation of these Actions because they involve common questions of law and fact and state that each matter arises out of the same events in November 2022 and the subsequent collapse of the FTX Trading, Ltd. ("FTX") cryptocurrency exchange and that each matter involves claims asserted against Defendant Samuel Bankman-Fried, additional individuals and executives at his companies, and entities and auditors that together allegedly perpetuated the fraudulent scheme at issue, resulting in alleged damage to customers and depositors of FTX.

Additionally and through their respective counsel, Plaintiffs have further met and conferred amongst themselves and have agreed to work together on behalf of Plaintiffs and the proposed class and move to streamline early case management, narrow the issues in dispute, and avoid uncertainty or confusion regarding Plaintiffs' counsel's authorization to act on behalf of the proposed class by proposing the appointment of Plaintiffs' interim Co-Lead Counsel, interim Liaison Counsel, and members of a Plaintiffs' Executive Committee.

Fed. R. Civ. P. 23(g)(3) states that the "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action" and having considered Plaintiffs' Motion To Consolidate, To Appoint Interim Co-Lead Counsel, Liaison Counsel, And Plaintiffs' Executive Committee, the related pleadings and supporting documents and exhibits on file, and good cause appearing, the Court **GRANTS** the motion and **ORDERS** as follows:

    1. The following Actions pending in this District, and any other action arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred to this

District shall be consolidated for all purposes, including pretrial proceedings, trial, and appeal, pursuant to Federal Rule of Civil Procedure 42(a) (hereafter the "Consolidated Action"):

    a. *Lam v. Bankman-Fried et al.*, Case No. 3:22-cv-07336-JSC;

    b. *Pierce v. Bankman-Fried et al.*, Case No. 3:22-cv-07444-JSC;

    c. *Hawkins v. Bankman-Fried, et al.*, Case No. 3:22-cv-07620-JSC;

    d. *Jessup v. Bankman-Fried, et al.*, Case No. 3:22-cv-07666-JSC; and

    e. *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC

    2.    All papers filed in the Consolidated Action must be filed under Case No. 3:22-cv-07336-JSC, the number assigned to the first-filed case, and must bear the following caption:

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| *IN RE: FTX CUSTOMER DEPOSITS AND ASSETS LITIG.* | Case No. 3:22−cv−07336−JSC |
|---|---|

    3.    The case file for the Consolidated Action will be maintained under Master File No. 3:22-cv-07336-JSC.

    4.    The Clerk is directed to administratively close the following related cases:

    a. *Pierce v. Bankman-Fried et al.*, Case No. 3:22-cv-07444-JSC;

    b. *Hawkins v. Bankman-Fried, et al.*, Case No. 3:22-cv-07620-JSC;

    c. *Jessup v. Bankman-Fried, et al.*, Case No. 3:22-cv-07666-JSC; and

    d. *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC

    5.    Any proposed class action subsequently filed in, transferred or removed to this Court that arises out of the same or similar operative facts as the Consolidated Action will be consolidated with the Consolidated Action.

    6.    Counsel that have already appeared or been granted admission *pro hac vice* in any of the consolidated cases do not need to file a new notice of appearance or application for admission *pro hac vice* in the master case number. Notices of appearance and applications for admission *pro hac vice* shall only be filed in the master docket moving forward.

7.  Plaintiffs will file a consolidated complaint within sixty (60) days after entry of this Order.

8.  Plaintiffs shall use their best efforts to coordinate discovery and the resolution of common legal issues existing between those actions not filed in this Court and those matters pending in this Court.

9.  Defendants are not waiving any rights they may have to challenge and/or object to class certification, federal jurisdiction and/or any objection or challenge to the class action to which they would be entitled by law, nor are Defendants waiving any objections or defenses they may have as to any issues, either procedural or substantive, arising out of the consolidated action.

10. Additionally, Plaintiffs have met and conferred and have agreed to work together on behalf of Plaintiffs and the proposed class and as reflected in the declaration, firm resumes, and other supporting materials submitted herewith, proposed interim counsel are well-qualified to represent the interests of the proposed class.

11. Pursuant to Fed. R. Civ. P. 23(g)(3), the Court appoints Audet & Partners, LLP ("Audet") as interim plaintiffs' Liaison Counsel; Edelson PC ("Edelson"), Kaplan Fox & Kilsheimer LLP ("Kaplan Fox"), and Pomerantz LLP ("Pomerantz") as interim plaintiffs' Co-Lead Counsel. The Court further appoints the Audet firm, The Hoda Law Firm, PLLC ("Hoda Law"), Wites Law Firm ("Wites"), and Bronstein, Gerwitz & Grossman, LLC ("Bronstein") as members of the Plaintiffs' Executive Committee and the Audet firm as the Chair of the Executive Committee (collectively, "Plaintiffs' Counsel").

12. Notwithstanding any additional responsibilities that may be set forth in a forthcoming Case Management Order (see Paragraph 13, *infra*), pursuant to this leadership structure, and consistent with the *Manual for Complex Litigation*, Fourth, §§ 10.221 and 40.22, Plaintiff's Interim Co-Lead Counsel and Liaison Counsel shall have the authority to perform or delegate the following tasks on behalf of all Plaintiffs in the consolidated action:

- Plaintiffs' Co-Lead Counsel:
    a.  directing, coordinating, and supervising the prosecution of Plaintiffs' claims in the consolidated action;
    b.  initiating, responding to, scheduling, briefing, and arguing all motions;
    c.  appearing at all hearings and conferences regarding the case;

    d. determining the scope, order, and conduct of all discovery proceedings;

    e. assigning work to Plaintiffs' counsel in the consolidated action, as necessary and appropriate;

    f. retaining experts;

    g. conducting settlement negotiations on behalf of named Plaintiffs and the class;

    h. entering into stipulations with defense counsel (including counsel in related bankruptcy, criminal, and/or foreign proceedings) as necessary for the conduct of the litigation;

    i. preparing and distributing status reports to any other law firms that might seek to represent the proposed class;

    j. collecting and reviewing time and expense records from all Plaintiffs' counsel on a monthly basis, or as provided for under any Court-approved protocol;

    k. coordinating activities to avoid duplication and inefficiency in the filing, serving, and/or implementation of pleadings, other court papers, discovery papers, and discovery practice, and generally in the litigation;

    l. performing such other duties that may be incidental to proper coordination of Plaintiffs' pretrial activities or authorized by further order of the Court; and,

    m. Coordinating, preparing, or assigning responsibility for all interactions with the Court, including court filings, court communications, and court appearances, in collaboration with Interim Liaison Counsel.

- <u>Plaintiffs' Liaison Counsel</u>:

    a. receiving and distributing to Plaintiffs' and/or Defendants, as appropriate, Orders, notices, and correspondence from the Court, to the extent such documents are not electronically filed;

    b. receiving and distributing to Plaintiffs' counsel, as appropriate, discovery pleadings and correspondence and other documents from Defendants' counsel that are not electronically filed;

    c. in coordination with other Plaintiffs' Counsel, convening meetings of counsel, and otherwise assisting in the coordination of case management activities;

    d. on behalf of and in coordination with the Plaintiffs' Counsel, coordinating communications and otherwise representing the interests of the Plaintiffs with the court(s) and/or counsel in any civil, criminal and/or bankruptcy proceedings related to this Consolidated Action;

    e. coordinating with other plaintiffs' or defendants' counsel on discovery and briefing of issues between this case and any other federal, state, or foreign actions; and

    f. at the direction of Interim Co-Lead Counsel, contacting and coordinating communications with the Court, and/or appearing before the Court, on behalf of Plaintiffs' Co-Lead Counsel and Executive Committee members, concerning scheduling and/or administrative matters or matters concerning bankruptcy, criminal, and/or foreign proceedings.

- <u>Plaintiffs' Executive Committee</u>:

    a. consult and work with the interim Co-Leads and Chair of the Executive Committee on formulating overall case strategy and development of a litigation plan;

    b. assist Plaintiffs and the proposed class with coordination of pretrial activities

    c. assist in the litigation as directed by the interim Co-Leads and Chair of the Executive Committee

    d. fulfill any obligations set forth by the Court.

13. Within 14 days, Interim Co-Lead Counsel shall submit a proposed Case Management Order to the Court addressing other case management issues related to the appointment of Interim Co-Lead Counsel and Liaison Counsel.

**IT IS SO ORDERED.**

Dated: _____

    **Hon. Jacqueline Scott Corley**
    **UNITED STATES DISTRICT JUDGE**