**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: FTX COLLAPSE LITIGATION | MDL Docket _____ |

**PETITIONERS', EDWIN GARRISON'S, GREGG PODALSKY'S, SKYLER LINDEEN'S, ALEXANDER CHERNYAVKSY'S, SUNIL KAVURI'S, GARY GALLANT'S, AND DAVID NICOL'S MOTION FOR TRANSFER OF RELATED ACTIONS TO THE SOUTHERN DISTRICT OF FLORIDA**

Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol (the "Petitioners") hereby move for entry of an order transferring the Related Actions (described below) to the United States District Court for the Southern District of Florida for coordinated and consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure for the Judicial Panel on Multidistrict Litigation. This Motion is supported by the accompanying Brief and Schedule of Actions. In support of the motion, Petitioners state:

1.      To date, Undersigned Counsel have two pending, and already consolidated class action cases related to the collapse of the FTX cryptocurrency trading platform pending before the Honorable K. Michael Moore in the Southern District of Florida, including *Garrison, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM (S.D. Fla.) and *Podalsky, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23983-KMM (S.D. Fla.). Undersigned Counsel organized and consolidated various different complaints and plaintiffs that were all filed in various state and federal courts in the state of Florida.

2.      *Garrison* was filed on November 15, 2022, and is the first-filed FTX-related class action filed in the country, which represents the only putative nationwide class of FTX customers against these 6 FTX Insiders and 12 Brand Ambassadors, and the consolidated proceedings also include representation of a putative global class of FTX customers. Both Complaints are supported

by extensive Expert Testimony, attesting that all FTX interest accounts were the sale of unregistered securities.

3.      Undersigned Counsel also filed individual FTX actions in state court in the Eleventh Judicial Circuit in and for Miami-Dade County ("Florida State Actions"), which were also all consolidated on December 5, 2022 in the Complex Business Division before the Honorable Michael Hanzman. The individual Plaintiffs in the Florida State Actions already served discovery, have pending a Motion for Partial Summary Judgment (namely that the individual accounts constitute the sale of unregistered securities) and Judge Hanzman already set an upcoming Case Management Conference.

4.      Just this week, Defendants in the Florida State Actions removed those individual cases to the Southern District of Florida, seek to transfer those cases to Judge Moore and Plaintiffs' Motion to Remand is now pending before Chief Judge Cecilia M. Altonaga in *Norris, et al. v. Thomas Brady, et al.*, No. 1:23-cv-20439-CMA (S.D. Fla.). Both Judge Moore and Chief Judge Altonaga have taken active roles in presiding over these consolidated proceedings.[1]

5.      Several other FTX putative class actions, against different Defendants, were recently filed in the Northern District of California and the Southern District of California, and these include the following cases:

     a.   *Papadakis, et al. v. Bankman-Fried, et al.*, No. 3:23-cv-00024 (N.D. Cal.)

     b.   *Jessup v. Bankman-Fried, et al.*, No. 3:22-cv-07666 (N.D. Cal.)

---

[1] Related litigation against failed cryptocurrency platform Voyager Digital, and various third-party defendants, has been actively litigated in the Southern District of Florida before Chief Judge Cecilia Altonaga and The Honorable Roy Altman, in *Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres and *Robertson, et al. v. Mark Cuban, et al.*, No. 22-cv-22538-ALTMAN/Reid. A trial date has already been sent in the *Robertson* Action. The paramount question in the Voyager litigation is extremely similar to the paramount question in the FTX cases, namely whether the interest bearing accounts and/or each platform's native cryptocurrency tokens are securities that should have been registered with securities regulators.

*In re: FTX Collapse Litigation*

    c.   *Pierce v. Bankman-Fried, et al.*, No. 3:22-cv-07444 (N.D. Cal.)

    d.   *Lam v. Bankman-Fried, et al.*, No. 3:22-cv-07336 (N.D. Cal.)

    e.   *Gonzalez v. Silvergate Bank, et al.*, No. 3:22-cv-01981 (S.D. Cal.)

    f.   *Sepulveda, et al. v. Silvergate Capital Corp., et al.*, No. 3:22-cv-01901 (S.D. Cal.) (voluntarily dismissed February 9, 2023)

    g.   *Husary, et al. Silvergate Capital Corp., et al.*, No. 3:23-cv-00038 (S.D. Cal.) (voluntarily dismissed February 9, 2023)

6.    Some other federal FTX claims have been filed, and more subsequently filed "tag-along" actions are anticipated to be filed, in these and possibly other district courts across the country (collectively, the "Related Actions").

7.    As required by 28 U.S.C. § 1407(a), the Related Actions proposed for transfer and coordination "involve[] one or more common questions of fact," including:

    (a) whether the FTX Entities operated a Ponzi scheme from their domestic headquarters in Miami;

    (b) whether all of the Yield-Bearing Accounts ("YBAs"), native FTT cryptocurrency token, or other assets offered or sold by Defendants were unregistered securities;

    (c) whether Defendants' participation and/or actions in FTX's offerings and sales of YBAs violate the provisions of the Securities Act and analogous Florida state securities law;

    (d) the type and measure of damages suffered by Plaintiffs and the Classes;

    (a) whether Defendants' practices violate the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") and/or analogous and applicable state consumer protection statutes;

    (b) whether Plaintiffs and Class members have sustained monetary loss and the proper measure of that loss;

*In re: FTX Collapse Litigation*

> (c) whether Plaintiffs and Class members are entitled to consequential damages, punitive damages, Florida statutory damages, disgorgement, and/or other legal or equitable appropriate remedies as a result of Defendants' conduct.

8.     Almost all of the new cases have been filed over the course of the last four months, and many have yet to be filed, but are anticipated to be filed in the coming weeks and months. Thus, there is sufficient numerosity to support transfer of the Related Actions for coordinated pretrial proceedings.

9.     Transfer of the actions will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve party and judicial resources.

10.     The United States District Court for the Southern District of Florida is the most appropriate forum for consolidation of the actions because, *inter alia*, (1) the FTX entities was based in the Southern District of Florida; (2) the Southern District of Florida has extensive experience with cases of this type; and (3) that is the District where *Garrison*, the first-filed, consolidated class action has been actively presided over by Judge Moore, as well as *Norris*, the consolidated Florida State Actions, which are now being actively presided over by Chief Judge Altonaga. Similarly, Judge Altman has substantial experience presiding over similar complex matters, as he is currently presiding over the *Robertson* litigation and is not currently presiding over an MDL. Each of these Judges are highly capable judges who have significant experience in the subject matter of the litigation and all of the legal issues involved.

Accordingly, the Petitioners respectfully requests that the Panel transfer the Related Actions to the Southern District of Florida for consolidation and coordinated pre-trial proceedings.

*In re: FTX Collapse Litigation*

Dated: February 10, 2023                    Respectfully submitted,

                              **By:** ***/s/ Adam Moskowitz***
                              Adam M. Moskowitz
                              Joseph M. Kaye
                              **THE MOSKOWITZ LAW FIRM, PLLC**
                              2 Alhambra Plaza, Suite 601
                              Coral Gables, FL 33134
                              Telephone: (305) 740-1423
                              adam@moskowitz-law.com
                              joseph@moskowitz-law.com

                              **By:** ***/s/ David Boies***
                              David Boies
                              Alex Boies
                              Brooke Alexander
                              **BOIES SCHILLER FLEXNER LLP**
                              333 Main Street
                              Armonk, NY 10504
                              Phone: (914) 749–8200
                              dboies@bsfllp.com

                              **By:** ***/s/ Stephen Neal Zack***
                              Stephen Neal Zack
                              **BOIES SCHILLER FLEXNER LLP**
                              100 SE 2nd St., Suite 2800
                              Miami, FL 33131
                              Office: 305-539-8400
                              szack@bsfllp.com

                              **By:** ***/s/Jose M. Ferrer***
                              Jose M. Ferrer
                              **MARK MIGDAL & HAYDEN**
                              80 S.W. 8th Street, Suite 1999
                              Miami, Florida 33130
                              Telephone: (305) 374-0440
                              jose@markmigdal.com
                              eservice@markmigdal.com

                              *Co-Counsel for Petitioners, Edwin Garrison,*
                              *Gregg Podalsky, Skyler Lindeen, Alexander*
                              *Chernyavksy, Sunil Kavuri, Gary Gallant, and*
                              *David Nicol*

**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: FTX COLLAPSE LITIGATION** | **MDL Docket _____** |

**BRIEF IN SUPPORT OF MOTION FOR TRANSFER OF ACTIONS**
**TO THE SOUTHERN DISTRICT OF FLORIDA PURSUANT TO 28 U.S.C. § 1407**
**FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol (the "Petitioners") file this brief in support of their motion to move the Judicial Panel on Multidistrict Litigation (the "Panel") for transfer to and consolidation or coordination for pretrial purposes of the Related Actions (described below) arising out of the collapse of the FTX cryptocurrency trading platform, to the United States District Court for the Southern District of Florida.

Petitioners are Plaintiffs in the nation's first-filed class action following the collapse of FTX, *Garrison, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM (S.D. Fla.), was filed in the Southern District of Florida, and which is already consolidated before Judge K. Michael Moore with a Related Action and is proceeding expeditiously and efficiently. Petitioners' counsel have been coordinating and litigating these issues since their inception and are uniquely positioned to lead this litigation for all affected FTX customers. Petitioners and their counsel have great respect for the Panel and the multidistrict litigation process and vehicle, and believe that, given that actions are now being filed elsewhere in the country against some, but not all, of the defendants in the pending *Garrison* action regarding these same issues in light of developments in the FTX bankruptcy proceedings, *In re: FTX Trading Ltd., et al.*, No. 22-11068 (JTD) (Bankr. Dist. Del.), and in the enforcement actions brought in the Southern District of New York by the CFTC and SEC, *CFTC v. Bankman-Fried, et al.*, No. 22-cv-10503 (S.D.N.Y.) and *SEC v. Bankman-Fried, et*

*al.*, No 22-cv-10501 (S.D.N.Y.) consolidation and transfer to the Southern District of Florida may be the best option for the Panel to ensure that these cases are litigated fully, effectively, and in an orderly fashion.

## **FACTUAL BACKGROUND**

The FTX group of companies (FTX Group or FTX) was founded in 2019 and began as an exchange or marketplace for the trading of crypto assets. FTX was established by Samuel Bankman-Fried, Gary (Zixiao) Wang and Nishad Singh, with operations commencing in May 2019. FTX was purportedly established in order to build a digital asset trading platform and exchange for the purpose of a better user experience, customer protection, and innovative products. FTX built the FTX.com exchange to develop a platform robust enough for professional trading firms and intuitive enough for first-time users.

Until seeking the protection of the Bankruptcy Court, the FTX Entities operated a multi-billion-dollar mobile application cryptocurrency investment service (the "Deceptive FTX Platform") that placed cryptocurrency trade orders on behalf of users like Plaintiff and Class Members and offered interest bearing cryptocurrency accounts. Everyone now agrees the FTX Disaster is the largest financial fraud in US history. The former FTX CEO is on house arrest pending a federal prosecution, and the new CEO—who helped wind down Enron—concluded the fraud here was worse than Enron and is unprecedented. Billions of dollars have been stolen from investors across the globe. FTX will be involved in federal bankruptcy proceedings for many years and there is no guarantee that any of the victims will be able to see any recovery from those proceedings.

Undersigned Counsel have been investigating and litigating these specific issues for almost two years in the Southern District of Florida. On December 24, 2021, Undersigned Counsel

brought the first (and only) putative nationwide class action complaint against the now-defunct cryptocurrency trading app, Voyager, styled *Mark Cassidy v. Voyager Digital Ltd., et al.,* Case No. 21-24441-CIV-ALTONAGA/Torres (the "*Cassidy* Action"), alleging that the platform owned and operated by Voyager Digital Ltd. ("Voyager") and Voyager Digital LLC ("VDL") was an unregulated and unsustainable fraud. In the *Cassidy* Action, plaintiffs also alleged that Defendant Ehrlich, Voyager's CEO, teamed up with Defendants Cuban and the Dallas Mavericks to promote Voyager, by making false representations and employing other means of deception. As a result, the Voyager plaintiffs and Voyager class members, all sustained losses in excess of $5 billion.[1] The action was filed with substantial expert support from Dr. Stephen Castell of Castell Consulting and Rich Sanders of CipherBlade, both of whom are extremely well-regarded and are highly knowledgeable of the issues in both the Voyager and FTX litigation. Petitioners and their counsel have retained Castell Consulting and CipherBlade as experts in this litigation as well.

    *After* the *Cassidy* Complaint was filed, the following important actions took place:

    a) the United States Securities and Exchange Commission (SEC) began an enforcement review focused on whether Voyager's Earn Program Accounts ("EPAs") constitute unregistered securities;

    b) seven state Attorneys General (New Jersey, Alabama, Kentucky, Oklahoma, Texas, Vermont and Washington) took specific action finding that Voyager was violating their state laws, including issuing "cease and desist" letters to Voyager, finding that the EPA was an unregistered security, prohibiting the crypto-asset broker-dealer

---

[1] The allegations in the *Cassidy* complaint—and specifically Mark Cuban's role in promoting Voyager—received national attention. *See* https://www.jdsupra.com/legalnews/new-lawsuits-target-cryptocurrency-9604406/ (summarizing the allegations and explaining that "Mark Cuban, owner of the NBA's Dallas Mavericks, is a major stakeholder in Voyager. The complaint alleges that he made comments at a press conference in which he specifically targeted unsophisticated investors 'with false and misleading promises of reaping large profits in the cryptocurrency market.'"); https://www.law.com/dailybusinessreview/2021/12/29/mark-cuban-linked-crypto-platform-hit-with-florida-nationwide-class-action-lawsuit-in-miami-federal-court/?slreturn=20220701214901 (same, in the *Daily Business Review*).

from selling any more unregistered securities (finding that Voyager used these EPAs to raise millions of dollars in revenue worldwide as of March 1, 2022; and

c) on March 29, 2002, the State of New Jersey Bureau of Securities entered a Cease and Desist Order against Voyager, finding that the EPA was not exempt from registration under the law, and instead that it must be registered—and as a result, Voyager's stock price tanked by 25% in a day and is down over 80% for the year.[2]

On July 5, 2022, Voyager Digital Holdings, Inc. and two affiliated debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Voyager Bankruptcy Cases"), which are jointly administered under Case No. 22-10943 before the Honorable Michael E. Wiles in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

On September 28, 2022, Voyager filed a motion in the Voyager Bankruptcy Cases seeking authority to enter into an asset purchase agreement with West Realm Shires Inc., d/b/a FTX US whereby Voyager will sell substantially all of its assets for a purchase price of approximately $1.422 billion, which includes (i) the value of cryptocurrency on the Voyager platform as of a date to be determined, which, as of September 26, 2022, is estimated to be $1.311 billion, plus (ii) additional consideration which is estimated to provide at least approximately $111 million of incremental value to the Debtors' estates.

There is a real and direct connection between the FTX and Voyager bankruptcies. Everyone involved in the Voyager Bankruptcy Cases thought that the FTX Entities were the *deus ex machina* come to save the day by bailing out Voyager and paying back at least some of the losses the Voyager customers sustained.

---

[2]     https://seekingalpha.com/article/4498956-voyager-digital-plunged-25-percent-heres-why (accessed October 28, 2022); https://seekingalpha.com/article/4503716-voyager-digital-buy-dip-during-crypto-crash (accessed February 10, 2023).

Instead, the FTX Entities imploded, their over $30 billion in value evaporated almost overnight, and the FTX Entities found themselves filing their own emergency Chapter 11 bankruptcy petition in Delaware. The Deceptive FTX Platform maintained by the FTX Entities was truly a house of cards, a Ponzi scheme where the FTX Entities shuffled customer funds between their opaque affiliated entities, using new investor funds obtained through investments in the YBAs and loans to pay interest to the old ones and to attempt to maintain the appearance of liquidity.

Part of the scheme employed by the FTX Entities involved utilizing some of the biggest names in sports and entertainment to raise funds and drive global consumers to invest in the YBAs, which were offered and sold largely from the FTX Entities' domestic base of operations in Miami, Florida, pouring billions of dollars into the Deceptive FTX Platform to keep the whole scheme afloat (the "Brand Ambassadors").

Importantly, although Defendants disclosed their partnerships with the FTX Entities, they never disclosed during their promotional activities for FTX the nature, scope, and amount of compensation they personally received in exchange for the promotion of the Deceptive FTX Platform, which the SEC has explained that a failure to disclose this information would be a violation of the anti-touting provisions of the federal securities laws.[3] Moreover, none of these Defendants performed any due diligence prior to marketing these FTX products to the public.

---

[3]      https://www.ubergizmo.com/2017/11/sec-celebrities-disclose-payment-cryptocurrency-endorsements/#:~:text=It%20has%20issued%20a%20statement%20warning%20celebrities%20that,without%20disclosing%20that%20they%E2%80%99ve%20been%20paid%20for%20it (accessed February 10, 2023).

*In re: FTX Collapse Litigation*

Defendants' misrepresentations and omissions made and broadcast around the globe through the television and internet render them liable to Plaintiff and class members for soliciting their purchases of the unregistered YBAs.[4]

Thus, on November 15, 2022, Petitioner Garrison and Undersigned Counsel filed the *Garrison* Action, seeking to hold Defendants—which include the founders and principal insiders of the FTX Entities and its related trading arm, Alameda, as well as a dozen "Brand Ambassadors"[5]—responsible for the many billions of dollars in damages they caused Petitioner Garrison and the putative Nationwide Class and to force Defendants to make them whole. Undersigned counsel then filed additional class actions in the Southern District of Florida on behalf of additional plaintiffs seeking to represent, among other constituencies, a putative Global Class, which was ultimately informally consolidated in the Related Action, *Podalsky, et al. v. Bankman-Fried, et al.*, No. 22-cv-23983 (S.D. Fla.). Judge Moore then *sua sponte* consolidated the *Garrison* and *Podalsky* matters for all purposes, which are now proceeding in the well-organized consolidated *Garrison* matter under a global consolidated amended complaint, which was filed with substantial expert support from CipherBlade, one of the preeminent and most highly regarded cryptocurrency expert witness firms.

---

[4] *Wildes v. Bitconnect Int'l PLC*, No. 20-11675 (11th Cir. Feb. 18, 2022) (holding that promoters of cryptocurrency through online videos could be liable for soliciting the purchase of unregistered securities through mass communication, and no "personal solicitation" was necessary for solicitation to be actionable).

[5] The FTX Insider Defendants include Samuel Bankman-Fried, Sam Trabucco, Caroline Ellison, Nishad Singh, Gary Wang, and Dan Friedberg, while the Brand Ambassador Defendants include Tom Brady, Gisele Bundchen, Stephen Curry, Golden State Warriors, Shaquille O'Neal, Udonis Haslem, David Ortiz, William Trevor Lawrence, Shohei Ohtani, Naomi Osaka, Lawrence Gene David, and Kevin O'Leary. Petitioners anticipate more may be joined into this litigation as it progresses.

*In re: FTX Collapse Litigation*

Undersigned Counsel also represents individuals who decided to file six individual (non-class action) FTX actions in Florida state court (Florida State Actions), against a number of only Florida-resident Brand Ambassadors, including Tom Brady, Kevin O'Leary, and David Ortiz. Those actions were informally consolidated through the filing of an amended complaint in the action *Norris, et al. v. David Ortiz, et al.*, No. 2022-022900-CA-01 (Fla. 11th Jud. Cir. Ct), which was pending before the Honorable Michael Hanzman in the Complex Business Litigation Division of Miami-Dade County. Shortly after the *Norris* Plaintiffs briefed and filed a motion for partial summary judgment on the issue of whether the YBA was a security required to be registered with securities regulators (supported with substantial expert analysis from Paul Sibenik of CipherBlade), the *Norris* Defendants removed the action to the Southern District of Florida, where it is now pending before Chief Judge Cecilia M. Altonaga.[6]

After Petitioners and their counsel filed *Garrison*, several additional substantially similar putative class actions were filed in the Northern and Southern Districts of California against, *inter alia*, some of the FTX Insider Defendants and Brand Ambassador Defendants. *See* the Schedule of Actions filed concurrently herewith.

The plaintiffs and their counsel in the later-filed Related Actions pending in the Northern District of California, which allege claims against Sam Bankman-Fried, Caroline Ellison, Gary

---

[6] Currently pending in the *Norris* action is a motion to remand the case back to state court, where it may be returned to Judge Hanzman's court. Judge Hanzman is one of the most highly regarded state court judges in the country, who famously presided over the consolidated litigation arising out of the tragic collapse of the Champlain Towers South Condominium, which litigation resulted in over $1.3 billion in recoveries for the victims and their survivors after only one year of litigation, due to Judge Hanzman's close and careful supervision of that litigation. Given that there will likely be pending state court litigation regarding these FTX issues, having them presided over by such a well-respected and capable jurist as Judge Hanzman, who can closely coordinate with a federal transferee judge in the Southern District of Florida, would be an ideal scenario to ensure that both actions proceed in an orderly and coordinated fashion.

*In re: FTX Collapse Litigation*

Wang, Nishad Singh, Sam Trabucco, the Golden State Warriors, and Armanino LLP and Prager Metis CPAs, LLC,[7] acknowledge that their actions also "all revolve around the collapse of the FTX exchange and seek redress for the billions of dollars of losses incurred by unsuspecting consumers and investors who were tricked by Mr. Bankman-Fried and the other Defendants into storing their money or assets on the FTX exchange." *Lam v. Bankman-Fried, et al.*, Case No. 3:22-cv-07336, ECF No. 19 at 9. They are seeking to have their actions consolidated for all purposes under the *Lam* action and should therefore appropriately be treated as one action pending in the Northern District of California. *Id.*

The later-filed Related Action pending in the Southern District of California brings claims only against Silvergate Bank (and its parent corporation and President/CEO), alleging it "directly aided and abetted FTX's fraud and breaches of fiduciary duty via first-hand participation in the commingling of funds, improper transfers, and lending out of customer money." *Gonzalez v. Silvergate Bank, et al.*, No. 3:22-cv-01901-L-AGS, ECF No. 1 ¶ 4 (S.D. Cal. Dec. 14, 2022).[8]

For these reasons, and as further explained below, Petitioners and Undersigned Counsel are uniquely positioned to aid the Panel through consolidation of the Related Actions for pretrial purposes.

---

[7] Armanino and Praeger are the outside auditors who reviewed FTX and FTX.US financials

[8] On February 9, 2023, two of the three Related Actions pending in the Southern District of California, *Zuleta* and *Husary*, were voluntarily dismissed, leaving *Gonzalez* as the sole pending Related Action in the Southern District of California. Petitioners include *Zuleta* and *Husary* in the Schedule of Actions in an abundance of caution.

**LEGAL ARGUMENT**

I.   **TRANSFER AND CONSOLIDATION OF THE RELATED ACTIONS IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1407.**

The Related Actions should be transferred and consolidated or coordinated for pretrial proceedings. Pursuant to 28 U.S.C. § 1407(a), the MDL Panel may transfer and consolidate cases that meet three requirements: (1) the cases "involv[e] one or more common questions of fact;" (2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;" and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions." Here, transfer and consolidation to the Southern District of Florida satisfies each of these objectives.

### A.  The Related Actions Involve Common Questions of Fact.

The MDL Panel has consistently held that cases involving overlapping factual issues are particularly appropriate for transfer and consolidation or coordination. *See, e.g.*, *In re January 2021 Short Squeeze Trading Litig.*, MDL 2989, 2021 WL 1258399, at *1 (J.P.M.L. Apr. 2, 2021) (transferring related securities cases under § 1407 to the Southern District of Florida because the cases involved common questions of fact and "some of the events central to this litigation" occurred there); *In re Optimal Strategic U.S. Equity Fund Sec. Litig.*, 648 F. Supp. 2d 1388, 1388–89 (J.P.M.L. 2009) (centralizing related securities class actions in the Southern District of Florida where the cases involved common questions of fact, a common defendant was headquartered in Florida, and the first-filed class action was pending).

The basic facts alleged in the Related Actions are virtually the same, as all arise out of the same events—FTX's business practices in Miami and those of related individuals and entities that promoted the platform and the unregistered securities it offered and sold, and all the fraudulent, deceptive, and/or misleading activities they conducted that culminated in the November 2022

collapse of FTX, including the acts of those who helped to conceal the precarity of FTX's financial situation while it deployed its global scheme. Therefore, based on these overlapping factual issues, the Related Actions should be transferred and consolidated or coordinated in one judicial district.

### B.   Centralization Will Be More Convenient for the Parties and Witnesses.

Centralization of these lawsuits will save Plaintiffs and Defendants the burden of having to prosecute and defend competing and overlapping class actions in multiple federal districts across the country. Discovery in all of these actions will involve the substantially similar testimony and documentary evidence from the Defendants. Defendants will likely assert similar discovery objections and privileges in each of the pending actions. Consolidation or coordination of these actions will avoid duplicative, redundant, and costly discovery proceedings, and avoid repetitive motion practice and potentially conflicting discovery and other pretrial rulings. *See In re January 2021 Short Squeeze Trading Litig.*, 2021 WL 1258399, at *2 ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings (including with respect to class certification); and conserve the resources of the parties, their counsel, and the judiciary.")

### C.   Centralization Will Promote the Just and Efficient Conduct of the Related Actions.

Where multiple class actions have been initiated against multiple defendants who are engaged in substantially similar conduct, centralization serves the convenience of parties and witnesses and therefore promotes the just and efficient conduct of the litigation. *See, e.g., In re Checking Account Overdraft Litig.*, 626 F. Supp. 2d 1333, 1335-36 (J.P.M.L. 2009) (industrywide centralization); *In re Payment Card Interchange Fee & Merchant Discount Antitrust Litig.*, 398 F. Supp. 2d 1356, 1358 (J.P.M.L. 2005) (consolidating proceedings in fourteen actions and twenty-one potential tag-along actions); *In re Darvocet, Darvon & Propoxyphene Prods. Liab. Litig.*, 780 F. Supp. 2d 1379, 1382 (J.P.M.L. 2011) (consolidating seventeen actions against at least twelve

defendants in one district); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 626 F. Supp. 2d 1346, 1347 (J.P.M.L. 2009) (consolidating ten actions against numerous defendants in one district).

In addition, transfer and consolidation will promote the just and efficient conduct of the Related Actions because it will eliminate the possibility of conflicting pre-trial rulings. Plaintiffs assert many of the same claims—violations of state securities laws for the offer and sale of unregistered securities, violations of consumer protection statutes, civil conspiracy, common law fraudulent concealment, and declaratory judgment claims—and inconsistent rulings could result if different courts address these claims. *See In re Terrorist Attacks on Sept. 11, 2001*, 295 F. Supp. 2d 1377, 1378 (J.P.M.L. 2003) (noting that transfer is favored where there are overlapping legal issues among the various cases). Dispositive motions and motions for class certification will require the resolution of essentially the same issues of fact and law.

The risk of inconsistent pre-trial rulings is particularly high here due to the presence of the current and potential number of competing and overlapping putative nationwide classes. *See In re Plumbing Fixture Cases*, 298 F. Supp. 484, 493 (J.P.M.L. 1968) ("[It] is in the field of class action determinations in related multidistrict civil actions that the potential for conflicting, disorderly, chaotic judicial action is the greatest"); *see also In re Imagitas, Inc., Drivers' Privacy Prot. Act Litig.*, 486 F. Supp. 2d 1371, 1372 (J.P.M.L. 2007) (centralizing actions that contained "competing class allegations"); *In re IDT Corp. Calling Card Terms Litig.*, 278 F. Supp. 2d 1381, 1381 (J.P.M.L. 2003) (centralizing actions that involved "overlapping putative class actions").

It is  likely that the number of Related Actions filed in the coming weeks, as a result of litigation in the Southern District of Florida, will increase in other jurisdictions. Ordering the transfer and consolidation at this early stage will allow these complex litigations to proceed in an

efficient and coordinated manner. Efficiency is especially important here, where the judicial system is already tasked with unraveling what is likely to be the largest financial fraud in history.

## II.     THE RELATED CASES SHOULD BE TRANSFERRED TO THE SOUTHERN DISTRICT OF FLORIDA.

The Southern District of Florida is a proper choice for the transferee district because (i) the First-Filed Action, *Garrison, et al. v. Bankman-Fried, et al.*, No. 1:22-cv-23753-KMM (S.D. Fla.), was filed in the Southern District of Florida, which is already consolidated and well-organized before Judge K. Michael Moore with a Related Action and is the most advanced of the Related Actions by far, and three Related Actions (one of which is a state court action that was removed to federal court after consolidating 6 individual state court actions) are currently in the Southern District of Florida; (ii) the Southern District of Florida has the strongest nexus to this litigation; (iii) the Southern District of Florida is well suited to handle the Related Actions in a timely manner; and (iv) Judge Moore and Judge Altonaga, the Chief Judge of the Southern District of Florida who is presiding over a Related Action as well as litigation arising out of the collapse of the related Voyager Digital cryptocurrency platform (with the similar question as to whether all of Voyager's interest-bearing cryptocurrency accounts are "unregistered securities"), are both already acquainted with the subject matter at issue and are exceptionally qualified and experienced with MDL litigation, as well as other judges in the Southern District of Florida with similar experience in these complex matters, such as the Honorable Roy K. Altman, who is also presiding over litigation as to whether certain "Brand Ambassadors" of the Voyager Digital platform substantially participated in the offer or sale of unregistered securities (Voyager's interest-bearing cryptocurrency accounts).

*In re: FTX Collapse Litigation*

    **A.   The Judges Presiding over Related Actions in the Southern District of Florida are Well-Qualified and Experienced in MDL Litigation and the Related Actions.**

As evidenced by the MDL Panel's selection of the Southern District of Florida as the transferee court in numerous MDL actions, the judges in the Southern District of Florida are exceptionally qualified and experienced with MDL litigation. The MDL Panel has consistently acknowledged that MDL experience is an important factor in deciding upon a transferee court. *See In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 626 F. Supp. 2d 1346, 1347 (J.P.M.L. 2009) (finding that centralization in the chosen district permits the Panel to "effect the section 1407 assignment to a judge who has extensive experience in multidistrict litigation as well as the ability and temperament to steer this complex litigation on a steady and expeditious course").

District Court Judge K. Michael Moore, who currently presides over *Garrison*, the nation's first-filed, consolidated class action lawsuit representing nationwide and global classes, has experience presiding over MDL proceedings, including *In re Liquid Toppings Dispensing Sys. ('447) Patent Litig.*, (MDL No. 2832), to which he was assigned as transferee judge while Chief Judge presiding over this District, and in whom the Panel expressed their full confidence. *Id.*, 291 F. Supp. 3d 1378, 1380 (J.P.M.L. 2018) ("We are confident that Chief Judge K. Michael Moore, an experienced transferee judge who presided over the 2012 litigation,[3] will steer this controversy on a prudent course.").

Since receiving and consolidating *Garrison* and *Podalsky*, Judge Moore has fastidiously managed the consolidated docket, overseeing the orderly process of serving 18 different defendants and ensuring that they provide a coordinated response to the allegations in the suit.

District Court Judge Cecilia M. Altonaga, who is the Chief Judge of the Southern District of Florida and currently presides over a Related Action, has experience presiding over MDL proceedings, including *In re: January 2021 Short Squeeze Trading Litigation* (MDL 2989) since

*In re: FTX Collapse Litigation*

April 2021. In less than two years since that MDL was first formed, Chief Judge Altonaga has adeptly managed those proceedings, significantly culling down the pretrial issues to be determined through several orders dismissing defective claims.

In addition, Judge Altonaga is familiar with the issues relevant to the Related Actions, as she also presides over *Norris, et al. v. Thomas Brady, et al.*, No. 1:23-cv-20439-CMA (S.D. Fla.), individual actions filed in state court in the Eleventh Judicial Circuit in and for Miami-Dade County, which were consolidated and removed to the Southern District of Florida. In *Norris*, Judge Altonaga has taken an early and active role in that Related Action, entering various orders to organize the litigation in that action, including briefing schedules on pending motions, establishing requirements to conduct a joint Rule 16 Scheduling Conference.[9]

Moreover, Judge Altman and Magistrate Judge Lisette M. Reid are presiding over *Robertson, et al. v. Mark Cuban, et al.*, No. 22-cv-22538-ALTMAN/Reid (S.D. Fla.), a similar action against Mark Cuban and his Dallas Mavericks, who were Brand Ambassadors for Voyager. The *Robertson* action, similar to *Garrison*, alleges that these Brand Ambassadors substantially participated in Voyager's offer and sale of interest-bearing cryptocurrency accounts on its trading platform, which accounts are securities required to be registered with securities regulators, such that they are jointly and severally liable for the damages Voyager caused to its customers. *Robertson* was also filed with substantial expert support from Dr. Stephen Castell of Castell Consulting and Rich Sanders of CipherBlade, and the Parties in the *Robertson* action are in the midst of conducting significant discovery into the issues arising from that litigation.

---

[9] Chief Judge Altonaga is very  familiar with the subject matter of the litigation as she is also the presiding judge over *Cassidy v. Voyager Digital Ltd., et al.*, No. 1:21-cv-24441-CMA, the first-filed nationwide class action against Voyager Digital for similar claims that they engaged in the offer and sale of *unregistered securities* in the form of interest-bearing cryptocurrency accounts much like the ones at issue in the Related Actions.

*In re: FTX Collapse Litigation*

Judge Altman and Magistrate Judge Reid have prudently steered the *Robertson* litigation. The Parties are operating under an efficient trial order, with trial scheduled to occur in February 2024. The Parties have deposed a number of the Plaintiffs, Defendant Mark Cuban, and plaintiffs in that action are deposing executives of the Dallas Mavericks and Voyager Founder/CEO Stephen Ehrlich in the coming weeks. The Parties have also issued third party subpoenas to other Voyager Brand Ambassadors and other third parties with potentially relevant information for that action, including the law firm Sullivan & Cromwell. Magistrate Judge Reid has been available for numerous discovery hearings, sometimes holding hearings within the same day of a dispute being raised with her, to ensure that discovery proceeds efficiently and effectively. Judge Altman, who does not currently have an MDL pending before him, has worked assiduously to ensure that the action proceeds on an effective pretrial schedule so that the Parties can quickly and efficiently raise their arguments before him and hopefully bring the Action to resolution.[10]

Therefore, based on the experience of the Southern District of Florida in MDL actions, the Southern District of Florida is the appropriate transferee forum.

### B. Docket Conditions in the Southern District of Florida are More Favorable Than in Other Districts.

According to the most recent Federal Court Management Statistics, the Southern District of Florida ranks as the top district in the entire country in the most significant measure of docket conditions: the median time from filing to disposition in civil cases. The median time from filing to disposition currently stands at 3.6 months, and has not exceeded 5 months for the past thirteen years. Additionally, the Southern District of Florida also stands near the top of the list for median

---

[10] For instance, when the *Robertson* plaintiffs filed a motion for class certification in that action, Judge Altman denied the motion without prejudice with instruction to refile the motion after the action proceeds past the motion to dismiss phase.

time from filing to trial in civil cases, ranking third nationwide in that measure with a median time of 25 months. The Southern District of Florida, therefore, clearly "enjoys general docket conditions conducive to the efficient resolution of this litigation." *In re: Skechers Toning Shoe Products Liab. Litig.*, 831 F. Supp. 2d 1367, 1370 (U.S. Jud. Pan. Mult. Lit. 2011). Here, establishing the MDL in an efficient District Court is of paramount importance due to the significant scope, complexity, and widespread damages caused to consumers at issue in the Related Actions.

As the Panel has previously recognized, the Southern District of Florida is "readily accessible." *In re Enfamil Lipil Marketing & Sales Practices Litig.*, 764 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011). Also, the judges in the Southern District of Florida are exceptionally qualified and experienced with complex litigation. The MDL Panel has consistently acknowledged that such experience is a key factor in deciding upon a transferee court. *See In re Health Management Associates, Inc. Qui Tam Litig. (No. II)*, MDL No. 2524, 2014 WL 1338479, *2 (J.P.M.L. Apr. 3, 2014) (transferring actions to an "experienced jurist"); *In re Biomet M2a Magnum Hip Implant Products Liab. Litig.*, 896 F. Supp. 2d 1339, 1340-41 (J.P.M.L. 2012) (transferring actions to a judge "who is well-versed in the nuances of complex, multidistrict litigation").

The advantages of establishing the MDL in the Southern District of Florida are magnified when compared to case management metrics in the other potential MDL jurisdictions, the Northern and Southern Districts of California. For instance, these Districts are more heavily burdened and therefore less efficient than the Southern District of Florida. Compared to the Southern District of Florida's 3.6-month median time from filing to disposition, it takes 10.1 months in the Northern District of California and 7.7 months in the Southern District of California. The difference is even greater for median time from filing to trial, with it taking 25 months in the

Southern District of Florida, 34.7 months in the Northern District of California, and 46.9 months in the Southern District of California.

Another "especially useful basis for comparing the various court dockets" is the percentage of cases over 3 years old. D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation*, § 6:17 at 210-11 (2009). Here again, the Southern District of Florida is by far the more efficient district with only 133 (3.4%) of its cases pending for three years or more. This is particularly impressive when measured against the Northern District of California, where 971 cases (8.6%) have been pending three years or more, and the Southern District of California, where 535 cases (23.2%) have been pending three years or more. One possible explanation for the other districts' relative inefficiency—and another factor militating in favor of the Southern District of Florida—is that, as of June 30, 2022, each judge in the Southern District of Florida has, on average, 332 pending actions, whereas each judge in the Northern District of California has an average of 890 pending actions, while each judge in the Southern District of California has 457 pending actions.

Establishing the MDL in a District Court with favorable docket conditions and a proven track record of efficiently managing cases is crucial under these circumstances, where at issue is what is likely the largest financial fraud in history, with billions of dollars in investments from average consumers hanging in the balance.

### C.  The Southern District of Florida has a Strong Nexus to the Litigation.

Finally, there is a strong nexus between the issues in these Related Actions and the Southern District of Florida. The primary conduct at issue in these actions admittedly all emanated from the Southern District of Florida. Although the FTX Entities' international headquarters was

*In re: FTX Collapse Litigation*

in the Bahamas, its domestic US base of operations is located in Miami, Florida.[11] Moreover, many of the "Brand Ambassador" named Defendants are Florida residents and much of their conduct emanated from this state as well, including Tom Brady, Gisele Bunchden, Kevin O'Leary, David Ortiz, and Udonis Haslem. Miami has become the "hot spot" for crypto companies like FTX, hosting the most investments in crypto startups as well as the largest and most well attended annual Bitcoin Miami 2022 Global Forums. Several crypto companies are based in Miami, in addition to FTX.US, including crypto exchange Blockchain.com, and Ripple, moved their headquarters to Miami. Others, including fellow exchange eToro, expanded their U.S. presence with offices in Miami. FTX is very familiar with Miami, where they signed a deal worth more than $135 million dollars for the naming rights of the waterfront arena, where 3-time NBA Champions the Miami Heat play. Lastly, the first-filed global and nationwide class actions involving the collapse of the FTX trading platform were filed and are pending in the Southern District of Florida.

Under these circumstances, the Panel  previously consolidated and transferred Related Actions to the Southern District of Florida, where events central to the litigation occurred here, some of the defendants are located here, and the first-filed action was located here. *See, e.g.*, *In re January 2021 Short Squeeze Trading Litig.*, MDL 2989, 2021 WL 1258399, at *1 (transferring related securities cases under § 1407 to the Southern District of Florida because  the cases involved common questions of fact and "some of the events central to this litigation" occurred there); *In re Optimal Strategic U.S. Equity Fund Sec. Litig.*, 648 F. Supp. 2d at 1388–89 (centralizing related securities class actions in the Southern District of Florida where the cases involved common

---

[11]     https://www.coindesk.com/business/2022/09/27/crypto-exchange-ftx-is-moving-its-us-headquarters-from-chicago-to-miami/ (accessed February 10, 2023).

questions of fact, a common defendant was headquartered in Florida, and the first-filed class action was pending).

Consolidation of the claims in the Related Actions in the Southern District of Florida will achieve efficient use of judicial resources, prevent duplicative discovery, and prevent fraudulent claims.

## **CONCLUSION**

Centralization of the Related Actions will promote the goals of 28 U.S.C. § 1407 by conserving judicial resources, , reducing litigation costs, preventing potentially inconsistent pretrial rulings, eliminating duplicative discovery, and permitting the cases to proceed more efficiently.

Therefore, for the foregoing reasons, Plaintiffs respectfully request that the MDL Panel transfer and consolidate or coordinate all of the Related Actions to the United States District Court for the Southern District of Florida for pretrial purposes.

Dated: February 10, 2023                    Respectfully submitted,

By: */s/ Adam Moskowitz*
Adam M. Moskowitz
Joseph M. Kaye
**THE MOSKOWITZ LAW FIRM, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Telephone: (305) 740-1423
adam@moskowitz-law.com
joseph@moskowitz-law.com

By: */s/ David Boies*
David Boies
Alex Boies
Brooke Alexander
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Phone: (914) 749–8200

*In re: FTX Collapse Litigation*

dboies@bsfllp.com

**By: */s/ Stephen Neal Zack***
Stephen Neal Zack
**BOIES SCHILLER FLEXNER LLP**
100 SE 2nd St., Suite 2800
Miami, FL 33131
Office: 305-539-8400
szack@bsfllp.com

**By: */s/Jose M. Ferrer***
Jose M. Ferrer
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440
jose@markmigdal.com
eservice@markmigdal.com

*Co-Counsel for Petitioners, Edwin Garrison, Gregg Podalsky, Skyler Lindeen, Alexander Chernyavksy, Sunil Kavuri, Gary Gallant, and David Nicol*

20

**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| IN RE: FTX LITIGATION | MDL Docket _____ |
| --- | --- |

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
| --- | --- | --- | --- |
| Plaintiffs:<br>Edwin Garrison,<br>Gregg Podalsky,<br>Skyler Lindeen,<br>Alexander Chernyavsky,<br>Gary Gallant and<br>David Nicol<br>Sunil Kavuri<br><br>Defendant:<br>Samuel Bankman-Fried,<br>Thomas Brady,<br>Gisele Bundchen,<br>Kevin OLeary,<br>Udonis Haslem,<br>David Ortiz,<br>Stephen Curry,<br>Golden State Warriors LLC,<br>Shaquille ONeal,<br>William Trevor Lawrence,<br>Shohei Ohtani,<br>Naomi Osaka and<br>Lawrence Gene David<br>Caroline Ellison,<br>Sam Trabucco,<br>Gary Wang,<br>Nishad Singh,<br>Dan Friedberg, | United States District Court for the Southern District of Florida | 1:22-cv-23753<br><br>(First Filed Action) | K. Michael Moore |
| Plaintiffs:<br>Gregg Podalsky,<br>Skyler Lindeen,<br>Alexander Chernyavsky,<br>Gary Gallant and | United States District Court for the Southern District of Florida | 1:22-cv-23983<br><br>(Consolidated with *Garrison v. Bankman-Fried*) | K. Michael Moore |

| | | | |
|---|---|---|---|
| David Nicol<br><br>Defendant:<br>Samuel Bankman-Fried,<br>Thomas Brady,<br>Gisele Bundchen,<br>Kevin OLeary,<br>Udonis Haslem,<br>David Ortiz,<br>Stephen Curry,<br>Golden State Warriors LLC,<br>Shaquille ONeal,<br>William Trevor Lawrence,<br>Shohei Ohtani,<br>Naomi Osaka and<br>Lawrence Gene David<br>Caroline Ellison,<br>Sam Trabucco,<br>Gary Wang,<br>Nishad Singh,<br>Dan Friedberg, | | | |
| Plaintiff:<br>Shengyun Huang<br>Michael Livieratos<br>Michael Norris<br>Brandon Rowan<br>Vijeth Shetty<br>Bo Yang<br><br>Defendant:<br>Thomas Brady,<br>Kevin OLeary, and<br>David Ortiz | United States District Court for the Southern District of Florida | 1:23-cv-20439 | Cecilia M. Altonaga |
| Plaintiff:<br>Michael Elliott Jessup<br><br>Defendant:<br>Samuel Bankman-Fried,<br>Caroline Ellison,<br>Nishad Singh,<br>Gary Wang and<br>Sam Trabucco | United States District Court for the Northern District of California | 3:2022-cv-07666<br><br>(Motion to Consolidate pending in *Lam*) | Jacqueline Scott Corley |

| | | | |
|---|---|---|---|
| Plaintiff:<br>Russell Hawkins<br><br>Defendant:<br>Samuel Bankman-Fried,<br>Caroline Ellison,<br>Zixiao Gary Wang,<br>Nishad Singh,<br>Armanino, LLP and<br>Prager Metis CPAs, LLC | United States District Court for the Northern District of California | 3:2022-cv-07620<br><br>(Motion to Consolidate pending in *Lam*) | Jacqueline Scott Corley |
| Plaintiffs:<br>Stephen T Pierce<br><br>Defendants:<br>Samuel Bankman-Fried,<br>Caroline Ellison,<br>Zixiao Wang,<br>Nishad Singh,<br>Armanino, LLP and<br>Prager Metis CPA's | United States District Court for the Northern District of California | 3:2022-cv-07444<br><br>(Motion to Consolidate pending in *Lam*) | Jacqueline Scott Corley |
| Plaintiffs:<br>Elliott Lam<br>(petitioner: Michael Elliott Jessup, Stephen T Pierce and Julie Chon Papadakis)<br><br>Defendants:<br>Sam Bankman-Fried, Caroline Ellison and<br>Golden State Warriors, LLC | United States District Court for the Northern District of California | 3:2022-cv-07336<br><br>(Motion to Consolidate pending) | Jacqueline Scott Corley |
| Plaintiffs:<br>Julie Chon Papadakis<br><br>Defendant:<br>Samuel Bankman-Fried,<br>Caroline Ellison,<br>Zixiao Gary Wang,<br>Nishad Singh,<br>Armanino LLP and<br>Prager Metis CPAs, LLC | United States District Court for the Northern District of California | 3:2023-cv-00024<br><br>(Motion to Consolidate pending in *Lam*) | Jacqueline Scott Corley |

| | | | |
|---|---|---|---|
| Plaintiff:<br>Joewy Gonzalez<br><br>Defendants:<br>Silvergate Bank,<br>Silvergate Capital Corporation, and<br>Alan J. Lane | United States District Court for the Southern District of California | 3:2022-cv-01981 | Roger T. Benitez |
| Plaintiffs:<br>Jose Tomas Sepulveda Zuleta, Michael Lehrer, and Tristan Newman<br><br>Defendants:<br>Silvergate Capital Corporation,<br>Alan J. Lane,<br>Christopher M. Lane,<br>Tyler J. Pearson, and<br>Jason Brenier | United States District Court for the Southern District of California | 3:2022-cv-01901<br><br>(Notice of Voluntary Dismissal Filed February 9, 2023) | Roger T. Benitez |
| Plaintiffs:<br>Andrawes Husary,<br>Francisco De Tomaso,<br>Soham Bhatia, and<br>Michael Hawwa<br><br>Defendants:<br>Silvergate Bank,<br>Silvergate Capital Corporation, and Alan J. Lane | United States District Court for the Southern District of California | 3:2023-cv-00038<br><br>(Notice of Voluntary Dismissal Filed February 9, 2023) | Roger T. Benitez |