ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
HADIYA K. DESHMUKH (328118)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
hdeshmukh@rgrdlaw.com
     – and –
ERIC I. NIEHAUS (239023)
BRIAN E. COCHRAN (286202)
KENNETH P. DOLITSKY (345400)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ericn@rgrdlaw.com
bcochran@rgrdlaw.com
kdolitsky@rgrdlaw.com

Attorneys for Plaintiff Patrick Rabbitte

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LAM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>      vs.<br><br>SAM BANKMAN-FRIED, CAROLINE ELLISON, and GOLDEN STATE WARRIORS, LLC.,<br><br>                              Defendants. | Case No. 3:22-cv-07336-JSC<br><br>CLASS ACTION<br><br>PLAINTIFF PATRICK RABBITTE'S RESPONSE TO PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE<br><br>DATE:     March 9, 2023<br>TIME:     10:00 a.m.<br>CTRM:   8, 19th Floor<br>JUDGE:  Hon. Jacqueline Scott Corley |

Patrick Rabbitte, plaintiff in the related action *Rabbitte v. Sequoia Capital Operations, LLC*, No. 4:23-cv-00655-KAW (the "Related Action"), respectfully submits this response to Plaintiffs'[1] Notice of Motion and Motion to Consolidate, to Appoint Interim Co-Lead Counsel, Liaison Counsel, and Plaintiffs' Executive Committee (the "Motion"). *See* ECF 19. Mr. Rabitte requests that further briefing and a decision on the Motion be stayed in light of the pending petition and motion to transfer before the Judicial Panel on Multidistrict Litigation ("JPML"), *see* ECF 21, or, in the alternative, that a reasonable briefing schedule be entered to provide Mr. Rabbitte an opportunity to substantively respond to the Motion.

At this time, the Motion is premature. Several other FTX-related cases were filed in federal and state courts throughout the country in the wake of the collapse of FTX. These cases arise from the same facts and circumstances as the cases that form the subject of the Motion, and some include overlapping defendants and class definitions. Indeed, the first-filed class action was filed on November 15, 2022 in the U.S. District Court for the Southern District of Florida – several days before the first FTX-related class action filed in this District. *See Garrison v. Bankman-Fried*, No. 1:22-cv-23753-KMM. Some of the pending cases in other districts are also at a more advanced stage of proceedings. For example, the *Garrison* case has been consolidated with a related case. In addition, plaintiffs' counsel there has both effectuated service of process as to several defendants and filed an amended complaint in the consolidated proceedings. By contrast, plaintiffs' counsel in the above-captioned proceedings do not appear to have taken any substantial action to prosecute the case, other than seeking to appoint themselves interim class counsel pursuant to the Motion. In fact, despite the earliest case (the *Lam* case) being filed nearly three months ago, it does not appear that defendants in that case or in the majority of Plaintiffs' cases have been served with the summons and complaints. All of these facts are relevant to the Court's inquiry under Rule 23(g) of the Federal Rules of Civil Procedure. *See, e.g.*, *In re Meta Pixel Healthcare Litig.*, 2022 WL

---

[1] "Plaintiffs" as used herein refers to plaintiffs in the related actions ***other than*** the case filed by Mr. Rabbitte; namely, Elliott Lam, Michael Elliott Jessup, Stephen Pierce, Julie Papadakis, and Russell Hawkins.

PLAINTIFF PATRICK RABBITTE'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE - **3:22-cv-07336-JSC** - 1 -
4855-4537-5057.v3

18399978, at *2 (N.D. Cal. Dec. 21, 2022) (discussing factors relevant to the interim class counsel analysis).

Moreover, a petition was recently filed with the JPML to transfer the above-captioned action and related cases to the United States District Court for the Southern District of Florida, where the first-filed FTX-related class action is pending (the "Petition"). *See* ECF 21; 28 U.S.C. §1407(a). If the Petition is granted, all related cases – including this case – may be transferred out of this District or, if centralized before this Court, transferred here. Once centralized, the presiding multidistrict litigation ("MDL") transferee judge should decide relevant leadership applications, as is common practice in MDL proceedings. *See* Manual for Complex Litig., §10.221. It would be premature and a waste of party and Court resources to decide the Motion before the Petition has been decided.[2] Indeed, considering plaintiffs' leadership motions prior to the JPML's decision can – and has in prior cases – caused unnecessary chaos in later MDL proceedings, and is generally seen as simple "jockeying for position" by plaintiffs' lawyers. *See, e.g.*, *Navarrete v. Hill's Pet Nutrition, Inc.*, 2019 WL 1932388, at *1 (N.D. Cal. May 1, 2019) ("Seeking a leg up in the seemingly inevitable MDL action, the *Navarrete* and *Bauer* plaintiffs also move to appoint their attorney, Robert C. Schubert of Schubert Jonckheer & Kolbe LLP, as interim class counsel. While FRCP 23(g)(3) permits designation of interim counsel to 'act on behalf of a putative class,' appointing interim counsel at this stage of the litigation is unnecessary. The putative class would instead be better served by waiting for the JPML's determination regarding consolidation prior to the appointment of interim counsel. Should the cases be consolidated, interim counsel should possibly be appointed once all parties and their counsel have been given a fair opportunity to be heard. The motion for appointment of interim counsel is DENIED.") (citation omitted). By contrast, no party will be harmed by the short and sensible stay proposed.

---

[2] Courts in this District routinely stay all proceedings pending the JPML's decision on a petition under 28 U.S.C. §1407. *See, e.g.*, *Gutierrez v. Samsung Elecs. Am., Inc.*, 2022 WL 15398352, at *1 (N.D. Cal. Oct. 27, 2022) (granting stay); *Lyon v. DePuy Orthopaedics, Inc.*, 2019 WL 4933586, at *4 (N.D. Cal. Oct. 7, 2019) (same); *Rifenbery v. Organon USA, Inc.*, 2014 WL 296955, at *2 (N.D. Cal. Jan. 26, 2014) (same); *A.D. v. Pfizer, Inc.*, 2013 WL 3889159, at *2 (N.D. Cal. July 26, 2013) (same).

1 At the very least, the Court should allow full briefing on the Motion to ensure it has a full and fair record upon which to decide the Motion. Mr. Rabbitte filed the Related Action two days ago and would like an opportunity to substantively respond to the Motion. In addition, several parties in Plaintiffs' cases do not appear to have entered notices of appearance, and thus may also not have yet had an opportunity to weigh in.

As a result, Mr. Rabbitte respectfully asks the Court to stay briefing on the Motion until the Petition has been decided. In the alternative, Mr. Rabbitte requests that the Court provide the following schedule for remaining briefing on the Motion: 14 days to allow interested parties to substantively respond, with 7 days for Plaintiffs' reply.[3]

DATED: February 16, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
HADIYA K. DESHMUKH

       s/ Shawn A. Williams
       SHAWN A. WILLIAMS

Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

---

[3] Counsel for Mr. Rabbitte emailed all parties that had entered appearances on the relevant dockets yesterday to inquire whether they would consent to a stay of Motion briefing or, in the alternative, a briefing schedule of 7 days for responses and 7 days for the reply. Mr. William Audet responded on behalf of Plaintiffs that they do not consent to the stay or a shortened briefing schedule, and thus Mr. Rabbitte is seeking the default 14 day time to respond to the Motion. Counsel for other parties have not yet responded. *See* Declaration of Brian E. Cochran in Support of Patrick Rabbitte's Response to Motion to Consolidate, to Appoint Interim Co-Lead Counsel, Liaison Counsel, and Plaintiffs' Executive Committee, Ex. A.

PLAINTIFF PATRICK RABBITTE'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE - **3:22-cv-07336-JSC** - 3 -
4855-4537-5057.v3

|   |   |
|---|---|
| 1 |   |
| 2 | ROBBINS GELLER RUDMAN <br>   & DOWD LLP <br> ERIC I. NIEHAUS <br> BRIAN E. COCHRAN <br> KENNETH P. DOLITSKY <br> 655 West Broadway, Suite 1900 <br> San Diego, CA  92101 <br> Telephone:  619/231-1058 <br> 619/231-7423 (fax) |
| 6 | ROBBINS GELLER RUDMAN <br>   & DOWD LLP <br> STUART A. DAVIDSON <br> ANNY M. MARTIN <br> 225 NE Mizner Boulevard, Suite 720 <br> Boca Raton, FL 33432 <br> Telephone:  561/750-3000 <br> 561/750-3364 (fax) |
| 11 | Attorneys for Plaintiff Patrick Rabbitte |

PLAINTIFF PATRICK RABBITTE'S RESPONSE TO PLAINTIFFS' MOTION TO APPOINT INTERIM CO-LEAD COUNSEL, LIAISON COUNSEL, AND PLAINTIFFS' EXECUTIVE COMMITTEE - **3:22-cv-07336-JSC** - 4 -
4855-4537-5057.v3

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 16, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

        s/ Shawn A. Williams
SHAWN A. WILLIAMS

ROBBINS GELLER RUDMAN
    & DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
Email:  shawnw@rgrdlaw.com

4855-4537-5057.v3

# Mailing Information for a Case 3:22-cv-07336-JSC Lam v. Bankman-Fried

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **William M. Audet**
  waudet@audetlaw.com,nperez@audetlaw.com,kkessler@audetlaw.com,lkuang@audetlaw.com

- **Daniel C. Girard**
  dgirard@girardsharp.com,mcox@girardsharp.com,tomw@girardsharp.com,avongoetz@girardsharp.com,apolk@girardsharp.com,5804895420@filings.docketbird.com

- **Marshal Hoda**
  marshal@thehodalawfirm.com,marshal@ecf.courtdrive.com

- **Kurt David Kessler**
  kkessler@audetlaw.com

- **Laurence D. King**
  lking@kaplanfox.com,spowley@kaplanfox.com,nlee@kaplanfox.com

- **Ling Yue Kuang**
  lkuang@audetlaw.com

- **Robert Lawrence Lieff**
  rlieff@lieff.com,robertl-lieff-1865@ecf.pacerpro.com

- **Todd M. Logan**
  tlogan@edelson.com,abhausmann@edelson.com,4054100420@filings.docketbird.com,bsilverkorn@edelson.com,docket@edelson.com

- **Stephen T Pierce**
  steve@vondranlegal.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`