SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
POLLY TOWILL, Cal. Bar. No. 120420
ptowill@sheppardmullin.com
JOHN LANDRY, Cal. Bar No. 194374
jlandry@sheppardmullin.com
MADALYN MACARR, Cal. Bar No. 301539
mmacarr@sheppardmullin.com
333 South Hope Street, 43rd Floor
Los Angeles, California 90071-1422
Telephone:  213.620.1780
Facsimile:   213.620.1398

Attorneys for Defendants SILVERGATE CAPITAL CORPORATION, SILVERGATE BANK, and ALAN J. LANE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM BANKMAN-FRIED, CAROLING ELLISON, and GOLDEN STATE WARRIORS, LLC,<br><br>Defendants. | Case No. 3:22-cv-07336-JSC<br>The Hon. Jacqueline Scott Corley<br><br>**OPPOSITION TO ADMINISTRATIVE L.R. 7-11 MOTION TO CONSIDER WHETHER THE SILVERGATE ACTIONS SHOULD BE RELATED**<br><br>N.D. Cal. Civil L.R. 3-12<br><br>[Complaint Filed:  November 20, 2022]<br><br>Trial Date:  None Set |
| THIS DOCUMENT RELATES TO:<br><br>*Pierce v. Bankman-Fried et al.,* Case No. 3:22-cv-07444-JSW<br><br>*Hawkins v. Bankman-Fried et al.,* Case No. 3:22-cv-007620-TSH<br><br>*Jessup v. Bankman-Fried et al.,* Case No. 4:22-cv-07666-DMR<br><br>*Papadakis v. Bankman-Fried, et al.,* Case No. 3:23-cv-00024-JSC | |

## I.   INTRODUCTION

On February 16, 2023, plaintiffs Soham Bhatia, Mason Magleby, Golam Sakline, and Nicole Keane (the "Movants") filed an administrative motion to consider whether three cases they filed against Silvergate Capital Corporation, Silvergate Bank, and Alan J. Lane (collectively, the "Silvergate Defendants") – *Bhatia v. Silvergate Bank*, (N.D. Cal. Case No. 3:23-cv-00667); *Keane v. Silvergate Bank*, (N.D. Cal. Case No. 3:23-cv-00670); and *Magleby, et al.*, *v. Silvergate Bank, et al.*, (N.D. Cal. Case No. 3:23-cv-00669) (collectively, the "Silvergate Actions") – should be related to *Lam v. Bankman-Fried*, 22-cv-07336-JSC (N.D. Cal). The Silvergate Defendants have not been served with the complaints in any of these actions, and were not notified of the motion to relate until just this week. The Silvergate Actions should not be related because they do not "concern substantially the same parties, property, transaction, or event;" nor is it "likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges."[1]  N.D. Cal. LR 3-12(a).

## II.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

### A.   Plaintiff Files *Lam* and Consolidates With Other Matters Against Bankman-Fried

On November 21, 2022, Elliott Lam initiated *Lam v. Bankman-Fried*, 22-cv-07336-JSC (N.D. Cal), generally alleging that defendants made false assurances regarding the safety and efficacy of FTX as an investment platform when marketing to and soliciting plaintiffs to invest money in or with FTX. (*See* ECF No. 9). On December 12, 2022, plaintiff Lam filed an administrative motion to consider whether

---

[1] The Silvergate Defendants recognize that the time for filing an opposition to a motion for administrative relief is four days after the motion is filed, N.D. Cal. LR 7-11(b), but respectfully request that the Court consider this opposition given that they received service of it less than four days ago, through their agent for service of process, and given that Movants have studiously avoided serving them in any of the Silvergate Actions. (Towill Decl., ¶ 8).

three cases – *Pierce v. Bankman-Fried, et al.* (N.D. Cal. Case No. 4:22-cv-07444-JSW), *Hawkins v. Bankman-Fried, et al.* (N.D. Cal. Case No. 3:22-cv-07620-TSH), and *Jessup v. Bankman-Fried, et al.* (N.D. Cal. Case No. 4:22-cv-07666-DMR) – should be related to *Lam* (the "First Relation Motion"). On December 19, 2022, this Court granted Plaintiff's unopposed First Relation Motion.

On January 4, 2023, plaintiff Julie Chon Papadakis filed an administrative motion to consider whether *Papadakis v. Bankman-Fried, et al.* (N.D. Cal. Case No. 3:23-cv-00024-JSW) should be related to *Lam* (the "Second Relation Motion"). On January 10, 2023, this Court granted the unopposed Second Relation Motion.

### B.   The Silvergate Actions Are Filed

Between December 1, 2022 and January 9, 2023, counsel for the Movants filed three separate actions against the Silvergate Defendants in the Southern District of California, on behalf of different plaintiffs: (1) *Gonzalez v. Silvergate Bank, et al.* (Case No. 3:22-cv-1981); (2) *Zuleta, et al. v. Silvergate Capital Corporation, et al.*, (Case No. 3:22-cv-1901); and (3) *Husary, et al. v. Silvergate Bank, et al.*, (Case No. 3:23-cv-0038). (Towill Decl., ¶ 3). While the parties were in the process of finalizing the terms of a stipulation to consolidate the *Gonzalez*, *Zuleta*, and *Husary* Actions, counsel for the Movants inexplicably voluntarily dismissed all three actions pending in the Southern District of California. (*Id.* ¶ 7).

### C.   Movants Seek to Consolidate the Silvergate Actions with *Lam*

On February 14, 2023, counsel for Movants filed the Silvergate Actions in the Northern District of California. Although counsel for Movants provided courtesy copies of the filed complaints to the undersigned counsel for the Silvergate Defendants, none of the Silvergate Defendants have been served in any of the Silvergate Actions. (*Id.* ¶¶ 4-8). Instead, on February 16, 2023, Movants filed the instant administrative motion pursuant to Local Rule 7-11 to consider whether the Silvergate Actions should be related to the five other actions that have already been deemed related and pending before this Court (the "Motion to Relate"). The agent

for service of process for Silvergate Capital and Silvergate Bank received service of the Motion to Relate on February 27, 2023 – eleven days after filing (and after the deadline to oppose had already passed). (Towill Decl., ¶ 9). Alan J. Lane still has not been served with a copy of the Motion to Relate.

### III.   THE MOTION TO RELATE SHOULD BE DENIED

#### A.   The Motion to Relate Is Procedurally Flawed

This District's Local Rules provide that "a copy of the motion, together with proof of service pursuant to Civil L.R. 5-5, must be served on all known parties to each apparently related action." L.R. 3-12(b). Despite knowing the identify of counsel for the Silvergate Defendants (and previously serving them in the *Zuleta* and *Gonzalez* actions), here, Movants did not provide a courtesy copy of the filing at this time of filing to allow the Silvergate Defendants a chance to timely oppose. Although their avoidance of formally serving the Silvergate Defendants in this action excused them from having to do so under the Local Rules, these tactics deprived the Silvergate Defendants of the opportunity to timely respond to the instant Motion.[2] Moreover, Local Rule 3-12(b) requires that "a courtesy copy of the motion must be lodged with the assigned Judge in each apparently related case under Civil L.R. 5-1(d)(7)." None of the dockets in the Silvergate Actions (which counsel for the Silvergate Defendants has been monitoring) reflect that a courtesy copy has been lodged.

#### B.   The Silvergate Actions Do Not Involve Substantially The Same Parties, Transactions, or Events.

The Court should decline to relate the Silvergate Actions to *Lam* because the cases simply do not meet the standard under Local Rule 3-12(a).

**No Same Parties**: Unlike the currently related cases which all contain at least some overlapping defendants (i.e. Samuel Bankman-Fried), the Silvergate Actions do not share *a single overlapping plaintiff or defendant* with any of the other cases at

---

[2]  Movants point to this lack of formal service as the reason for why a stipulation was not obtained as required by Local Rule 7-11. (ECF Nos. 22-1, 22-2, at ¶ 2).

issue. Moreover, there is no overlap with respect to the proposed Classes or the damages they seek. Indeed, Movants concede that "*Magleby* does not share any defendants in common with *Lam* or the currently related cases, and it focuses on Silvergate's role, not the roles of any promoters or auditors." (ECF No. 22 at fn. 1). This concession is true, but it is also misleading in that it omits that the same absence of relationship also applies equally with respect to *Bhatia* and *Keane*.

**No Same Transaction or Event**: The Silvergate Actions all allege claims against the Silvergate Defendants premised on various aiding and abetting theories. The two elements of an aiding and abetting theory are: (1) actual knowledge of FTX's underlying wrongdoing; and (2) substantial assistance despite that actual knowledge. *See, e.g. Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (2005). The Silvergate Actions all theorize that Silvergate Bank knew about FTX's alleged wrongdoing but "did nothing" to stop FTX. Thus, plaintiffs allege, Silvergate Bank provided "substantial assistance" to FTX to carry out its scheme. (*Bhatia* Complaint, ¶ 5; *see also Keane* Complaint, ¶ 3; *Magleby* Complaint, ¶ 173). Silvergate Bank's alleged knowledge of FTX's wrongdoing is based largely on Silvergate Bank's account monitoring duties primarily under the Bank Secrecy Act and Anti-Money Laundering Rules (BSA/AML). Specifically, plaintiffs in the Silvergate Actions allege that, because Silvergate Bank monitored its accounts for suspicious activity under BSA/AML rules, it knew about FTX's alleged misuse of customer funds to the extent such misuse took place within FTX accounts maintained at Silvergate Bank. (*See Bhatia* Complaint, ¶ 37, 57; *Keane* Complaint, ¶ 106, 137; *Magleby* Complaint, ¶ 150). Thus, the core allegations of wrongdoing at issue in the Silvergate Actions emanate entirely from *Silvergate Bank's* own obligations, functions, and purported conduct. None of the currently related actions involve Silvergate or these issues.

Furthermore, this Motion to Relate is entirely distinct from the First and Second Relation Motions. As an initial matter, both the First and Second Relation Motions involve overlapping defendants. Moreover, the lawsuits at issue in the First Relation

Motion all involve allegations that defendants' "promotion and operation of FTX induced individuals into investing and resulted in the loss of invested money." (ECF No. 9 at 1:16-18). That motion also identifies as the "same common operative facts" the "actions taken by Bankman-Fried and other named Defendants to promote FTX to investors and consumers." (ECF No. 9 at 2:14-15). Similarly, the Second Relation Motion characterized the "same common operative facts" as revolving around "the actions taken by Bankman-Fried and other named Defendants to promote the FTX Entities…to consumers" and that all of the currently related actions involved "factual allegations concerning the promotion of the FTX Entities by the Individual Defendants." (ECF No. 17). The Silvergate Defendants, in contrast, are not alleged to have had (nor have they had) any role in promoting, soliciting, or otherwise encouraging FTX investors to invest funds on FTX's platform.

### C. Allowing The Silvergate Actions To Proceed Separately Would Not Create Unduly Burdensome Duplication of Labor and Expense or Conflicting Results

Because the Silvergate Actions are based on Silvergate's alleged conduct and the other cases are not, there is no risk of conflicting results. The underlying fraud by FTX or its affiliates is not likely to be at issue. There would also be no or little overlap of labor and expense between the Silvergate Actions and the currently related actions. If anything, relating the Silvergate Actions may cause additional procedural hurdles.[3]

---

[3] For example, the defendants in the remaining actions do not appear to contest that venue is appropriate in the Northern District of California. The Silvergate Defendants, on the other hand, contest venue in this District given that Silvergate Capital Corporation and Silvergate Bank have their primary place of business in La Jolla, California; Alan J. Lane (who has still not received service of the Motion to Relate) is a resident of La Jolla, California; and virtually all relevant witnesses are located in Southern California. Indeed, once the Silvergate Defendants are served in this matter, they intend to move to dismiss or stay this matter based on *forum non conveniens* so that the cases can be tried in the Southern District of California – where Movants' counsel originally (and appropriately) had filed the predecessor Silvergate Actions before racing to this Court.

1  Dated: March 2, 2023                SHEPPARD. MULLIN. RICHTER & HAMPTON LLP

2

3                                By:              */s/ Polly Towill*
4                                     POLLY TOWILL, Cal. Bar No. 120420
                                      Email: ptowill@sheppardmullin.com
5                                     Attorneys for Defendants
                                      SILVERGATE BANK, SILVERGATE
6                                     CAPITAL CORPORATION, ALAN J. LANE,

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28