UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LAM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAM BANKMAN-FRIED, et al., <br><br> Defendants. | Case No. 22-cv-07336-JSC <br><br> **ORDER RE: MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL** <br><br> Re: Dkt. No. 19 |

Before the Court is a motion to consolidate five currently related cases and to appoint interim class counsel. (Case No. 22-cv-07336-JSC ("*Lam*"), Dkt. No. 19; *see* Case Nos. 22-cv-07444-JSC ("*Pierce*"), 22-cv-07620-JSC ("*Hawkins*"), 22-cv-07666-JSC ("*Jessup*"), 23-cv-00024-JSC ("*Papadakis*").)[1] After carefully considering the motion, the Court VACATES the March 9, 2023 hearing and DENIES the motion WITHOUT PREJUDICE.

Proofs or waivers of service of the summons and complaint have been filed as to none of the three defendants in *Lam*; three of six in *Pierce*; four of six in *Hawkins*; none of the five in *Jessup*; and five of six in *Papadakis*. As to three defendants—Golden State Warriors, LLC, Nishad Singh, and Sam Trabucco—proofs or waivers of service have not been filed in any case. It follows, then, that counsel have not appeared for all Defendants and thus have not responded to the motion to consolidate. While Plaintiffs state that no Defendant has filed an opposition, they offer no declaration attesting that they have met and conferred with Defendants and that they do not oppose consolidation. And, again, some Defendants have not made an appearance in any of the related cases.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

A motion to consolidate requires a trial court to "weigh the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1028–29 (N.D. Cal. 2003); *see* Fed. R. Civ. P. 42(a)(2). While trial courts may consolidate cases *sua sponte*, *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987), the Court discerns no need to do so now without giving Defendants the opportunity to be heard. And it would be premature to appoint interim class counsel before consolidation.

For all the above reasons, the motion to consolidate and for appointment of interim class counsel is DENIED without prejudice.

This Order disposes of Docket No. 19.

**IT IS SO ORDERED.**

Dated: March 8, 2023

_____
JACQUELINE SCOTT CORLEY
United States District Judge