Yaman Salahi (SBN 288752)
**EDELSON PC**
150 California Street, 18th Floor
San Francisco, California 94111
Telephone:  (415) 212-9300
Email: *ysalahi@edelson.com*

William M. Audet (SBN 117456)
**AUDET & PARTNERS, LLP**
711 Van Ness Avenue, Suite 500
San Francisco, CA 94102-3229
Telephone:  (415) 568-2555
Email: *waudet@audetlaw.com*

Laurence D. King (SBN 206423)
**KAPLAN FOX & KILSHEIMER LLP**
1999 Harrison Street, Suite 1560
Oakland, CA  94612
Telephone: (415) 772-4700
Email: *lking@kaplanfox.com*

Joshua B. Silverman (admitted *pro hac vice*)
**POMERANTZ LLP**
10 South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:      (312) 377-1181
Email: jbsilverman@pomlaw.com

[Additional Counsel on Signature Block]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAM BANKMAN-FRIED, CAROLINE ELLISON, and GOLDEN STATE WARRIORS, LLC,<br><br>                    Defendants. | **Case Nos.**     **22−cv−07336−JSC (*Lam*)**<br>                    **22−cv−07444−JSC (*Pierce*)**<br>                    **22−cv−07620−JSC (*Hawkins*)**<br>                    **22−cv−07666−JSC (*Jessup*)**<br>                    **23−cv−00024−JSC (*Papadakis*)**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Hearing Date: May 26, 2023<br>Time: 1:30 p.m.<br>Judge: Hon. Jacqueline Scott Corley |
| STEPHEN T. PIERCE, individually and on behalf of other members of the general public similarly situated,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAM BANKMAN-FRIED, CAROLINE ELLISON, ZIXIAO WANG, NISHAD SINGH, ARMANINO LLP and PRAGER METIS CPA's,<br><br>                    Defendants. | |

RUSSELL HAWKINS, individually and on behalf of other members of the general public similarly situated,

                    Plaintiff,

      v.

SAM BANKMAN-FRIED, CAROLINE ELLISON, ZIXIAO WANG,  NISHAD SINGH, ARMANINO LLP and PRAGER METIS CPA's,

                    Defendants.

---

MICHAEL ELLIOTT JESSUP, individually and on behalf of other members of the general public similarly situated,

                    Plaintiff,

      v.

SAM BANKMAN-FRIED, CAROLINE ELLISON, NISHAD SINGH, GARY WANG and SAM TRABUCCO,

                    Defendants.

---

JULIE PAPADAKIS, individually and on behalf of other members of the general public similarly situated,

                    Plaintiff,

      v.

SAM BANKMAN-FRIED, CAROLINE ELLISON, ZIXIAO WANG, NISHAD SINGH, ARMANINO LLP and PRAGER METIS CPA's,

                    Defendants.

**JOINT CASE MANAGEMENT STATEMENT**

**Plaintiffs' Statement:**

Pursuant to the Court's Order continuing the Initial Case Management Conference ("CMC") to May 26, 2023 (*see Lam* Dkts. 4, 42; *Pierce* Dkts. 6, 38; *Hawkins* Dkts. 4, 51, *Jessup* Dkts. 4, 25; *Papadakis* Dkts. 10, 58), the Northern District of California's Standing Order for All Judges, Judge Corley's Civil Standing Order ¶ E., Civil Local Rule ("L.R.") 16-9(a)-(b), and the Fed. R. Civ. P., Plaintiffs Elliott Lam, Stephen Pierce, Russell Hawkins, Michael Jessup, and Julie Papadakis ("Plaintiffs" in the above-captioned actions) and Defendants Samuel Bankman-Fried ("SBF"), Armanino LLP ("Armanino"), Prager Metis CPAs ("Prager Metis") (Armanino and Prager Metis, together, the "Auditor Defendants"), Golden State Warriors, LLC[1] and Sam Trabucco[2] (collectively, "Defendants"[3] in certain of the above-captioned actions and together with Plaintiffs, "the Parties"), jointly submit this Joint CMC Statement, in advance of the Initial CMC scheduled for May 26, 2023, at 1:30 p.m.

**Auditor Defendants' Statement:**

---

[1] **Footnote by Defendant Golden State Warriors, LLC:** Defendant Golden State Warriors, LLC ("GSW") and Plaintiff Lam are discussing a potential dismissal of all claims against GSW in the action captioned *Lam v. Bankman-Fried*, Case No. 22−cv−07336−JSC.  As a result, GSW did not participate in preparing this case management statement.  To the extent the Court nonetheless would like to know GSW's position, GSW submits that it is premature to discuss case management issues, such as a case schedule or discovery, pending resolution of the MDL petition (which may result in the transfer of this action to a different court) and/or Plaintiffs' anticipated consolidated complaint (which may include different parties and different claims than the current complaint).

[2] **Footnote by Defendant Sam Trabucco:** Mr. Trabucco respectfully notes that he is named as a Defendant only in the *Jessup* action (Case No. 3:22-cv-07666). Through this Joint Case Management Statement, Mr. Trabucco does not take a position on any issue in any action to which he is not a party. Nothing about Mr. Trabucco's joinder in this statement constitutes, or should be construed as, a concession that *Jessup* should be consolidated with any other action at this time. In this joint statement, Mr. Trabucco states his individual position on the *Jessup*-related case management topics for which his position differs from Plaintiffs' position.

[3] **Footnote by Plaintiffs:** Additional Defendants exist in the above-captioned actions (Defendants Caroline Ellison, Gary Wang, and Nishad Singh). However, these Defendants did not or were unable to provide statements or materials for inclusion in this Joint CMC Statement at the time of its filing. Plaintiffs note they made efforts to meet and confer with the parties known counsel regarding the Joint CMC Statement on May 4, 2023, and Audet & Partners, LLP circulated a draft of plaintiffs' portions of the Joint CMC Statement to the parties' known counsel on May 12, 2023.

Defendants Armanino LLP ("Armanino") and Prager Metis CPAs, LLC ("Prager Metis") (together, the "Auditor Defendants") provide this statement subject to their administrative request to continue the Case Management Conference (*Pierce* ECF No. 52, *Hawkins* ECF No. 67, *Papadakis* ECF No. 68). The Auditor Defendants are parties only to *Pierce*, *Hawkins* and *Papadakis*. Plaintiffs state that they intend to file a renewed motion to consolidate the Related Actions. The Auditor Defendants are not parties in *Lam* or *Jessup*.

The issues to be discussed at the CMC are not yet ripe. <u>First</u>, the Related Actions are among numerous cases currently subject to a Multidistrict Litigation petition pending before the Joint Panel on Multidistrict Litigation ("JPML"). The JPML will hear argument on the MDL Petition on May 25, 2023. The JPML likely will not rule on the MDL Petition until June. The JPML's ruling will clarify whether the Related Actions will remain in the Northern District of California or be transferred to another venue. Under the current schedule, at the CMCs the Court will not have the benefit of knowing the outcome of the MDL Petition. The JPML will have heard argument on the Petition but not yet ruled. The JPML's ruling could moot the CMCs (if the actions are transferred elsewhere), or at least affect case management (if the actions are transferred to the Northern District of California, as many parties have requested).

<u>Second</u>, Plaintiffs intend to file a renewed motion to consolidate. Consolidation would affect every aspect of this case. The Auditor Defendants will not know the scope of the allegations and claims until the consolidation question is settled. The Auditor Defendants cannot take a position on many discovery issues until the consolidation question is settled. The Auditor Defendants cannot offer an informed proposal on scheduling until the consolidation question is settled. Just as with the pendency of the MDL petition, Plaintiffs' promised motion to consolidate precludes meaningful discussion of the issues addressed in a CMC.

Subject to those reservations, the Auditor Defendants address below, to the extent possible, the CMC issues. The Auditor Defendants reserve the right to supplement this report after the JPML rules on the MDL Petition or Plaintiffs file a renewed motion to consolidate.

**Defendant Samuel Bankman-Fried's Statement:**

Defendant Samuel Bankman-Fried believes that it would be premature to hold a Case Management Conference prior to the resolution of the issues of potential consolidation and transfer that

are currently before the Judicial Panel on Multidistrict Litigation ("JPML") in MDL No. 3076. Defendant Bankman-Fried therefore requests the Court grant his pending Administrative Motion to Continue the Case Management Conferences until at least 40 days after an Order by the JPML on these issues. *See* Dkt. 59.

Following the JPML's decision on consolidation and transfer, Defendant Bankman-Fried anticipates moving to stay these Related Actions in light of ongoing governmental and criminal proceedings.

**1.    Jurisdiction and Service**

Plaintiffs' Position:

This Court has subject matter jurisdiction over these actions pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d) in that (1) these are putative class actions involving more than 100 class members; (2) Plaintiffs and Defendants possess at least minimum diversity; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs. This Court has jurisdiction over Defendants insofar as Plaintiffs contend that Defendants also conducted business in the State of California, and several Defendants are domiciled in this district.

All Defendants have been served in the above-captioned cases.[4]

Auditor Defendants' Position:

The Auditor Defendants agree that the Court has subject matter jurisdiction over *Pierce*, *Hawkins*, and *Papadakis* under the Class Action Fairness Act, 28 U.S.C. § 1332(d).

**2.    Facts**

Plaintiffs' Position:

Plaintiffs in the above-captioned cases collectively bring various causes of action against Defendants arising from the sudden collapse of the FTX cryptocurrency exchange platform in November 2022 that saw the unprecedented destruction of wealth for consumers and members of the classes herein: billions of dollars of assets disappeared in the span of a few days and FTX subsequently declared bankruptcy ("FTX" is inclusive of both the international platform, FTX Trading, Ltd., and its

---

[4] **Footnote by Plaintiffs:** Defendant Caroline Ellison (named Defendant in all actions) has accepted service pursuant to a joint stipulation between Defendant Ellison's Counsel and Plaintiffs' Counsel filed on May 11, 2023 (*Hawkins* Dkt. 62). The Court has now granted this stipulation (*Hawkins* Dkt. 63).

1  United States subsidiary, FTX.US).

2        On November 20, 2022, the first complaint was filed in this District followed by several others

3  that alleged a conspiratorial scheme spearheaded by Defendant SBF, then-CEO of FTX Exchange, other

4  top-level executives that worked closely at FTX, and the related entity Alameda Research, LLC

5  ("Alameda"), to misappropriate FTX deposits and assets and subsequently gamble the money away

6  through risky bet-making or outright theft. The cases include claims against not only the founders of

7  FTX and Alameda, but also high-level executives at these and related companies, outside auditors who

8  reviewed FTX and FTX.US financials, and other endorsers or co-conspirators that perpetrated the fraud.

9        On December 19, 2022, this Court related four of the above-captioned actions (*Lam* Dkt. 15).

10  The *Papadakis* action filed on January 3, 2023 was also related on January 10, 2023 (*Lam* Dkt. 18). The

11  *Bhatia*, *Magleby*, and *Keane* actions were related on March 8, 2023 (*Lam* Dkt. 29). The *Rabbitte* and

12  *Girshovich* actions were related on March 15, 2023 (*Lam* Dkt. 37).

13        While the Related Actions in this District bring a wide-ranging set of claims, they all revolve

14  around the collapse of the FTX exchange. The actions collectively seek redress for the billions of dollars

15  of losses incurred by unsuspecting consumers and investors who were tricked by SBF and the other

16  Defendants into storing their money or assets on the FTX exchange through misleading business

17  practices related to the promotion and operation of the FTX exchange. Specifically, Defendants failed

18  to disclose the true nature of the FTX exchange's relationships with related entities to consumers while

19  marketing, promoting, and operating it as a safe platform to use.

20        Some of the factual issues to be determined in this matter are: (i) whether reasonable consumers

21  would have deposited funds into FTX with knowledge of its true, fraudulent inner workings; (ii) how

22  the Defendants perpetrated the alleged fraud relating to the operation of the FTX Exchange; (iii) whether

23  the accountant Defendants knew or should have known of the fraud surrounding the FTX Exchange

24  while conducting its audits.

25        Mr. Trabucco's Position in *Jessup*:

26        In *Jessup* (Case No. 3:22-cv-07666), the only action in which Mr. Trabucco is named as a

27  defendant, Plaintiff sues over an alleged monetary loss following the collapse and resulting bankruptcy

28  of FTX, a cryptocurrency exchange where Plaintiff allegedly invested cryptocurrency. Mr. Trabucco

never served as an officer, director, or employee of FTX. Rather, he held the title of co-CEO of Alameda Research for a time but left Alameda several months before FTX's collapse. Mr. Trabucco was served on May 13, 2023. Accordingly, his evaluation of the allegations in the operative *Jessup* complaint is ongoing. However, Mr. Trabucco denies that the well-pleaded factual allegations specific to Mr. Trabucco state any claim against him. Indeed, the 92-paragraph complaint mentions Mr. Trabucco's name in just six paragraphs (*Jessup* Compl. ¶¶ 6, 15, 31, 32, 67, and 80), which come nowhere close to stating a claim against Mr. Trabucco for fraud, conversion, or unjust enrichment.

Auditor Defendants' Position:

These cases relate to the crypto exchanges FTX Trading Ltd. ("FTX.com") and West Realm Shires Services Inc. ("FTX.US" and, together with FTX.com, "the FTX Related Parties"). The Auditor Defendants are third-party public accounting firms which provided financial statement audit services to FTX.com (Prager Metis) and FTX.US (Armanino). Consistent with their professional independence obligations and role as the independent outside auditors, the Auditor Defendants did not own any portion of the FTX Related Parties and did not and could not control the actions of the FTX Related Parties or their executives. Likewise, the FTX Related Parties and their executives did not own any portion of the Auditor Defendants and could not control the actions of the Auditor Defendants.

**3.   Legal Issues**

Plaintiffs' Position:

After the Judicial Panel On Multidistrict Litigation ("JPML") decides on the issue of centralization (which Plaintiffs herein oppose), and after this Court issues a ruling with respect to consolidation and appointment of interim lead counsel, Plaintiffs anticipate the Court addressing the following legal issues:

(i)     Whether a stay for any of the Defendants is necessary in light of related governmental and criminal proceedings;

(ii)    Whether the Plaintiffs have sufficiently alleged claims in a forthcoming Consolidated Class Action Complaint that can proceed past a Rule 12 motion to dismiss; and

(iii)   Whether class certification pursuant to Rule 23 is appropriate for a proposed class of consumers.

Auditor Defendants' Position:

The Auditor Defendants are named defendants in the above-captioned *Pierce*, *Hawkins*, and *Papadakis* cases. The Auditor Defendants deny all wrongdoing and generally dispute the allegations raised in the *Hawkins*, *Pierce*, and *Papadakis* complaints. The Auditor Defendants further dispute Plaintiffs' Statement insofar as it mischaracterizes the facts and legal issues of those three cases.

With regard to *Pierce*, the Auditor Defendants disagree with Plaintiff Pierce on issues including, but not limited to:

- Whether the proposed class satisfies the numerosity, commonality, typicality, and fairness of Fed. R. Civ. P. 23;
- Whether Pierce has standing to bring a civil RICO claim against the Auditor Defendants;
- Whether Pierce had any awareness of the Auditor Defendants' nonpublic work product prior to depositing funds in the FTX Related Parties;
- Whether the Auditor Defendants' actions caused Pierce's purported losses;
- Whether Pierce adequately pled the elements of a civil RICO claim against the Auditor Defendants; and
- Whether the Auditor Defendants are culpable persons under 18 U.S.C. § 1961(3).

With regard to *Hawkins*, the Auditor Defendants disagree with Plaintiff Hawkins on issues including, but not limited to:

- Whether the proposed class satisfies the numerosity, commonality, typicality, and fairness of Fed. R. Civ. P. 23;
- Whether Hawkins has standing to bring a civil conspiracy claim against the Auditor Defendants;
- Whether Hawkins had any awareness of the Auditor Defendants' nonpublic work product prior to depositing funds in the FTX Related Parties;
- Whether the Auditor Defendants' actions caused Hawkins' purported losses;
- Whether Hawkins adequately pled a civil conspiracy claim against the Auditor Defendants;

- Whether the knowledge attributed to the Auditor Defendants in Hawkins' complaint is sufficient to state a claim for civil conspiracy; and

- Whether Hawkins can recover declaratory relief absent a viable underlying civil conspiracy claim.

With regard to *Papadakis*, the Auditor Defendants disagree with Plaintiff Papadakis on issues including, but not limited to:

- Whether the proposed class satisfies the numerosity, commonality, typicality, and fairness of Fed. R. Civ. P. 23;

- Whether Papadakis has standing to bring such claims against the Auditor Defendants;

- Whether Papadakis had any awareness of the Auditor Defendants' nonpublic work product prior to depositing funds in the FTX Related Parties;

- Whether the Auditor Defendants' actions caused Papadakis' purported losses;

- Whether Papadakis adequately pled the elements of an aiding and abetting fraud claim against the Auditor Defendants;

- Whether Papadakis adequately pled the elements of an aiding and abetting violations of Cal. Bus. & Prof. Code §§ 17200, *et seq*. claim against the Auditor Defendants;

- Whether Papadakis adequately pled the elements of an aiding and abetting breaches of fiduciary duty claim against the Auditor Defendants;

- Whether Papadakis adequately pled the elements of a civil conspiracy claim against the Auditor Defendants;

- Whether the Auditor Defendants provided substantial assistance to FTX or its executives in connection with any alleged misconduct;

- Whether the knowledge attributed to the Auditor Defendants in Papadakis' complaint is sufficient to state a claim for any listed cause of action; and

- Whether Papadakis can recover declaratory relief absent a viable underlying claim against the Auditor Defendants.

**4.     Motions**

Plaintiffs' Position:

Plaintiffs anticipate renewing their prior Motion to Consolidate and Appoint Interim Lead Counsel, which the Court had previously denied for want of service upon the respective Defendants. Plaintiffs have addressed the Court's concern, and have now served all Defendants save one, as to whom service efforts continue (*see* Section 1, *supra*). Plaintiffs further expect to file a motion for class certification at an appropriate juncture.

As referenced above (Section 3), Plaintiffs anticipate that some Defendants will seek to file a motion to stay and/or a motion to dismiss.

Mr. Trabucco's Position in *Jessup*:

Mr. Trabucco intends to move to dismiss all of the claims against him in the operative *Jessup* complaint (or any prospective superseding complaint).

Auditor Defendants' Position:

Plaintiffs state they intend to file a renewed motion to consolidate.  The Auditor Defendants anticipate filing motions to dismiss either the complaints in each case, or any consolidated complaint.

**5.      Amendment of Pleadings**

Plaintiffs' Position:

If the Court grants Plaintiffs' forthcoming Renewed Motion to Consolidate and to Appoint Interim Lead Counsel, Plaintiffs anticipate amending and filing a Consolidated Class Action Complaint ("CCAC") within 60 days of said Order. Plaintiffs further anticipate that the parties and claims alleged to change with the filing of the CCAC.

Auditor Defendants' Position:

For the reasons stated above, the Auditor Defendants lack sufficient information to address amendment of pleadings.

**6.      Evidence Preservation**

Plaintiffs' Position & Mr. Trabucco's Position in *Jessup*:

Plaintiffs and Mr. Trabucco certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and that, by the time of the Case Management Conference, Plaintiffs will have tried to meet and confer, or that the Parties would have

met and conferred, regarding reasonable and proportionate steps to preserve relevant evidence to the issues reasonably evident in this action.

Auditor Defendants' Position:

The Auditor Defendants have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  The Auditor Defendants have taken appropriate steps to preserve evidence relevant to the pending actions.  Because the scope of the actions and the scope of discovery are not yet known, the Auditor Defendants lack sufficient information to meet and confer to discuss with Plaintiffs' counsel "reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evidence in this action."

**7.   Disclosures**

Plaintiffs' Position:

Initial disclosures have not yet been exchanged.  Plaintiffs propose that the deadline for initial disclosures be set at 30 days after Plaintiffs have filed a Consolidated Class Action Complaint.

Mr. Trabucco's Position in *Jessup*:

Initial disclosures have not yet been exchanged. Mr. Trabucco proposes that the deadline for initial disclosures be set at 30 days after the Court rules on any forthcoming motions to dismiss and/or stay *Jessup*.

Auditor Defendants' Position:

For the reasons stated above, disclosures and discovery are premature.

**8.   Discovery**

Plaintiffs' Position:

No discovery has been taken to date and no discovery disputes have yet arisen. Plaintiffs anticipate discovery to initially be narrowly tailored to reasonable and proportional topics such as: (i) knowledge of FTX's fraudulent scheme; (ii) actions taken to effectuate the transfer of funds amongst FTX and the related entities; (iii) efforts to market, endorse, or otherwise promote the FTX platform to consumers. No proposed limitations or modifications of the discovery rules have been discussed.

Plaintiffs further anticipate entering into a Stipulated Protective Order and an ESI Protocol with Defendants in short order, especially given the aid of this District Court in promulgating extensive guidance with respect to "court-approved" models that can serve at minimum as a starting point for negotiations. Given the experience of counsel on both sides, and the District Court's clear guidance that "counsel should consult [these models] at the beginning of a case" and their use "are highly recommended"[5] – Plaintiffs expect the Parties to stipulate to both a Protective Order and an ESI Protocol once an appropriate deadline is in place (*see* Section 16).

Mr. Trabucco's Position in *Jessup*:

No discovery has been taken to date, and no discovery disputes have yet arisen. Mr. Trabucco respectfully submits that the forthcoming motions for a stay that certain Defendants in *Jessup* may file will significantly impact the scope and timing of discovery. In addition, Mr. Trabucco respectfully submits that discovery should not proceed as to him until after 30 days after the final resolution of Mr. Trabucco's forthcoming motion to dismiss the claims against him in *Jessup*.

Auditor Defendants' Position:

For the reasons stated above, discovery is premature, and the Auditor Defendants lack sufficient information to determine the appropriate scope of discovery, or confer regarding e-discovery and a discovery plan.

**9.    Class Actions**

Plaintiffs' Position:

Plaintiffs' counsel has reviewed Procedural Guidance for Class Action Settlements (https://cand.uscourts.gov/forms/procedural-guidance-for-class-action-settlements/) and, pursuant to L.R. 16-9(b), contend these actions are maintainable as class actions under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3). Common questions of fact and law (*see* Section 2, *supra*) predominate and a proposed schedule, inclusive of a timeline for moving for class certification, is set forth below (Section 16).

---

[5] *See* https://www.cand.uscourts.gov/forms/e-discovery-esi-guidelines/; *see also*, https://www.cand.uscourts.gov/forms/model-protective-orders/

Additionally and pursuant to L.R. 16-9(b), the current class definitions in the above-captioned cases, which may change once a Consolidated Class Action Complaint is on file, are as follows:

- *Lam*: All persons or entities outside the United States who, within the applicable time period limitations, purchased or enrolled in yield-bearing accounts ("YBAs") offered by FTX Trading LTD d/b/a FTX's ("FTX") and West Realm Shires Services Inc. d/b/a FTX US's ("FTX US") (collectively, the "FTX Entities") and/or otherwise invested in one or more FTX Entities.

- *Pierce*: All persons who, during the Class Period, entrusted fiat and/or digital currency to FTX US and were damaged thereby.

- *Jessup*: All persons in the United States who had bitcoins, other cryptocurrency, assets or money stored with FTX on November 10, 2022.

- *Hawkins*: All those who have been unable to withdraw funds deposited into YBAs with the FTX Entities (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.

- *Papadakis*: All persons other than Defendants that have deposited funds and/or assets in accounts ("Accounts") with FTX Trading LTD d/b/a FTX ("FTX or "the Company") or West Realm Shires Services Inc. d/b/a FTX US ("FTX.US" or "FTX US") (collectively, the "FTX Entities"), and who have been unable to access or withdraw the deposited funds and/or assets in the Accounts.

Mr. Trabucco's Position in *Jessup*:

Counsel for Mr. Trabucco has reviewed the Procedural Guidance for Class Action Settlements. Since Mr. Trabucco was only recently served with the *Jessup* Class Action Complaint on May 13, 2023, his evaluation of whether the *Jessup* action is maintainable as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) is ongoing. Accordingly, Mr. Trabucco reserves the right to dispute Plaintiffs' ability to maintain the *Jessup* action, or any later-consolidated action, as a class action.

Auditor Defendants' Position:

The Auditor Defendants disagree that any class should be certified in *Pierce*, *Hawkins*, *Papadakis*, or a consolidated action. Counsel for the Auditor Defendants have reviewed the Procedural Guidance for Class Action Settlements. For the reasons stated above, the Auditor Defendants lack sufficient information to propose an appropriate schedule for addressing class issues in *Pierce*, *Hawkins*, *Papadakis*, or a consolidated action.

**10.      Related Cases**

Plaintiffs' Position:

As indicated above, the Court has already deemed the following matters related to the first-filed action *Lam v. Bankman-Fried, et al.*, Case No. 22-cv-07336-JSC (N.D. Cal.):[6]

- *Pierce v. Bankman-Fried, et al.*, Case No. 3:22-cv-07444-JSC (N.D. Cal.);
- *Jessup v. Bankman-Fried et al.*, Case No. 22-cv-07666-JSC (N.D. Cal.);
- *Hawkins v. Bankman-Fried, et al.*, Case No. 22-cv-07620-JSC (N.D. Cal.);
- *Papadakis v. Bankman-Fried, et al.*, Case No. 3:23-cv-00024-JSC (N.D. Cal.);
- *Bhatia v. Silvergate Bank*, Case No. 3:23-cv-00667-JSC (N.D. Cal.);
- *Keane v. Silvergate Bank, et al.*, Case No. 4:23-cv-00670-JSC (N.D. Cal.);
- *Magleby v. Silvergate Bank et al.*, Case No. 4:23-cv-00669-JSC (N.D. Cal.);
- *Rabbite v. Sequoia Capital Operations, LLC*, Case No. 3:23-cv-00655-JSC (N.D. Cal.); and
- *Girshovich v. Sequoia Capital Operations, LLC, et al.*, Case No. 3:23-cv-00945-JSC (N.D. Cal.)

Plaintiffs note that the *Bhatia*, *Keane*, and *Magleby* matters were consolidated under the caption *In Re: Silvergate Capital Corp.*, No. 3:23-cv-00667-JSC (N.D. Cal.) and the *Rabbitte* and *Girshovich* matters were consolidated under the caption *In Re FTX Investors Sequoia Capital Litig.*, No. 3:23-cv-00655-JSC (N.D. Cal.).

For the Court's convenience, Plaintiffs further note that a pending JPML petition seeking centralization of the above related cases and additional cases elsewhere (Plaintiffs herein again note that they oppose centralization), will be heard on May 25, 2023. *See In re: FTX Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076.

Additional consumer action cases outside of the Northern District of California, and governmental, criminal, or bankruptcy proceedings that should also be noted for this Court are further identified below:

- *Securities and Exchange Commission v. Singh*, No. 1:23-cv-01691 (S.D.N.Y) (governmental enforcement action);

---

[6] On May 19, 2023, an additional class action entitled *Imbert v. Bankman-Fried, et al.*, No. 3:23-cv-02475 (N.D. Cal.) was filed in the Northern District of California. Plaintiffs' counsel in the *Imbert* action, Audet & Partners, LLP, will seek to relate the *Imbert* case to the already related cases noted in the caption.

1    • *Securities and Exchange Commission v. Ellison, et al.*, No. 1:22-cv-10794 (S.D.N.Y)

2       (governmental enforcement action);

3    • *Commodity Futures Trading Commission v. Bankman-Fried, et al.*, No. 1:22-cv-10503

4       (S.D.N.Y.) (governmental enforcement action);

5    • *Commodity Futures Trading Commission v. Singh*, No. 1:23-cv-01684 (S.D.N.Y.)

6       (governmental enforcement action);

7    • *In re: FTX TRADING LTD., et al.*, Nos. 22-50513-JTD/22-11068-JTD (Bankr. D. Del.)

8       (related bankruptcy proceedings); and

9    • *Onusz v. West Realm Shires Inc., et al*., No. 22-50513-JTD (Bankr. D. Del.)

10   • *United States v. BANKMAN-FRIED*, No. 1:22-cr-00673, (S.D.N.Y.) (criminal proceeding).

11       Auditor Defendants' Position:

12       The Auditor Defendants adopt Plaintiffs' list of related cases, and further direct the Court to any

13   new actions identified as potential tag-along actions in the JPML proceeding.  *See In re: FTX*

14   *Cryptocurrency Exchange Collapse Litigation*, MDL No. 3076.

15       **11.    Relief**

16       Plaintiffs' Position:

17       Plaintiffs seek monetary and declaratory relief. Plaintiffs intend to use damage experts to

18   determine the amount of relief.

19       Mr. Trabucco's Position in *Jessup*:

20       Plaintiff seeks monetary, equitable, and declaratory relief from the *Jessup* Defendants. Mr.

21   Trabucco denies Plaintiff's entitlement to any relief from Mr. Trabucco.

22       Auditor Defendants' Position:

23       The Auditor Defendants deny that Plaintiffs are entitled to any relief from them.  The Auditor

24   Defendants do not anticipate any counterclaims at this time.  The Auditor Defendants lack sufficient

25   information to determine whether cross-claims or third-party claims will be necessary.

26       **12.    Settlement and ADR**

27       Plaintiffs' Position:

28

1   Plaintiffs remain open to good faith settlement discussions or early resolution including, but not

2   limited to, a conference with a magistrate or private mediation. Plaintiffs have also previously complied

3   with ADR L.R. 3-5(b) and filed the requisite certificate with the Court establishing said compliance.

4   Plaintiffs anticipate the production of materials in response to discovery requests, a ruling on any of

5   Defendants' motions to stay or dismiss, and/or a ruling on Plaintiffs' motion for class certification will

6   favorably position the Parties to negotiate a resolution.

7   Mr. Trabucco's Position in *Jessup*:

8   Mr. Trabucco respectfully submits that it is too early to evaluate the prospect for a settlement of

9   the claims against him. A ruling on Mr. Trabucco's forthcoming motion to dismiss the claims against

10   him will assist the parties in evaluating the prospect of a settlement. Since Mr. Trabucco was only

11   recently served with the *Jessup* Class Action Complaint on May 13, 2023, he has not engaged in any

12   ADR efforts or discussions with the *Jessup* Plaintiff's counsel to date. Mr. Trabucco's evaluation of

13   potential ADR procedures for the *Jessup* action is ongoing. Given the recency of service, Mr. Trabucco

14   has not yet had an opportunity to comply with ADR L.R. 3-5(b), but will do so promptly and will

15   promptly file a certificate of compliance thereafter.

16   Auditor Defendants' Position:

17   The Auditor Defendants do not anticipate that settlement discussions or ADR are useful in the

18   foreseeable future.

19   **13.   Other References**

20   Plaintiffs' Position:

21   The Parties did not consent to a Magistrate Judge to conduct all further proceedings. Plaintiffs

22   also contend that this case is not suitable for reference to binding arbitration or a special master. Finally,

23   as indicated above (Section 10), there is a currently pending JPML petition that affects these actions.

24   Auditor Defendants' Position:

25   The Auditor Defendants support consolidation of these actions in an MDL, as they have stated

26   in the JPML proceeding.  The Auditor Defendants do not believe the actions are suitable for binding

27   arbitration.  The Auditor Defendants lack sufficient information to take a position at present regarding a

28   special master for discovery.

1    **14.    <u>Narrowing of Issues</u>**

2    <u>Plaintiffs' Position:</u>

3    Plaintiffs do not believe any issue can be narrowed at this juncture of the cases.

4    <u>Mr. Trabucco's Position in *Jessup*:</u>

5    Since Mr. Trabucco was only recently served with the *Jessup* complaint on May 13, 2023, his

6    evaluation of the issues in *Jessup*, including the possible narrowing of issues, is ongoing.

7    <u>Auditor Defendants' Position:</u>

8    The Auditor Defendants do not believe any issue can be narrowed at this juncture of the cases.

9    **15.    <u>Expedited Trial Procedure</u>**

10   <u>Plaintiffs' Position & Mr. Trabucco's Position in *Jessup*:</u>

11   Plaintiffs and Mr. Trabucco contend that this case cannot be handled under the Expedited Trial

12   Procedure of General Order No. 64.

13   <u>Auditor Defendants' Position:</u>

14   The Auditor Defendants do not believe these actions can be handled under the Expedited Trial

15   Procedure of General Order No. 64.

16   **16.    <u>Scheduling</u>**

17   <u>Plaintiffs propose the following deadlines:</u>

18   • Plaintiffs' Renewed Motion to Consolidate and Appoint Lead Counsel: within 21 days of a
19     JPML ruling in MDL No. 3076 on centralization

20   • Plaintiffs' Consolidated Class Action Complaint ("CCAC"): within 60 days of any Court Order
21     Consolidating the Cases.

22   • Initial Disclosures: due within 30 days of the filing of a CCAC.

23   • Deadline to Stipulate to a Protective Order and ESI Protocol: within 45 days of the filing of a
24     CCAC.

25   • Motion(s) to Stay by any Defendant(s) or Parties: within 60 days of the filing of a CCAC.

26   • Motion(s) to Dismiss by any Defendant(s): within 30 days of any Court Order on Motion to
27     Stay. If no Motions to Stay are filed, within 30 days of the deadline for Parties to file Motion(s)
28     to Stay, above.

- Motion for Class Certification: twelve (12) months following Defendants' Answer to the CCAC.
  - 120 days before the deadline for Plaintiffs' Motion for Class Certification, the Parties are to submit a detailed schedule concerning a class certification briefing schedule, expert disclosures, depositions and reports, *Daubert* motion deadlines and related briefing schedule.

In *Jessup*, Mr. Trabucco proposes the following deadlines:

- Introduction: Except as to Plaintiffs' proposed deadlines for Initial Disclosures, Deadline to Stipulate to a Protective Order and ESI Protocol, and Motion For Class Certification (discussed separately below), Mr. Trabucco does not oppose Plaintiffs' proposed deadlines as they relate to *Jessup*. However, Mr. Trabucco is prepared to move promptly to dismiss the claims against him in the *Jessup* complaint, which mentions Mr. Trabucco's name in just six paragraphs (which are background, jurisdictional, or conclusory). A deadline for motions to dismiss (or motions to stay) of no later than 30 days after the JPML ruling would allow the *Jessup* action to proceed expeditiously.

- *Jessup* Initial Disclosures: Mr. Trabucco respectfully proposes a deadline of 30 days after the final resolution of the *Jessup* Defendants' forthcoming motions to stay and/or dismiss the respective claims against them (or in the event of any superseding complaint(s), within 30 days after the final resolution of any forthcoming motions to dismiss the superseding complaint(s)).

- *Jessup* Deadline to Stipulate to a Protective Order and ESI Protocol: Mr. Trabucco respectfully proposes a deadline of 30 days after the final resolution of the *Jessup* Defendants' forthcoming motions to stay and/or dismiss the respective claims against them (or in the event of any superseding complaint(s), within 30 days after the final resolution of any forthcoming motions to dismiss the superseding complaint(s)).

- *Jessup* Motion for Class Certification: Mr. Trabucco does not oppose a deadline of 12 months after the Defendants answer but respectfully submits that the 12-month deadline should begin running from the date of the last Defendant's Answer (i.e., after the resolution of motions to dismiss provides the Parties with certainty about which Defendants remain in *Jessup*).

Given the unresolved issues of JPML consideration, consolidation, possible stays of the *Jessup* action, and prospective motions to dismiss, it is premature at this time to propose any other deadlines.

Auditor Defendants' Position:

For the reasons stated above, the Auditor Defendants lack sufficient information to propose a schedule for *Pierce*, *Hawkins*, *Papadakis*, or a consolidated action.

**17.   Trial**

Plaintiffs' Position:

A jury will try this case. Plaintiffs expect that this trial will last approximately fifteen days.

Mr. Trabucco's Position in *Jessup*:

Mr. Trabucco reserves the right to seek bifurcation of trial of any of Plaintiffs' claims that may survive Mr. Trabucco's forthcoming motion to dismiss the claims against him in the operative *Jessup* complaint (or any future operative complaint). Mr. Trabucco cannot reliably estimate the expected length of any prospective trial at this time.

Auditor Defendants' Position:

The Auditor Defendants note that Plaintiffs demand a jury trial.  The Auditor Defendants lack sufficient information to predict the expected length of a trial in *Pierce*, *Hawkins*, *Papadakis*, or a consolidation action, but believe Plaintiffs' 15-day estimate likely understates the length.

**18.   Disclosure of Non-Party Interested Entities or Persons**

Plaintiffs' Position:

Certain Parties have not yet filed the "Certification of Interested Entities or Persons" required by L.R. 3-15 (the "Certification"). To the extent any of the Plaintiffs have not already filed the Certification, they will do so by the date of the Initial CMC. Plaintiffs and Plaintiffs' counsel also state that no other persons or entities are funding the prosecution of any claim or counterclaim.

Mr. Trabucco's Position in *Jessup*:

Mr. Trabucco, who was only recently served on May 13, 2023, will file the "Certification of Interested Entities or Persons" no later than the date of the scheduled Case Management Conference.

Auditor Defendants' Position:

The Auditor Defendants have filed their Certifications of Interested Entities or Persons.

**19.   Professional Conduct**

Plaintiffs' Position & Mr. Trabucco's Position in *Jessup*:

All Plaintiffs' counsel of record and Mr. Trabucco's counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Auditor Defendants' Position:

The Auditor Defendants' counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.** **Other Matters That May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

Plaintiffs' Position:

Plaintiffs intend to file a Renewed Motion to Consolidate and to Appoint Interim Lead Counsel, and if granted, anticipate filing a Consolidated Class Action Complaint ("CCAC") within 60 days. The early resolution of Plaintiffs' forthcoming Renewed Motion will effectuate the efficient development of this litigation.

Auditor Defendants' Position:

The Auditor Defendants support consolidation of these actions in an MDL, as they have stated in the JPML proceeding.  The Auditor Defendants further support continuance of the Case Management Conference until such time that the parties can intelligibly discuss all relevant issues.

[signature page on next page]

1

2

3   Dated:  May 19, 2023                                    Respectfully submitted,

4   By:/s/ *Laurence King*                                  By:/s/ *William Audet*

5   Laurence D. King (SBN 206423)                           William M. Audet (CA SBN 117456)
    Kathleen A. Herkenhoff (SBN 168562)                     Ling Y. Kuang (CA SBN 296873)
6   Blair E. Reed (SBN 316791)                              Kurt D. Kessler (CA SBN 327334)
      lking@kaplanfox.com                                     waudet@audetlaw.com
7     kherkenhoff@kaplanfox.com                               lkuang@audetlaw.com
      breed@kaplanfox.com                                     kkessler@audetlaw.com
8   **KAPLAN FOX & KILSHEIMER LLP**                          **AUDET & PARTNERS, LLP**
      1999 Harrison Street, Suite 1560                        711 Van Ness Avenue, Suite 500
9     Oakland, CA 94612                                       San Francisco, CA 94102-3275
      Telephone:  (415) 772-4700                              Telephone:  (415) 568-2555
10

11  Frederic S. Fox (*admitted pro hac vice*)               Robert L. Lieff (CA SBN 037568)
    Joel B. Strauss (*admitted pro hac vice*)                 rlieff@lieff.com
12  Jeffrey P. Campisi (*admitted pro hac vice*)            **LIEFF GLOBAL**
      ffox@kaplanfox.com                                      P.O. Drawer A
13    jstrauss@kaplanfox.com                                  Rutherford, California 94573
      jcampisi@kaplanfox.com
14  **KAPLAN FOX & KILSHEIMER LLP**                          Edward LEHMAN (IL SBN 6194489)*
      800 Third Avenue, 38th Floor                            elehman@lehmanlaw.com
15    New York, NY 10022                                     Jacob BLACKLOCK (TX SBN 24079835)*
      Telephone:  (212) 687-1980                              jblacklock@lehmanlaw.com
16                                                          **LEHMAN, LEE & XU LLC**
    Marc A. Wites*                                            (Saipan #25977-001-1)
17    mwites@witeslaw.com                                    c/o LEHMAN, LEE & XU
    **WITES LAW FIRM**                                        Suite 3313, Tower One, Times Square
18    4400 North Federal Highway                              1 Matheson St., Causeway Bay, Hong Kong
      Lighthouse Point, FL 33064 Kong                         Telephone:  (852) 3588-2127
19    Telephone:  (866) 558-9631                              Facsimile:   (852) 3588-2088

20  *Pro hac vice forthcoming                                *Pro hac vice forthcoming

21  *Counsel for Plaintiff Papadakis, individually          Joseph R. Saveri (CA SBN 130064)
    and on behalf of all others similarly situated*         Steven N. Williams (CA SBN 175489)
22                                                          Christopher K.L. Young (CA SBN 318371)
                                                            **JOSEPH SAVERI LAW FIRM, LLP**
23                                                          601 California Street, Suite 1000
                                                            San Francisco, California 94108
24                                                          Telephone: (415) 500-6800
                                                            Facsimile: (415) 395-9940
25                                                          jsaveri@saverilawfirm.com
                                                            swillliams@saverilawfirm.com
26                                                          cyoung@saverilawfirm.com

27                                                          *Counsel for Plaintiff Lam, individually
                                                            and on behalf of all others similarly situated*
28

                                          19                          (3:22–CV–07336–JSC)

1   By:/s/ *Marshal Hoda*

By:/s/ *Christopher Tourek*

2   Marshal J. Hoda (admitted *pro hac vice*)
3       marshal@thehodalawfirm.com
    **THE HODA LAW FIRM, PLLC**
4       12333 Sowden Road, Suite B
        Houston, TX 77080
5       Telephone:   (832) 848-0036

6   Steven C. Vondran (SBN 232337)
7       steve@vondranlegal.com
    **LAW OFFICES OF STEVEN C. VONDRAN, PC**
8       One Sansome Street, Suite 3500
        San Francisco, CA 94104
        Telephone:   (877) 276-5084

9   *Counsel for Plaintiff Pierce, individually*
10  *and on behalf of all others similarly situated*

Joshua B. Silverman (admitted *pro hac vice*)
    jbsilverman@pomlaw.com
Christopher P.T. Tourek (admitted *pro hac vice*)
    ctourek@pomlaw.com
**POMERANTZ, LLP**
    10 South LaSalle Street, Suite 3505
    Chicago, Illinois 60603
    Telephone:   (312) 377-1181

Jennifer Pafiti (SBN 282790)
    jpafiti@pomlaw.com
**POMERANTZ, LLP**
    1100 Glendon Avenue, 15th Floor
    Los Angeles, California 90024
    Telephone:   (310) 405-7190

Peretz Bronstein (admitted *pro hac vice*)
    peretz@bgandg.com
Eitan Kimelman (admitted *pro hac vice*)
    eitank@bgandg.com
**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
    60 East 42nd Street, Suite 4600
    New York, New York 10165
    Telephone:   (212) 697-6484

*\*Pro hac vice forthcoming*
*Counsel for Plaintiff Hawkins, individually*
*and on behalf of all others similarly situated*

17  By:/s/ *Yaman Salahi*

By:/s/ *Jonathan Klein*

Yaman Salahi (SBN 288752)
Rafey S. Balabanian (SBN 315962)
    rbalabanian@edelson.com
    ysalahi@edelson.com
**EDELSON PC**
    150 California Street, 18th Floor
    San Francisco, CA 94111
    Telephone:   (415) 212-9300

*Counsel for Plaintiff Jessup, individually*
*and on behalf of all others similarly situated*

Glenn K. Vanzura (SBN 238057)
*gvanzura@mayerbrown.com*
Andrew J. Demko (SBN 247320)
*ademko@mayerbrown.com*
Jason Linder (SBN 212665)
*jlinder@mayerbrown.com*
Joseph J. Vescera (SBN 328386)\*
*jvescera@mayerbrown.com*
**MAYER BROWN LLP**
333 S. Grand Ave, 47th Floor
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Jonathan S. Klein\*\*
*jklein@mayerbrown.com*
**MAYER BROWN LLP**
1999 K. Street, N.W.

Washington, D.C. 20006-1101
Telephone: (202) 263-3327

*\*N.D. Cal. admission application forthcoming*
*\*\* Pro hac vice application forthcoming*

*Counsel for Defendant Sam Trabucco*

By:/s/ *Thomas Waskom* _____

**HUNTON ANDREWS KURTH LLP**
Ann Marie Mortimer (State Bar No. 169077)
amortimer@HuntonAK.com
Kirk A. Hornbeck (State Bar No. 241708)
(appearance in *Papadakis* only)
khornbeck@HuntonAK.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Matthew P. Bosher
(admitted *pro hac vice* in *Papadakis* only)
mbosher@HuntonAK.com
2200 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 955-1500
Facsimile: (202) 778-2201

Thomas R. Waskom
(admitted *pro hac vice* in *Papadakis* only)
twaskom@HuntonAK.com
951 East Byrd Street
Richmond, Virginia 23219
Telephone: (804) 788-8200
Facsimile: (804) 788-8218

*Counsel for Defendant Armanino LLP*

By:/s/ *Joanna Travalini* _____

**SIDLEY AUSTIN LLP**
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
555 California Street
Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-7413
Facsimile: (415) 772-7400

Bruce R. Braun (admitted *pro hac vice*)
bbraun@sidley.com
Joanna R. Travalini (admitted *pro hac vice*)
jtravalini@sidley.com
Tommy Hoyt (admitted *pro hac vice*)
thoyt@sidley.com
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7050
Facsimile: (312) 853-7036

*Counsel for Defendant Prager Metis CPAs,*
*LLC*

21

**<u>Attestation</u>**

I, the undersigned, am the ECF user whose identification and password are being used to file this document. I hereby attest and represent, in compliance with Civil L.R. 5-1(h)(3), that all other signatories have concurred in the filing of the document.

/s/_____
William Audet

**Initial Case Management Conference Statement**