William M. Audet (SBN 117456)
  waudet@audetlaw.com
"David" Ling Y. Kuang (SBN 296873)
  lkuang@audetlaw.com
Kurt D. Kessler (SBN 327334)
  kkessler@audetlaw.com
**AUDET & PARTNERS, LLP**
  711 Van Ness Avenue, Suite 500
  San Francisco, CA 94102-3275
  Telephone:   (415) 568-2555
  Facsimile:    (415) 568-2556

*Attorneys for Plaintiff Kenny Imbert, on behalf of himself and all others similarly situated*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAM BANKMAN-FRIED, ZIXIAO "GARY" WANG, NISHAD SINGH and CAROLINE ELLISON.<br><br>Defendants. | **Case No. 3:22−CV−07336−JSC**<br><br>**ADMINISTRATIVE L.R. 7-11 MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>[N. D. CAL. CIVIL L.R. 3-12]<br><br>Judge: Jacqueline Scott Corley |
| THIS DOCUMENT RELATES TO:<br><br>*Pierce v. Bankman-Fried et al.,*<br>Case No. 3:22-cv-07444-JSC<br><br>*Hawkins v. Bankman-Fried et al.,*<br>Case No. 3:22-cv-07620-JSC<br><br>*Jessup v. Bankman-Fried et al.,*<br>Case No. 3:22-cv-07666-JSC<br><br>*Papadakis v. Bankman-Fried et al.,*<br>Case No. 3:23-cv-00024-JSC<br><br>*Bhatia v. Silvergate Bank,*<br>Case No. 3:23-cv-00667-JSC | |

*Magleby v. Silvergate Bank, et al.*,
Case No. 3:23-cv-00669-JSC

*Keane v. Silvergate Bank, et al.*,
Case No. 3:23-cv-0670-JSC

*Rabbitte v. Sequoia Capital Operations, LLC, et al.*,
Case No 3:23-cv-00655-JSC

*Girshovich v. Sequoia Capital Operations, LLC et al.*,
Case No. 3:23-cv-00945-JSC

*Imbert v. Bankman-Fried, et al.*,
Case No. 3:23-cv-02475

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Civil Local Rules ("L.R.") 3-12 and 7-11, Plaintiff Kenny Imbert, in the matter, *Imbert v. Bankman-Fried et al.*, No. 3:23-cv-02475 (the "*Imbert* action"), hereby respectfully moves this Court to consider whether the *Imbert* Action should be related to *Lam v. Bankman-Fried*, No. 3:22-cv-07336-JSC (the "*Lam* Action") and the nine actions already related to *Lam*: (a) *Pierce v. Bankman-Fried et al.,* No. 4:22-cv-07444-JSC (the "*Pierce* Action"); (b) *Hawkins v. Bankman-Fried et al.,* Case No. 3:22-cv-07620-JSC (the "*Hawkins* Action"); (c) *Jessup v. Bankman-Fried*, No. 3:22-cv-07666-JSC (the "*Jessup* Action"); (d) *Papadakis v. Bankman-Fried*, No. 3:23-cv-00024-JSC (the "*Papadakis* Action"); (e) *Bhatia v. Silvergate Bank*, Case No. 3:23-cv-00667-JSC (the "*Bhatia* Action"); (f) *Keane v. Silvergate Bank, et al.*, Case No. 4:23-cv-00670-JSC (the "*Keane* Action"); (g) *Magleby v. Silvergate Bank et al.*, Case No. 4:23-cv-00669-JSC (the "*Magleby* Action"); (h) *Rabbitte v. Sequoia Capital Operations, LLC*, Case No. 3:23-cv-00655-JSC (the "*Rabbitte* Action"); (i) *Girshovich v. Sequoia Capital Operations, LLC, et al.*, Case No. 3:23-cv-00945-JSC (the "*Girshovich* Action") (collectively, the "previously related actions").

Plaintiff Imbert seeks an order to relate the *Imbert* Action to the *Lam* Action and the previously related actions, because the *Imbert* Action (1) involves the same or similar parties, property, transactions, or events; (2) calls for determination of the same or substantially related questions of law and therefore may result in conflicting rulings before different Judges; and (3) entails unduly burdensome duplication of labor and expense. *See generally*, Civil L.R. 3-12.

**I.    RELEVANT FACTUAL BACKGROUND**

In November 2022, Futures Exchange, Ltd. ("FTX"), an online cryptocurrency exchange platform collapsed in less than two weeks. FTX was run by company founders Defendant Samuel Bankman-Fried, Zixiao "Gary" Wang, Nishad Singh and, as alleged, involve improper conduct by Defendant Caroline Ellison through related cryptocurrency trading firm Alameda Research, LLC ("Alameda"). The Defendants made assurances regarding the safety and efficacy of FTX as an investment platform, assurances that were plainly false. Defendants Samuel Bankman-Fried, Zixiao

"Gary" Wang, Nishad Singh and Caroline Ellison are now caught up criminal proceedings involving their alleged fraudulent and deceitful misconduct. Plaintiff Imbert suffered harm and thereafter filed lawsuits alleging that the conduct surrounding the promotion and operation of FTX induced individuals into depositing money into FTX and resulted in the loss of the deposited money or digital assets.

Many actions filed in this District relate to these events in and around November 2022, and many have been previously related. Plaintiff Imbert requests that the Court relate the *Imbert* Action to the lowest-numbered action, the *Lam* Action, pursuant to Civil L.R. 3-12 for the reasons discussed herein.

## II.     LEGAL STANDARD FOR RELATING CASES

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in the District as defined in Civil L.R. 3-12(a), the party must ***promptly*** file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b) (emphasis added). Under Civil Local Rule 3-12(a), "[a]n action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

## III.    THE ACTIONS SHOULD BE RELATED

The *Imbert* action involves substantially the same subject matter as the *Lam, Pierce, Hawkins, Jessup*, *Papadakis*, *Bhatia*, *Magleby*, *Keane*, *Rabbitte*, and *Girshovich* cases (together, "the Related Actions"). The *Bhatia, Keane,* and *Magleby* matters were consolidated under the caption *In Re: Silvergate Capital Corp.*, No. 3:23-cv-00667-JSC (N.D. Cal.) and the *Rabbitte* and *Girshovich* matters were consolidated under the caption *In Re FTX Investors Sequoia Capital Litig.*, No. 3:23-cv-00655-JSC (N.D. Cal.). Under Civil L.R. 3-12(a)'s standard, the *Imbert* Action should be related.

**Same Event:** The promotion and collapse of FTX

The cases all arise from the same common operative facts – the actions taken by Bankman-Fried and other named Defendants to promote FTX to investors and consumers, as well as the eventual collapse of FTX as a result of Defendants' actions. The related complaints contain these same factual allegations describing or alluding to the real-life narrative about the intense promotion of FTX and its eventual

collapse. *Compare*, Declaration of Kurt Kessler ("Kessler Decl.") Ex. 1 ("*Lam* Compl.") at ¶¶ 22-37, Ex. 2 ("*Pierce* Compl.") at ¶¶ 33-57, Ex. 3 ("*Hawkins* Compl.") at ¶¶ 28-45, Ex. 4 ("*Jessup* Compl.") at ¶¶ 47-53, Ex. 5 ("*Papadakis* Compl.") at ¶¶ 44-80, *Imbert v. Bankman-Fried et al.*, No. 3:23-cv-02475 Dkt. 1 ("*Imbert* Compl.") at ¶¶ 30-54. Thus, the *Imbert* Action clearly satisfies Civil L.R. 3-12(a)(1) to be related, as it indisputably concerns the same event and operative facts as the previously related actions. The complaints on file contain substantially similar factual allegations concerning the alleged misleading promotion of FTX by various Defendants and alleged misrepresentations regarding the true operations of FTX and extent of misappropriation of funds that had occurred which, eventually, resulted in the entities that operate FTX to file for bankruptcy.

**Substantially Same Parties:** Sam Bankman-Fried and Caroline Ellison

Many of the listed cases have the same or overlapping defendants: Sam Bankman-Fried and Caroline Ellison are present as Defendants in six cases. *See Lam* Compl.; *see also Pierce* Compl.; *Hawkins* Compl.; *Jessup* Compl.; *Papadakis* Compl.; *Imbert* Compl. Multiple complaints challenge the conduct Bankman-Fried and Caroline Ellison in relation to the promotion and operation of FTX and Alameda and the comingling of assets. *See Lam* Compl. at ¶¶ 41-42; *see also Pierce* Compl. at ¶¶ 85-86; *Hawkins* Compl. at ¶ 42; *Jessup* Compl. at ¶ 33; *Papadakis* Compl. at ¶¶ 94 ; *Imbert* Complaint at ¶¶ 60-63.

Moreover, the named plaintiffs across the related cases seek to certify a similar class of consumers or class members as the *Imbert* Action, defined in *Imbert* as those who deposited and invested money with FTX internationally and thus were damaged as a result of the collapse. *See, e.g.*, *Lam* Compl. ¶ 59; *see also Pierce* Compl. ¶ 136; *Hawkins* Compl. ¶ 46; *Jessup* Compl. ¶ 59; *Imbert* Compl. ¶¶ 131.

Thus, the *Imbert* Action further satisfies Civil L.R. 3-12(a)(1) and should be related because it concerns the same operative Defendants and overlapping class members as previously related actions.

**Same or Similar Claims:** Raising Common Questions of Law and Overlapping Discovery

The actions allege similar claims, such as claims under the Unfair Competition Law and the False Advertising Law, or for conspiracy or fraud, related to the alleged promotion and operation of FTX and other alleged wrongdoing based out of the operation, auditing, promotion, and financing of FTX. *See, e.g.*, *Lam* Compl. ¶¶ 75-106, *Papadakis* Compl. ¶¶ 110-169; *Imbert* Compl. ¶¶ 147-178.

1       Moreover, because the underlying facts surrounding the cases are the same, most (if not all) of the discovery sought in these cases will overlap in regard to common named Defendants, particularly Bankman-Fried and Ellison, and the common actions taken during the same narrow period of time (FTX was only founded in mid-2019). Accordingly, Plaintiffs in these related actions likely will seek the same or similar discovery from Defendants and non-parties, and the Defendants likely will proffer common factual and legal defenses and expert witnesses in each of the cases, thus rendering separate actions before different courts unduly duplicative, burdensome, and likely to result in conflicting results should they continue before different judges. Specifically, without relation of the *Imbert* Action, there is a risk of inconsistent rulings that may relate to the applicability of contractual clauses or the legality of Defendants' conduct.

      Thus, Civil L.R. 3-12(a)(2) necessitates the relating of the *Imbert* Action because otherwise the overlapping questions of law and discovery will impose an unduly burdensome duplication of labor and expense upon Plaintiffs and Defendants, or worse yet, conflicting rulings and results if the cases are conducted before different Judges. Further, the *Imbert* Action should be related because doing so will significantly advance the interests of judicial economy. These related matters therefore satisfy Civil L.R. 3-12(a)(2).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Imbert respectfully requests that the Court orders the *Imbert* Action related to *Lam v. Bankman-Fried et al.*, No. 3:22-cv-07336-JSC, the lowest numbered case, pursuant to Civil L.R. 3-12.

Dated: May 19, 2023                                                   Respectfully submitted,

                                                                            By: *s/ William M. Audet*

William M. Audet (CA SBN 117456)
Ling Y. Kuang (CA SBN 296873)
Kurt D. Kessler (CA SBN 327334)
   waudet@audetlaw.com
   lkuang@audetlaw.com
   kkessler@audetlaw.com
AUDET & PARTNERS, LLP
   711 Van Ness Avenue, Suite 500
   San Francisco, CA 94102-3275
   Telephone:   (415) 568-2555

Facsimile:    (415) 568-2556

*Counsel for Plaintiff Kenny Imbert, individually and on behalf of all others similarly situated*