KEKER, VAN NEST & PETERS LLP
STEVEN P. RAGLAND - # 221076
sragland@keker.com
NICHOLAS D. MARAIS - # 277846
nmarais@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

Attorneys for Defendant
RIBBIT CAPITAL, L.P.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ELLIOTT LAM, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAM BANKMAN-FRIED, ZIXIAO "GARY" WANG, NISHAD SINGH and CAROLINE ELLISON,<br><br>Defendants. | Case No. 3:22-cv-07336-JSC<br><br>**DEFENDANT RIBBIT CAPITAL L.P.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIV. L. R. 3-12**<br><br>Dept.: Courtroom 8 – 19th Floor<br>Judge: Hon. Jacqueline Scott Corley |
| THIS DOCUMENT RELATES TO:<br><br>*Pierce v Bankman Fried et al.,*<br>Case No. 3:22-cv-07444-JSC<br><br>*Hawkins v Bankman Fried et al.,*<br>Case No. 3:22-cv-07620-JSC<br><br>*Jessup v Bankman Fried et al.,*<br>Case No. 3:22-cv-07666-JSC<br><br>*Papadakis v Bankman Fried et al.,*<br>Case No. 3:22-cv-00024-JSC<br><br>*Bhatia v Silvergate Bank,*<br>Case No. 3:22-cv-07444-JSC<br><br>*Magleby v Silvergate Bank, et al.,*<br>Case No. 3:23-cv-00669-JSC | |

*Keane v Silvergate Bank, et al.,*
Case No. 3:23-cv-00670-JSC

*Rabbitte v. Sequoia Capital Operations, LLC, et al.,*
Case No. 3:23-cv-00669-JSC

*Girschovich v. Sequoia Capital Operations, LLC, et al.,*
Case No. 3:23-cv-00945-JSC

*Cabo v. Sequoia Capital Operations, LLC,*
Case No. 3:23-cv-02222-JSC

*Imbert v. Bankman-Fried, et al.,*
Case No. 3:23-cv-02475-JSC

I. **INTRODUCTION**

Pursuant to Civil Local Rules ("L.R.") 3-12 and 7-11, Defendant Ribbit Capital, L.P. ("Ribbit") submits this administrative motion to notify the Court of two recently filed actions—*O'Keefe, et al. v. Temasek Holdings (Private) Limited, et al.*, No. 3:23-cv-03655-JD ("the *O'Keefe* Action"), and *Rabbitte, et al. v. K5 Gloval Advisor, LLC, et al*, No. 4:23-cv-03953-DMR ("the *Rabbitte* Action")—that appear to be related to *Lam v. Bankman-Fried*, No. 3:22-cv-07336-JSC (the "*Lam* Action") and eleven other matters pending before this court (collectively, the "previously related actions").[1]  In the interest of judicial efficiency, Ribbit respectfully proposes that this Court relate the *O'Keefe* Action and the *Rabbitte* Action to the *Lam* Action (and the previously related actions currently pending before this Court) because these cases (1) involve the same or similar parties, transactions, and events and (2) involve the same or substantially related questions of law such that would be inefficient and burdensome to conduct the cases before different judges.  *See* Civ. L.R. 3-12(a).

II. **LEGAL STANDARD**

"An action is related to another when: (1) The actions concern substantially the same parties, property, transaction, or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."  Civ. L.R. 3-12(a).  When a party knows or believes that an action filed in or removed to this District is related to another action pending in this District "as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should be Related."  Civ. L.R. 3-12(b).

---

[1] The eleven other previously related actions are: (1) *Pierce v. Bankman-Fried et al.*, No. 4:22-cv-07444-JSC (the "*Pierce* Action"); (2) *Hawkins v. Bankman-Fried et al.*, No. 3:22-cv-07620-JSC (the "*Hawkins* Action"); (3) *Jessup v. BankmanFried*, No. 3:22-cv-07666-JSC (the "*Jessup* Action"); (4) *Papadakis v. Bankman-Fried*, No. 3:23-cv00024-JSC (the "*Papadakis* Action"); (5) *Bhatia v. Silvergate Bank*, No. 3:23-cv-00667-JSC (the "*Bhatia* Action"); (6) *Keane v. Silvergate Bank, et al.*, No. 4:23-cv-00670-JSC (the "*Keane* Action"); (7) *Magleby v. Silvergate Bank et al.*, No. 4:23-cv-00669-JSC (the "*Magleby* Action"); (8) *Rabbitte v. Sequoia Capital Operations, LLC*, No. 3:23-cv-00655-JSC (the "*Rabbitte v. Sequoia* Action"); (9) *Girshovich v. Sequoia Capital Operations, LLC, et al.*, No. 3:23-cv-00945-JSC (the "*Girshovich* Action"); (10) *Cabo v. Sequoia Capital Operations, LLC*, No. 3:23-cv-02222-SK ("the *Cabo* Action"); and (11) *Imbert v. Bankman-Fried et al*, No. 3:23-cv-02475 (the "*Imbert* action").

**III.    ANALYSIS**

The *O'Keefe* Action and the *Rabbitte* Action should be related to the *Lam* Action because the cases concern substantially the same claims and underlying events, and because relating the cases would conserve judicial resources and avoid the possibility of conflicting decisions.

The claims in the *O'Keefe* Action, the *Rabbitte* Action, the *Lam* Action, and the other previously related actions arise out of the same alleged transactions and events: the conduct of Sam Bankman-Fried and other FTX officers, the deposit and use of customer funds for trading on the FTX platforms, and the eventual collapse of FTX in November 2022.  Like the allegations in another suit filed by Mr. Rabbitte—*Rabbitte v. Sequoia Capital Operations, LLC*, No. 3:23-cv-00655-JSC, which this Court related to the *Lam* Action in March—the *O'Keefe* Action and the *Rabbitte* Action assert claims against various investor defendants and alleges that they "knew that FTX's public representations were false … and that FTX made a number of material omissions"—and nevertheless "remained silent."[2]  *See* Marais Decl., Ex. 1 (Complaint, *O'Keefe* Action) ¶ 30; *see also id.* Ex. 2 (Complaint, *Rabbitte* Action) ¶ 9 ("Domestic VC Defendants made numerous deceptive and misleading statements of their own about FTX's business, finances, operations, and prospects for the purpose of inducing customers to invest, trade, and/or deposit assets with FTX"); *cf.* ECF 30 (Joint Admin. Mot. at 2:18–21 (explaining that, in *Lam* and *Rabbitte*, "the operative complaints" contain "substantially similar factual allegations concerning the alleged promotion of FTX by various defendants and alleged misrepresentations regarding" FTX's operations).

There is also overlap between the parties.  For instance, the same named plaintiff—Patrick Rabbitte—has filed several different cases, one of which has already been related to the *Lam* Action.  Similarly, several of the venture capital and investor defendants named in other previously related actions—such as Sequoia, Thoma Bravo, and Paradigm—have been named as defendants in both the *O'Keefe* Action and the *Rabbitte* Action.  And those same entities are already defendants in other previously related actions in this Court, including *Rabbitte v. Sequoia*

---

[2] These allegations, which appear in the *O'Keefe*, *Rabbitte*, *Lam*, and *Rabbitte v. Sequoia Capital Operations, LLC* complaints, are merely allegations.  For the avoidance of doubt, Ribbit denies them.

*Capital Operations, LLC*, No. 3:23-cv-00655-JSC and *Girshovich v. Sequoia Capital Operations, LLC, et al.*, No. 3:23-cv-00945-JSC.

Relating the *O'Keefe* Action and the *Rabbitte* Action to the *Lam* Action and the other previously related actions would conserve judicial resources and avoid conflicting timelines and results. It would be inefficient to have the *O'Keefe* Action and the *Rabbitte* Action proceed with a different judge than the *Lam* Action and the other previously related actions—and doing so would increase the risk of "an unduly burdensome duplication of labor and expensive or conflicting results." *See* Civil L.R. 3-12(a)(2).

In sum, because the actions involve substantially similar parties and claims and arise out of the same series of events, Ribbit respectfully submits that it would be a more efficient use of judicial resources for the actions to be related.

## IV.  CONCLUSION

For the foregoing reasons, Ribbit asks the Court to consider whether the *O'Keefe* Action and the *Rabbitte* Action should be related to the following cases already related by this court:

- *Lam v. Bankman-Fried*, No. 3:22-cv-07336-JSC
- *Pierce v. Bankman-Fried et al.*, No. 4:22-cv-07444-JSC
- *Hawkins v. Bankman-Fried et al.*, No. 3:22-cv-07620-JSC
- *Jessup v. Bankman-Fried*, No. 3:22-cv-07666-JSC
- *Papadakis v. Bankman-Fried*, No. 3:23-cv00024-JSC
- *Bhatia v. Silvergate Bank*, No. 3:23-cv-00667-JSC
- *Keane v. Silvergate Bank, et al.*, No. 4:23-cv-00670-JSC
- *Magleby v. Silvergate Bank et al.*, No. 4:23-cv-00669-JSC
- *Rabbitte v. Sequoia Capital Operations, LLC*, No. 3:23-cv-00655-JSC
- *Girshovich v. Sequoia Capital Operations, LLC, et al.*, No. 3:23-cv-00945-JSC
- *Cabo v. Sequoia Capital Operations, LLC*, No. 3:23-cv-02222-JSC
- *Imbert v. Bankman-Fried et al*, No. 3:23-cv-02475-JSC

| | | |
|---|---|---|
| 1 | Dated: August 18, 2023 | KEKER, VAN NEST & PETERS LLP |
| 2 | | |
| 3 | | By: /s/ *Nicholas D. Marais* |
| 4 | | STEVEN P. RAGLAND<br>NICHOLAS D. MARAIS |
| 5 | | Attorneys for Defendant<br>RIBBIT CAPITAL, L.P. |